5:21-cv-05574-JMG

**James Michael Amor, et. al,**

    Vs.

                                      **Civil Action No:  5:21-cv-05574-JMG**

**Courtney Conover**

## Motion to Suppress Evidence

In the course of the Discovery process for this case, the Plaintiff's came into possession two screenshots that have been submitted to the Defendant for use as evidence in their claim. Unfortunately, there are several problems with the evidence Plaintiff's counsel has obtained, and therefore, I would like to formally request this evidence be suppressed during any and all further stages of this trial.

The evidence consists of two alleged Facebook posts made by myself, the Defendant. These posts clearly show the "Friends Only" privacy setting on them.  When asked where the Plaintiff obtained this information, the Defendant was told this was a screenshot obtained by someone who is not on my Facebook Friends List, and therefore had no access to what is considered private posts, set for only Facebook friends.  This brings up several legal issues as to why it cannot be used as evidence in a court proceeding.

1. Facebook posts are protected by the Federal Stored Communications Act (SCA) as electronic communications.  The SCA distinguishes electronic storage covered under this Act as (1) "any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof;", and (2) "any storage of any such communication by an electronic communication service for purposes of backup protection of such communication" 18 U.S.C. §2510(17)(A)-(B).

1

Facebook posts configured to be private are, by definition, not accessible to the general public.  The touchstone of the SCA is that it protects private information, making it clear that the statute's purpose is to protect information that the user took steps to keep private.  Cases on this subject confirm this reasoning, i.e., information is protectable so long as the user actively restricts the public from accessing it.  See e.g. Viacom Int'l Inc. v. Youtube Inc., 253 F.R.D. 256, 265 (S.D.N.Y. 2008); Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d at 965, 911 (C.D. Cal. 2010).

A court determined that Facebook fell under the Act in Civil Case Ehling v. Monmouth-Ocean Hospital Service Corp., No. 2:11-cv-03305 (WJM) (D.N.J. Aug 20, 2013.  In this case, the post in question was obtained directly from a user who was designated a "Friend" on the Defendant's Friend List.  Therefore, the Court determined that was what passed the requirements to fulfill the Authorized User Exception in the Act.  This Exception is comprised of (1) access to the communication was "authorized," (2) "by a user of that service," (3) "with respect to a communication … intended for that user."  18 U.S.C. §2701(c)(2).

Given that Mr. Randal Scott Lefkowitz was not an Authorized User, by means of being a Facebook Friend, this evidence had been obtained illegally, and must be excluded.  Only the Authorized User can submit this as evidence, as someone without access cannot authenticate its existence.

2.  This evidence is unauthenticated.  Given that this screenshot was obtained by means violating the Federal SCA, and obtained by a person who was not under the Authorized User Exception, this post is considered to be unauthenticated.  Without proper authentication, or someone with firsthand knowledge of this post being written and posted by the Defendant and is willing to testify under oath to that fact, this post cannot be considered as proper evidence in this or any other trial.

It has been made clear to me by both Judge Gallagher and Plaintiff's Attorney Mr. Kolman that screenshots are simply not enough.  Those screenshots must then be

authenticated by the user themselves, under oath.  Given this information was obtained in an illegal fashion and the Plaintiff is unwilling to provide the Authorized User who actually had access to this evidence, it is clear that any and all evidence of this nature going forward must be excluded.

In *United States vs. Vayner*, the court said that "the mere fact that a page with [the defendant's] name and photograph happened to exist on the Internet at the time of [the investigator's] testimony does not permit a reasonable conclusion that this page was created by the defendant or on his behalf." (U*nited States v. Vayner* - 769 F.3d 125 (2d Cir. 2014)

Therefore, Your Honor, the reasonable expectation of privacy on Facebook posts that are "friends only" and protected by the SCA, should be honored in this case.  Unless the person who actually obtained this information directly comes forward to authenticate it, it should be ruled inadmissible.  A simple screenshot with zero authentication has already been determined to be inadmissible evidence without proper authentication in this case.  I wish to ensure that standard applies to the Defendant and not just the Plaintiff.

*Courtney Conover*
<u>Courtney Conover</u>                                                                                          June 3, 2022