**James Michael Amor, et. al,**

      Vs.

                                                                  **Civil Action No:  5:21-cv-05574-JMG**

**Courtney Conover**


## Motion to Consider Plaintiff A "Public Figure"

      In Defamation cases, it is imperative to classify the Plaintiff as either a public or private figure. This classification determines the standard of the court in determining the fault of the Defendant in Defamation cases.  In the case of a private figure, mere negligence is required to prove defamation.  However, in the case of a public figure, the standard of malice is required.

      Plaintiff Doctor James Amor and Patricia Amor are, by the current standards, considered public figures.  They are prominent figures in the National Renaissance Festival Community, and half of their complaint rests on this very national reputation.  Given that the Amors currently work at festivals in 2 different states, by 2 different owners, they are already a national brand.  Their photos are posted on Facebook pages for both Festivals, as well as the "fan" sites for these festivals.   Their complaint is that these accusations would prevent them from achieving further fame in the festival community.  They seek to expand to even bigger national status.  Therefore, these Plaintiff's are, indeed, Public Figures by the standards set forth and the court should recognize this and set the burden at "malice".

      There are three types of Public Figure in law.  The Public Official, the All-Purpose Public Figure, and the Limited-Purpose Public Figure.  Regarding the Plaintiffs, it is clear they qualify as Limited-Purpose Public Figures. "*This category also includes individuals who have distinguished themselves in a particular field, making them "public figures" regarding only those specific activities*."  Also, one who has gained prominence in a particular, limited field, but whose celebrity has not reached an all-encompassing level. This has included belly dancers,

1

5:21-cv-05574-JMG

actors, local musicians, and other non-famous, but considered well known in their specific communities. (Digital Media Law Project)

Dr. and Mrs. Amor are both actors as well as in charge of costumes and entertainment in their industry. They host national traveling acts in their homes on a regular basis during the Festival Seasons. Therefore, these Plaintiffs are not unknown private figures, and should not be considered such for the purposes of this case.

It merely takes a simple Facebook search to find pages and pages of the Amors as actors in costume at multiple Renaissance Festivals with other actors, national acts, and "fans". This proves they are, indeed, limited-purpose public figures and this should be considered as their standing in this case. A private figure doesn't have a prominent reputation in a community to uphold. Only their personal reputation among friends. It has been clear in their complaint, the Amors are concerned for their public reputation, including within the large-scale Renaissance Festival community, labeling them as Limited-Purpose Public Figures.

**Photo Exhibits**

- Still from the Pittsburgh Renaissance Festival Facebook page
- Still from the Pittsburgh Renaissance Festival Facebook page
- Still from the West Virginia Renaissance Festival page, seen with David Eugene "Quinn" Harlin, the accused rapist/pedophile I referenced in this case.
- Stills from Facebook search of their names.

Courtney Conover

Courtney Conover                                                                                                                  June 3, 2022