IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES MICHAEL AMOR** <br> **PATRICIA ELVIRA ARMOR** | |
| *Plaintiff*, | NO. 21-5574 |
| vs. | CIVIL ACTION |
| **COURTNEY CONOVER** | JURY TRIAL DEMANDED |
| *Defendant*. | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS HER FACEBOOK IMAGES**

**I.     Introduction**

Defendant's Motion to Suppress her Facebook Images should be Denied. Defendant cannot satisfy the legal standards required. She cannot satisfy them under statute, and she cannot satisfy them under common law, in this case, invasion of privacy.

**II.     Factual Background**

First, there is evidence that images on Defendant's Facebook were communicated to the Plaintiffs by someone within Defendant's friend network, who had received those images directly from Defendant.

Second, the Defendant has provided no information that the 'friend' who received the images and communicated them to the Plaintiffs was not authorized.

Third, there is no evidence that 'Randall' or whoever sent the images to the Plaintiffs was bound by an agreement to keep them strictly confidential and/or not send them to any other person.

Fourth, in the sense that the Defendant's 'circle of friends' constituted some 63 people, Defendant's Facebook images were available to the 'public' albeit a limited number of them. The reason for this is that Defendant assumed the risk that one or more of the 'friends' would communicate Facebook images to the general public and/or to others, not within the group.

Fifth, there is no evidence that 'Randall' or any other party responsible for giving the images to the Plaintiffs had received them through misrepresentation or fraud. In other words, there is no evidence that 'Randall' assumed a false identity or somehow tricked the Defendant, into accepting him as a 'friend.' Therefore, there is no evidence that the Facebook images were improperly accessed.

### III.   Legal Standard

#### A. Violations of Stored Communications Act ("SCA"), 18 USC § 2701 and the Electronic Communications Protection Act ("ECPA"), 18 USC §§ 2511, 2520

In the sense that Defendant alleges an unauthorized acquisition of stored electronic communications in violation of the Stored Communications Act ("SCA"), 18 USC § 2701, *et seq*. and the Electronic Communications Protection Act ("ECPA"), 18 USC §§ 2511, 2520, it is submitted, based on the foregoing factual background, that Defendant cannot sustain her legal burden.

Defendant cannot show that Plaintiffs have done anything to violate either SCA or the Electronic Communications Protection Act. On the contrary, they received the Defendant's Facebook images in good faith from someone authorized to receive them.

### B. Invasion of privacy

Defendant attempts to plead a Pennsylvania Law invasion of privacy claim based on the allegation that she had a reasonable expectation of privacy concerning her Facebook account and that she was never informed of the Plaintiffs' unauthorized access to her Facebook account. However, the Plaintiffs never accessed her Facebook account. Irrespective, the Defendant's invasion of privacy claim fails.

Under Pennsylvania law, invasion of privacy encompasses four separate torts: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of another's name or likeness; (3) publicity given to another's private life; and (4) publicity that unreasonably places another in a false light before the public. *Burger v. Blair Med. Assoc., Inc.,* 600 Pa. 194, 964 A.2d 374, 376 (Pa.2009) (citing Restatement (Second) of Torts §§ 625B–E).

None of these sections apply to the Facebook images. The access is not an unreasonable intrusion upon the seclusion of Defendant. Defendant's name and likeness have not been appropriated. The images do not concern Defendant's private life, and the publicity does not unreasonably place Defendant in a false light.

### III. Conclusion

In light of the foregoing, it is respectfully requested that the Defendant's motion to suppress be denied.

Respectfully submitted,

KOLMAN LAW, P.C.

By: /s/ *Timothy M. Kolman*
Timothy M. Kolman, Esquire
Atty Id. No. 51982
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134
tkolman@kolmanlaw.com

Dated: June 7, 2022

4864-8601-1684, v. 4