# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES MICHAEL AMOR, *et al.*,                    :
                       Plaintiffs,                    :
                                     :

                v.                    :           Civil No. 5:21-cv-05574-JMG
                                     :

COURTNEY CONOVER,                    :
                       Defendant.                    :

## ORDER

**AND NOW**, this 25th day of July, 2022, **IT IS HEREBY ORDERED** as follows:

1.      Defendant's motion to suppress evidence (ECF No. 39) is **DENIED**. Defendant moves to suppress posts she made on her private Facebook page that were allegedly obtained in violation of the Stored Communications Act ("SCA"), 18 U.S.C. § 2701. But suppression of evidence is not a remedy available under the SCA. *United States v. Gasperini*, 894 F.3d 482, 488 (2d Cir. 2018). And even if Defendant intends to move for suppression under the Wiretap Act, 18 U.S.C. § 2511, which does provide suppression as a remedy, 18 U.S.C. § 2515, Defendant's motion would still fail. The Wiretap Act applies only when a communication is *intercepted* during transmission—it does not apply when a user of a website observes the communication once it has been stored for display on the website. *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002).

2.      Defendant's motion to compel (ECF No. 45) is **DENIED**. First, Defendant did not serve her subpoena properly. The proof of service Defendant has attached to her motion to compel clearly reflects that Defendant served this subpoena herself, but Federal Rule of Civil Procedure 45(b)(1) prohibits the parties to a lawsuit from serving subpoenas. Second, the subpoena was served after the deadline for discovery, which was May 31, 2022. Defendant served her subpoena

on June 1, 2022, instructing its target to respond by June 6, 2022. Defendant knew about the

existence of the documents her subpoena seeks as early as the beginning of May 2022. Defendant

has not identified any good cause for her delay in seeking to discover these documents until after

the discovery deadline.[1]

       3.       Defendant's motion to amend her Answer to assert a non-compulsory counterclaim

(ECF No. 53) is **DENIED**. The time to amend the pleadings in this matter is long past and the time

for trial of this matter is rapidly approaching. The addition of a counterclaim at this time would

substantially delay these proceedings and cause undue prejudice to Plaintiffs. The amendment is

also likely futile because, having reviewed the statement allegedly giving rise to the Plaintiff's

counterclaim for defamation, the Court finds it unlikely that a reasonable jury could conclude that

the recipient of the message would understand it to be about Defendant.

       4.       Defendant's Motion to Consider Plaintiffs Limited Purpose Public Figures (ECF

No. 40) is **DENIED without prejudice** to Defendant's right to request a jury instruction on the

limited purpose public figure doctrine at trial.[2]

---

[1] The Court is also doubtful that Defendant's subpoena seeks relevant information. Defendant seeks messages one of her alleged sources, Brianna Kube, exchanged with an individual named Randal Scott or Randal Lefkowitz. At one point, Defendant suggested that these messages are relevant because Randal Scott/Lefkowitz leaked Defendant's Facebook posts to Plaintiffs in violation of the SCA. But, as addressed above, the SCA has no bearing on this case, so Randal Scott/Lefkowtiz's involvement in violating the SCA provides no basis for relevance. Defendant has also indicated that the messages her subpoena seeks are relevant because Randal Scott/Lefkowitz encouraged Brianna Kube to express her opinions about Plaintiffs. Again, however, the Court does not see how any role Randal Scott/Lefkowitz played in instigating Brianna Kube to voice her beliefs about Plaintiffs either makes a fact of consequence in this case more or less likely or is reasonably calculated to lead to the discovery of relevant evidence.

[2] Defendant argues that Plaintiffs should be treated as a limited purpose public figures because they have prominent positions within the Renaissance Faire community. For a plaintiff to be treated as a limited purpose public figure, the defamation alleged must involve "public controversy." *McDowell v. Paiewonsky*, 769 F.2d 942, 948 (3d Cir. 1985). "A public controversy is not simply a matter of interest to the public; it must be a real dispute, the outcome of which affects the general public or some segment of it in an appreciable way." *Avins v. White*, 627 F.2d 637, 647

5.      Defendant's Motion for Summary Judgment (ECF No. 55) are **DENIED**. Plaintiffs

have produced evidence from which a reasonable jury could find in Plaintiffs' favor on each

element of their defamation claim. Plaintiffs have also produced evidence from which a reasonable

jury could find Defendant is not entitled to any of the affirmative defenses she asserts in this case.

Accordingly, this case must proceed to trial so that a jury may hear the testimony, evaluate each

witness's credibility, and weigh the evidence to determine for itself who should prevail.

6.      Plaintiff's motion to strike (ECF No. 58) is **DENIED as moot**.

7.      Defendant has indicated her intention to obtain a counsel before this case proceeds

to trial. Defendant is **ORDERED** to email the Court and opposing counsel an update regarding her

search for counsel no later than **August 5, 2022**.

BY THE COURT:

_/s/ John M. Gallagher_
JOHN M. GALLAGHER
United States District Court Judge

---

(3d Cir. 1980) (quoting *Waldbaum v. Fairchild Publications, Inc.*, 627 F.2d 1287, 1296 (D.C. Cir. 1980)).

   Upon the limited record available, the Court cannot conclude that Plaintiffs are limited purpose public figures. There is no evidence before the Court indicating how large the Rennaisance Faire community is, how widely the allegations against Plaintiffs have garnered attention within that community, or whether the allegations have garnered any attention outside that community. Without this information, the Court cannot determine whether the allegations at the heart of this defamation suit concern the "general public" or a significant "segment" of it. *Avins*, 627 F.2d at 647. Because the Court cannot make this determination, the Court cannot say that the alleged defamation involves a "public controversy" rather than a private matter concerning only the individuals implicated in the allegations. *Avins*, 627 F.2d at 647.

   The Court recognizes, however, that Defendant is proceeding *pro se* and intends to obtain a lawyer before trial. If Defendant is able to present evidence at trial that would support the conclusion that Plaintiffs are limited purpose public figures, then Defendant may request a limited purpose public figure instruction and the Court will consider the request.