<u>James Amor, et. al,</u>

v.                                                              <u>Civil Action No: 5:21-cv-05574-JMG</u>

<u>Courtney Conover</u>

<u>Rebuttal to Opposition to Motion to Consider as Public Figures</u>

The Plaintiff has chosen to argue that he and his wife are not, in fact, public figures but private figures by law.  They mentioned the other stipulations in the law stating that, "[A]n individual who voluntarily injects himself or is drawn into a particular public controversy thereby becomes a public figure for a limited range of issues." Gertz v. Robert Welch, Inc., 418 U.S. 323, 351 (1974)).

And

"[T]hose classed as [limited purpose] public figures have thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved," and, hence, "they invite attention and comment." Gertz, supra, 418 U.S. at 345. See, also, id. at 351; U.S. Healthcare, Inc. v. Blue Cross of Greater Phila., 898 F.2d 914, 938 (3d Cir. 1990).

Unfortunately for the Plaintiff, this is not even remotely accurate.  Let us begin by stating they voluntarily injected themselves into a public controversy by ignoring the allegations of sexual harassment and the assaults of David Eugene "Quinn" Harlin at the time they happened, instead blaming the teenage girls for their own abuse.  They have gone out of their way to refuse other staff members the right to investigate these claims for the sake of the reputation of the Festival and to be able to defend themselves from litigation.  Instead, he insisted to "let sleeping dogs lie" (Exhibit A).

Also, they injected themselves into this public controversy by bringing this case in the first place, as my reach, according to Google Analytics, was only reaching a total of 392 people from the date I posted the blog in question and today.

As to argue that they "invite attention and comment", as well as have access to and use the media  and the "ability" of parties "to utilize it on a vast scale,".

To that argument, I present Exhibits B, C, D, and E.

   These Plaintiffs not only advertise themselves as public figures in the Renaissance community on the main page of their Dental website (Exhibit B), but they also have had control over the administration of Pittsburgh Renaissance Festival fan pages with approximately 30,000 followers (Exhibit C), have been profiled on the former National level magazine Renaissance Magazine Vol 20, #3 issue 103 (Exhibit D), and have been featured on the television network WPXI's Christmas Parade every year (Exhibit E).  You can find an example of this parade, as well as the Amors being pulled by Chariot and waving to their fans at this link: https://www.facebook.com/watch/?v=10155284053644426.  WPXI does this event on a yearly basis, excluding Covid, and Dr. and Mrs. Amor have been in this parade every year on television.  The WXPI station reaches 2.4 million people every single month, according to their statistics (Exhibit E).

   As a private figure myself, I am unable to be merely "Googled".  This is not the case for Dr. and Mrs. Amor.  I am unable to be searched easily on Facebook.  I do not have control over "fan" pages that contain over 33,000 people.  I have never regularly been featured on television year after year.  I have never been in a national publication.   That is what a private figure is and should be.  The Amors, Your Honor, clearly fit the definition as intended.

   This type of public figure has been determined before, in the case