

414 Hulmeville Ave                                                       Tel:  (215) 750-3134
Penndel, PA 19047                                                 Fax:  (215) 750-3138
https://KolmanLaw.com                                    Client_Care@KolmanLaw.com


September 16, 2022


**_FILED VIA ECF and EMAIL John.Gallagher@paed.uscourts.gov_**


The Honorable John M. Gallagher
United States District Judge
     Eastern District of Pennsylvania
604 W. Hamilton Street, Suite 4701
Allentown, PA  18101


      **RE;**    **James Amor, et al v. Courtney Conover**
                    **Civil Action No:  5:21-CV-05574-JMG**


Dear Judge Gallagher:

      I take this unusual opportunity to write directly to the court in response to the letter, filed on the docket today by Defendant Courtney Conover. Although she has not filed a motion, she is clearly demanding that this Court take unprecedented action against my client.

      So far, because Ms. Conover is pro se, my client has been gracious and long-suffering concerning Ms. Conover's demands. At times, my office has even directed her as to what she needs to do or file in order to comply with the Federal Rules of Civil Procedure. However, Ms. Conover's letter to the court this morning is a communication of a different order requires a different response.

      Ms. Conover has filed an unintelligible screed containing, among other things; out-of-court communications never provided to the Plaintiffs despite their formal discovery request to update

all social media posts Defendant has made; interpretations of the thoughts and fears of others without foundation or support; references to a blog written by the Defendant and never provided to the Plaintiffs; references to other blogs allegedly written about the Defendant but also never provided; snippets of emails/texts without dates, contexts and lacking the communication strings in which these texts/emails are allegedly found.

It would seem that the facts that Ms. Conover are referring to occurred in June 2021 and now, on eve of trial, Ms. Conover wishes to correct 'the record.' What 'record' she is actually correcting is unclear. However, for the first time, Ms. Conover alleges she was 'stalked,' and Dr. Amor apparently told she was crazy. Even assuming this to be true and relevant, which Dr. Amor denies, why is this being raised now and for what purpose?

According to Defendant, Kayla Miller and Sean Howland were also 'stalked' although Defendant provides no evidence apart from self-serving statements. Apparently, this was also in June 2021 and now Ms. Conover is raising it?

As for Amy Hotvochin, even if true, which Dr. Amor denies, what possible relevance does this issue have? Similarly, what is the relevance of Dr. Amor's childish behavior when Kayla and Rachel were much younger?

Ms. Conover now asks this Court, on the basis her disjointed, unfounded and subjective narrative to be permitted to bring in 'character evidence' stating that this is crucial to her case. However, not only has Ms. Conover failed to adduce any cognizable evidence that suggests or implies Dr Amor's bad character, but Defendant cannot reach close to the legal standard permitting her to do so, that legal standard being:

> Rule 608(b) of the Federal Rules of Evidence generally prevents the admissibility of specific instances of conduct for the purpose of attacking or

supporting the character of a witness. FED.R.EVID. 608. Pertinent here, Rule 609(a)3 contains exceptions to this general rule; permitting the introduction of a prior conviction of a witness "if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted," FED.R.EVID. 609(a)(1), and if the "crime required proof or admission of an act of dishonesty or false statements," FED.R.EVID. 609(a)(2). The United States Court of Appeals for the Third Circuit has held that "Rule 609(a) differentiates on its face between convictions for crimes punishable by imprisonment of more than one year, which are admissible under 609(a)(1), and convictions for crimen falsi, which are admissible under 609(a)(2)." *United States v. Wong*, 703 F.2d 65, 67 (3d Cir.1983). "The former may be admitted only if the trial court determines that their probative value outweighs their prejudicial effect. The latter simply 'shall be admitted.' " Id. (quoting FED.R.EVID. 609(a)(2)). Further, "if the prior conviction involved dishonesty or false statements, the conviction is automatically admissible insofar as the district court is without discretion to weigh the prejudicial effect of the proffered evidence against its probative value." *Walker v. Horn*, 385 F.3d 321, 333 (3d Cir.2004) (quoting *Walden v. Georgia–Pacific Corp.*, 126 F.3d 506, 523 (3d Cir.1997)). "Because Rule 609(a)(2) does not permit the district court to engage in balancing, ... Rule 609(a)(2) must be construed narrowly to apply only to those crimes that bear on a witness' propensity to testify truthfully." Id. This rule, however, does not extend to remote crimes. Rule 609(b) provides that:

*2 evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Finally, as for a 'restraining order,' after the case is over, Defendant would have to file and qualify on the basis of her proofs. The Court cannot possibly opine, at this stage, whether she qualifies one way or another.

In the sense that Defendant's letter the Court may be regarded as a '*motion*' to bring in character evidence and for a restraining order after the case is over, Plaintiffs' request that Defendant's '*motion*' be denied.

Respectfully Submitted,

KOLMAN LAW, P.C.

/s/ *Timothy M. Kolman*
Timothy M. Kolman, Esquire

cc: Courtney Conover, Defendant
via email Daisy1080@msn.com

(T) 215-750-3134   (F) 215-750-3138   414 HULMEVILLE AVENUE, PENNDEL, PA 19047

Philadelphia    Scranton    Penndel    Harrisburg    Erie    Pittsburgh

4858-2237-4187, v. 1