IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES MICHAEL AMOR**<br>**PATRICIA ELVIRA ARMOR**<br>213 N. Kinzer Ave.<br>New Holland, PA 17557 | NO. 21-5574 |
| *Plaintiff,* | CIVIL ACTION |
| vs. | JURY TRIAL DEMANDED |
| **COURTNEY CONOVER**<br>6522 Mason Cir<br>Randleman, NC 27317 | |
| *Defendant.* | |

## PLAINTIFFS' OMNIBUS MOTION IN LIMINE

AND NOW comes the Plaintiffs, James, and Patricia Amor, by their counsel, Timothy M. Kolman from Kolman Law P.C., and files the following Omnibus Motion In Limine in respect of the Defendant's trial exhibits. Plaintiffs also rely on their Memorandum of Law in support of their Omnibus Motion In Limine and incorporate it as if set forth at length herein.

### I.     Introduction

Plaintiffs have attempted to work through the Exhibits proffered by Defendant, analyzing them for hearsay, lack of foundation, lack of context, lack of identification of the subjects in conversation, lack of explicability, relevance, and non-comprehension. In light of the many objections Plaintiffs have for each exhibit, Plaintiffs have analyzed them separately describing the particular bases on which the Exhibits should be excluded. In general, however, the Exhibits are confusing and often impossible to follow. It is difficult to see how any jury could find them plausible and of assistance in clarifying the issues before them in order to render a verdict.

II. **Analysis of Defendant's Exhibits**

**Exhibit A**

This Exhibit appears to be from Dr. Amor. It is clear that there was an email/text string, but no context is provided. It is from 2016, has no probity and is irrelevant to Plaintiffs' claims.

**Exhibit B**

Exhibit B purports to be a questionnaire presumably given to Ms. Kube by be the Defendant. It is not an affidavit. There is no foundation that Ms. Kube actually wrote its content. Notwithstanding, the answers should not be permitted at trial for the reasons set forth below.

**Exhibit B**-Whether Brianna Kube was or was not being offered a contract for 2022 is irrelevant to Plaintiffs' claims

The questions and answers by Brianna Kube contain speculation, hearsay and are, in any event, irrelevant to Plaintiffs' defamation claims.

Question 2

This does not implicate the Plaintiffs and is irrelevant, prejudicial and hearsay.

Question 3

This is speculative and the statement by Ms. Kube in her answer that 'it would not be factual' proves its irrelevance. It should not be admissible a trial for any reason.

Question 4

This is also irrelevant and not admissible for any reason.

Question 5

This is without foundation. It has no date. Further, there is no testimony by Ms. Kube that there was any accusation by Amy Hotvotchin against David Quinn Harley of sexual activities with

a minor, only that Dr. Amor did not want any more discussion. Further, as Ms. Kube testifies, it was only 'rumors circulating,' nothing more. There is no evidence of any incident witness by Ms. Kube and is also clear that did not Amy Hotvotchin did not complain to Dr. Amor (or anyone else) regarding any alleged sexual activity with a minor. However, question and answer are far more prejudicial than probative, and the Exhibit excluded.

Question 6.

Ms. Kube's response does not mention any incident of Kayla Miller reacting as a result of having been placed with David Gene 'Quinn' Harlan. The Exhibit is therefore irrelevant, having no bearing on Plaintiffs' defamation claims. The Exhibit should be excluded

Question 7.

Ms. Kube does not know what Dr. Amor knew prior to her joining the cast. Further, these accusations, general as they are, and lacking specificity are more prejudicial than probative since the alleged 'incidents' and alleged rumors are not described in any detail. The Exhibit should be excluded

Question 8.

The specific 'claims' are not described, and Ms. Kube cannot testify about anything which happened before she arrived. Neither can she testify about the extent of any investigation of any claim because she has no knowledge. The question and answer should be excluded because it does not help the fact finder and is entirely irrelevant to the Plaintiffs' defamation claims. It should be excluded

Question 9.

Dr. Amor's temper is irrelevant to his complaint of defamation and the answer to this question is more prejudicial than probative and should excluded at trial.

Question 10.

Dr. Amor's remarks, as allegedly quoted by Ms. Kube, are irrelevant to his claim for defamation and, in any event are more prejudicial than probative. They should be excluded at trial.

Question 11.

Ms. Kube's subjective belief as to why her contract was not renewed is irrelevant, without foundation and completely speculative. It should be excluded

Question 12.

Any details described by Ms. Kube in her answer were relayed to her by others and are therefore hearsay.

Question 13.

The alleged 'normal behavior' by Dr. Amor looking for a 'coup' (undefined) is irrelevant to Plaintiffs' defamation complaint. The answer however is prejudicial to Dr. Amor

Question 14.

Ms. Kube's belief is speculative and without foundation. It should not be admissible for any reason. Exhibit should be excluded.

**Exhibit C**

This purports to be part of a communication either by email or text between the Defendant and Ms. Kube.

The contents of the communication are irrelevant to the Plaintiffs' defamation case. Plaintiffs are not even mentioned in the string. The Exhibit is irrelevant and has no probative value. It is, however, extremely prejudicial and it should be excluded.

### Exhibit D

This Exhibit purports to be another communication between Ms. Kube and the Defendant. There is no allegation referencing or relating to Plaintiffs' allegations against the Defendant. Plaintiffs are not even mentioned, and the communication is out of context thereby making it impossible for Plaintiffs to understand how it fitted in to a broader conversation. The Exhibit is irrelevant and has no probative value. It is, however, extremely prejudicial and it should be excluded.

### Exhibit E

Plaintiffs have no objection to this Exhibit provided there is a suitable foundation that Ms. Kube wrote it.

### Exhibit F

Plaintiffs object to the audio recordings. There is no evidence who is being recorded and when. There is no foundation as to context and whether there was consent when the recording took place. In any event, their content is irrelevant to Plaintiff's allegations of defamation and should be excluded.

### Exhibit G

This purports to be part of a communication either by email or text between the Defendant and Ms. Kube.

The contents of the communication are out of context and not probative. The unfounded allegations, however, are prejudicial to Doctor Amor and the Exhibit should be excluded.

### Exhibit H

This purports to be part of a communication either by email or text between the Defendant and Ms. Kube.

This conversation is taken out of context and therefore objected to on the basis of reliability and foundation. It is prejudicial to the Plaintiffs and irrelevant to the Plaintiffs defamation case. It should be excluded.

**Exhibit I**

Apart from the lack of date, and context within an email/ text string, it is impossible to know what this conversation is about. That aside, it does not refer to any issue relevant to Plaintiff's claims and should be excluded.

**Exhibit J**

This document contains an affidavit to which Plaintiffs object, per their Memorandum of Law. The exhibit speculates that Doctor Amor knew of Kayla Miller's 'relationship and grooming.' Apparently, the only basis for his knowledge is that he asked about gifts she had been given. Further, Ms. Miller's discussion with Rachel Hull is hearsay because it describes what Ms. Howell told her. Similarly, Sean Howland, 'Eric,' Lori Hughes, Gene Harlan and Nate Forbes's communications with Ms. Miller are also inadmissible hearsay. Finally, Ms. Miller states without any basis that 'James Amor threatened me and sexually harassed me at Pittsburgh relations Festival and then covered it up for years in the hopes they would get away with it.' The Exhibit should be deemed inadmissible because it is rife with hearsay, its conclusions are speculative and most significantly unfairly prejudicial for Dr. Amor.

**Exhibit K**

Exhibit K is impossible to decipher. Allegedly these are communications with a former cast member of the Pittsburgh Renaissance Festival. However, page 2 and possibly 3 appear to be from Dr. Amor in 2016. There is no context in the content, and, in any event, the content is irrelevant to Plaintiffs' defamation case.

Further, the Exhibit should be stricken because it contains self-serving comments and explanations by the Defendant. (Specifically, pages, 4, 6, 7,8,10, 11, 12-21, 35. Part of page 7 and all of pages 8-9, 12, 13, 15 19-34 are indecipherable because of the minute font. Entire Exhibit should be excluded.

### Exhibit L

This exhibit has no date, no context, for and no explanation of who is having the conversation. It predicates no issue relevant to Plaintiffs case and should be excluded

### Exhibit M

The affidavit should be stricken for the reasons set forth in Plaintiffs' Memorandum of Law. The content of the statement (3-4) is rife with hearsay, lack of foundation and speculation.

For example, Hearsay: I recall the message going along the lines of final "… A beautiful and talented girl…." Much of the text describes her relationship, David Quinn.

Speculation: 'most of these instances were known to the majority of the directors…' And ' James "DOC" Amor and a group of others have known about this since it began…' There is no explanation as to how Dr. Amor knew and how the majority of directors knew. The lack of foundation and speculation are prejudicial the Plaintiffs. Most of the other content is hearsay. Finally, the last paragraph is gratuitous except for the admission that Samantha Snow started the relationship. It should be excluded.

### Exhibit N

Plaintiffs are at a complete loss as to how this Exhibit could possibly be relevant to Plaintiffs' claims. It should be excluded.

**Exhibit O**

Defendant has produced a portion of a snapshot apparently from 'Brennan.' There is no context, no date, no foundation, no clarity as to the content. The text uses 'allegations,' 'accusations,' 'the girls' and 'it was discussed.' The Exhibit is inadmissible for all the foregoing reasons.

### III.   Conclusion

Wherefore, for the reasons set forth hereinabove, Plaintiffs respectfully request that the court grant their Omnibus Motion in Limine and rule that Defendant's Exhibits, referenced above, be inadmissible at trial.

**KOLMAN LAW P.C.**

/s/*Timothy M Kolman*
TIMOTHY M. KOLMAN
414 Hulmeville Ave.
Penndel, PA 19047
Telephone: (215) 750 3134
Fax: (215) 750 3138
Client_Care@KolmanLaw.com
tkolman@kolmanlaw.com

Date: September 16, 2022,            *Attorneys for Plaintiffs*