IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES MICHAEL AMOR**<br>**PATRICIA ELVIRA AMOR,**<br>213 N. Kinzer Ave.<br>New Holland, PA 17557<br><br>*Plaintiffs*,<br><br>vs.<br><br>**COURTNEY CONOVER**<br>10631 Randleman Rd. #7<br>Randleman, NC 27317<br><br>*Defendant.* | NO. 21-5574<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION IN LIMINE

AND NOW comes the Plaintiffs, James, and Patricia Amor, by their counsel, Timothy M. Kolman from Kolman Law P.C., and files the following Memorandum of Law in support of their Omnibus Motion In Limine in respect of the Defendant's trial exhibits. Plaintiffs also rely on them Memorandum of Law in support of their Omnibus Motion In Limine and incorporate it as if set forth at length herein.

### I.   The Legal Standard

The court is vested with broad inherent authority to manage its cases, which carries with it the discretion to rule on motions *in limine* prior to trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*

1

A motion in limine is a pretrial motion which requests that the Court prohibit opposing counsel from referring to or offering evidence on matters prejudicial to the moving party." *Smith v. Allstate Ins. Co.*, 912 F. Supp. 2d 242, 246 (W.D. Pa. 2012) (Gibson, J.). A trial court has discretion arising from its "inherent authority to manage the course of trials" to rule on such motions. *See Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984).

Courts may also exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). Additionally, Courts may do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted).

In considering motions *in limine*, which call upon the court to engage in preliminary evidentiary rulings under *Rule 403 of the Federal Rules of Evidence.* These rulings are subject to the trial judge's discretion. Application of the balancing test under *Federal Rule of Evidence 403* will not be disturbed unless it is 'arbitrary and irrational.' " *Ely v. Cabot Oil & Gas Corp.*, No. 3:09-CV-2284, 2016 WL 454817, at *2 (M.D. Pa. Feb. 5, 2016) (citing *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted)); *see Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion).

However, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Unfair prejudice is an "undue tendency to suggest decision on an improper basis." *Bhaya v. Westinghouse Elec. Corp.,* 922 F.2d 184, 188 (3d Cir.1990) (citing Fed.R.Evid. 403 advisory committee's note).

The balancing test under *Rule 403* provides as follows:

> [t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

*3 Fed. R. Evid. 403.

That said, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds" to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. *Johnstown Heart & Vascular Ctr., Inc. v. AVR Mgmt., LLC*, No. 3:15-cv-22, 2019 WL 3573663, at *3, 2019 U.S. Dist. LEXIS 131234 at *7 (W.D. Pa. Aug. 6, 2019) (Gibson, J.) (internal citation omitted).

Under the Federal Rules of Evidence, evidence must be relevant to be admissible at trial; evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401

The Court also considers these pending *in limine* motions, when appropriate, under *Federal Rules of Evidence 401, 402, *708 and 403*. *Federal Rule of Evidence 402* provides that evidence is not admissible if it is not relevant, and evidence is not relevant when it does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," *Fed.R.Evid. 401*.

Hearsay" is defined in the Federal Rules of Evidence as "a statement that: . . . the declarant does not make while testifying at the current trial or hearing; [which] a party offers in evidence to prove the truth of the matter asserted in the statement." *Fed.R.Evid. 801(c)*. The "statement" can be "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended

it as an assertion." *Fed. R. Evid. 801(a).* "Hearsay is not admissible [at trial] unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." *Fed.R.Evid. Rule 802*.

## II. Application of the Law to Defendant's Exhibits

The statements contained in the declarations and affidavits noted by the Plaintiffs in the Defendant's Trial Exhibits List are hearsay and should therefore be inadmissible at trial unless they fall under an exception to the hearsay rule. Plaintiffs do not believe any of the statements or declarations fall under any of these exceptions.

Further, the introduction of any testimony at trial that any witnesses heard a rumor or had overheard what a third party said is also inadmissible hearsay evidence, absent an exception to the hearsay rule being applicable. *See Williams v. SCI-Huntingdon*, 2004 WL 2203734, *16 (E.D. Pa. Sept. 30, 2004) (explaining "unsubstantiated rumor testimony, such as the 'word on the street,' is generally considered inadmissible hearsay evidence").

Many of the exhibits are impossible to read and are therefore a nullity in terms of probity or clarity. They exclude themselves.

The failure of the Defendant to provide the entire email or text string so that the context of her quotations can be understood and weighed, renders these Exhibits unreliable. Further, the overwhelming majority of Defendant's exhibits are irrelevant to Plaintiffs' defamation case. It is clear that Defendant's agenda is to attack Doctor Amor's character, but Doctor Amor's character is not in issue. It is whether the Defendant told the truth about him or whether she was reckless and malicious in publishing her 'factual' accusations. Defendant does not seem to comprehend the framework in which this case will be tried.

In addition, Defendant sometimes adds gratuitous and self-serving comments to some

of her exhibits, thereby immediately rendering them biased and of no probative value. In others, speculation runs rampant sometimes at the behest of Defendant herself, who was requested a witness to speculate.

Finally, it is impossible to understand the timeline Defendant is attempting to communicate. Some exhibits are from 2016, others are from 2020. Still others have no date at all.

### III.   Conclusion

In short, Defendant's exhibits are a mess beyond redemption and should be excluded in accordance with Plaintiffs' Omnibus Motion.

.

**KOLMAN LAW P.C.**

/s/*Timothy M Kolman*
TIMOTHY M. KOLMAN
414 Hulmeville Ave.
Penndel, PA 19047
Telephone: (215) 750 3134
Fax: (215) 750 3138
Client_Care@KolmanLaw.com
tkolman@kolmanlaw.com

Date: September 16, 2022,            *Attorneys for Plaintiffs*