**JAMES MICHAEL AMOR, et. al**

*Plaintiffs*

                                            **Civil No: 5:21-cv-05574:JMG**

**COURTNEY LYNN CONOVER**

*Defendant*

## Defense Response to Plaintiff's Pre-Trial Memorandum

## Evidence

Response to EXHIBITS 7 & 9

       I would like to take a quick moment, although I already addressed this in the Defendant's Pre-Trial Memorandum, to object to Exhibits 7 & 9.  Due to Mr. Lefkowitz's possible involvement, the objection must now be amended.

       These alleged posts cannot be legally confirmed. It was decided in *Ehling v. Monmouth-Ocean Hospital Service Corp*., No. 2:11-cv-03305 (WJM) (D.N.J. Aug 20, 2013) that only those you choose to be "friends" on your Facebook page have access to those posts and can therefore only those on your Facebook "friends" list can legally use them against you in court.  In this case, Plaintiff Ehling willingly added Ronco, her coworker, as a "friend" on her Facebook page. This gave him authorized access to her private posts, allowing him to share them directly with the employer. There was no indirect chain of custody. It was a direct swap between an authorized user who could testify to his authorized access and to whom he delivered that post.

       In this case, it is alleged that someone of unknown name somehow took a screenshot of my post, passed it between several other unnamed and unknown people, somehow it eventually made its way into the hands of Mr. Lefkowitz through manner also unknown, who then provided it to Dr. Amor.  This is clearly well beyond the bounds of the law and any respectability, Your Honor.  Mr. Lefkowitz, unlike Mr. Ronco, was not an authorized user of my particular Facebook page and, therefore, had zero access to gather any screenshots from it.  So, any testimony from him would be based entirely on hearsay, which is not permitted in a court of law.  The authorized user is not on the witness list, and therefore cannot testify to any authenticity whatsoever. Therefore, this evidence is hearsay evidence, unreliable, and therefore must be excluded.  I am obviously not objecting to any public posts for the same reason.

I have provided an excerpt from a news article on Technology Law Source surrounding the appropriate court case below:

"Choose Your "Friends," or Rather Your Frenemies Carefully – Application of the Authorized User Exception to Facebook Posts:   **While the court found that non-public Facebook wall posts are covered by the SCA, it held that the SCA's "authorized user" exception applied to the case to find against any liability.  See, the SCA "does not apply with respect to conduct authorized (1) by the person or entity providing a wire or electronic communications service; [or] (2) by a user of that service with respect to a communication of or intended for that user."  18 U.S.C. §2701 (c).**

**The authorized user exception applies where (1) access to the communication was "authorized," (2) "by a user of that service," (3) "with respect to a communication … intended for that user."  18 U.S.C. §2701(c)(2).  The court found that all three of these elements of the "authorized user" exception were met in the case.**

**First, access to Ehling's Facebook wall post was indeed "authorized."  The evidence established that Ronco voluntarily provided Ehling's Facebook post to MONOC management without any coercion or pressure.  Ehling provided no evidence to support her theory that access to her Facebook was unauthorized.**

**As to the second element, Ehling's Facebook wall post was authorized "by a user of that service" which is "any person or entity who (A) uses an electronic communications service; and (B) is duly authorized by the provider of such service to engage in such use."  Because Ronco was a Facebook user and _Ehling acknowledged that she added Ronco as a Facebook friend_ and posted on Ronco's wall, the court found that access to the wall was authorized by a user of the service.**

**Lastly, the court found that Ehling's Facebook wall post was "intended for that user."  Based on the privacy settings that Ehling selected for her page, Ehling's wall posts were visible to and intended to be viewed by any of Ehling's Facebook friends "including Ronco."  As such, when Ehling posted the June 8, 2009 comment about the museum shooting and Ronco viewed it, as one of plaintiff's Facebook friends, the post was indeed intended for Ronco within the definition of the exception.  With that the court found the authorized user exception to the SCA applied in the case and there was no violation of the SCA for MONOC reviewing and using Ehling's Facebook wall post to suspend her employment."**

Response to EXHIBIT 11


**Plaintiff's Exhibit 11** is a public post created by Defendant's witness Kayla Miller that is completely irrelevant to this case and I will explain why, in detail, so Your Honor fully understands and so this does not come up as an issue again.

Ms. Miller was raped in 2013. This happened several years before the events indicated within my blog, and Ms. Miller is not the only victim of the serial predator she discusses in her Facebook post. She has provided me with public Facebook rape testimony allegations against this man, Ed Ryan, as well from an Adrienne Short and a Lacie Hughes. I do not wish to provide these in this document, as I do not feel any of this re-opening of old wounds is in any way necessary. However, if you feel it is necessary, I will forward them to Chambers per your request.

I believe Ms. Miller should be protected by the Rape Shield Law Pennsylvania has in place. This law protects victims from their previous sexual trauma being brought up against them on the witness stand in order to deflect blame from the attacker or to distract from the topic of the trial. The only exceptions to this law are when the accused is the Defendant, and he is trying to demonstrate a pattern of the **consent** of the witness. Given that Dr. Amor is not the accused in this matter, Your Honor, I believe this is completely irrational and irrelevant, and only serves to continue the campaign of smearing my witness with exactly what Dr. Amor claims is defamation – to call her a liar, to call her crazy. It is unacceptable, and it is harassment.

(*The Rape Shield Law prohibits the introduction of an alleged victim's "past sexual conduct, past sexual victimization, allegations of past sexual victimization, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct." The purpose of the Rape Shield Law is to prevent a trial from shifting its focus from whether the defendant committed the crimes he is accused of "to the virtue and chastity of the victim.*") https://goldsteinmehta.com/blog/pa-supreme-court-rape-shield-law-bars-evidence-of-complainants-prostitution-conviction

Although he has the right to cross-examine Ms. Miller, he does not have the right to cross-examine her on topics that are completely out of the scope of this case and would only serve to intimidate and traumatize her further. He is not the defendant. This is not a criminal case. He is not being accused of rape. I respectfully request this exhibit and any line of questioning tied to *any* of my witnesses previous sexual trauma that is not *directly* tied to this case be expressly and unequivocally denied.


Response to Exhibit 15

3

*Plaintiff's Exhibit 15* purports to show Profit/Loss Statements for Dr. Amor's dental practice. However, that cannot be confirmed as these documents have not been submitted properly to the Court. They have been submitted without the required Certification from a Certified Public Accountant (CPA) who prepared these documents for Dr. Amor and can confirm exactly which statements he was even given to assess in the first place. Profit/Loss statements, on their face, are notoriously unreliable, as they are a primarily cash transaction where you provide the documents you choose to provide to the CPA, who then conducts the math and prints out the results for approximately $100. The Plaintiff's lawyer submitted this evidence improperly and not within his deadline, September 12th, 2022.

There were no certifications attached to this document to prove its authenticity, nor after contacting Mr. Kolman's office, do they know who even prepared this document. It was submitted on September 13, 2022, a full day after the deadline for evidence submission. My evidence was denied for being a day late during the Discovery Phase and I see no reason why Mr. Kolman is exempt from the Scheduling Rules set forth by this Court if I must abide by them.

## Response to the Statement for Damages Claimed:

1. "*Lost Revenue. 150 of Dr. Amor's patients have a crossover to the Renaissance festival. Offers to purchase Dr. Amor's dental practice were dramatically withdrawn. Instead of selling for $175,000, it instead sold for $55,000 and Plaintiffs spent $8500 emptying it of equipment which he was unable to sell.*"

The Plaintiffs have provided literally *__zero__* evidence of *__any__* of this. Where is the certificate showing the officially appraised value of the business prior to its sale? Where is the documentation that any of his clients were Renaissance Festival patrons, that they viewed my blog, or that they were affected by it? Where is the evidence showing that due to my blog, any of this is connected? You cannot say one thing is connected to another without first providing that link, concretely, in a court of law. You cannot use merely speculation and opinion as evidence. You must **actually provide** evidence to link the two facts you are presenting.

I also believe the Plaintiff is misrepresenting what exactly was sold, Your Honor. He did not sell a *property*. He sold his *client list*. He didn't own the property, he rented it for $19,000 per month according to his own evidence (*Plaintiff's Exhibit 15*). If the new owner did not wish to purchase his old equipment and was unsatisfied with the clients on the list he had, why would he offer him more? This is all a subjective experience, Dental Professional to Dental Professional, and has nothing to do with the office itself, me, or this case. (**Exhibit 8**)

2. "*Dr. Amor had a revenue loss of $25,000 from 2021- 2022 which he attributes to Defendant's defamation. Plaintiffs have attached an exhibit of a profit and loss statement from January through May 2022 it shows a loss of $14,940.68.* "

4

Dr. Amor has had well-known financial problems for many years. He has filed bankruptcy a few times since 2014 and had them dismissed multiple times in the past for lack of payment.  He is currently still in Bankruptcy Court as we speak, a case opened in 2019 (**Exhibit 7**). He has a history of failing to pay his taxes and has owed the Commonwealth well over $100,000 (**Exhibit 9**). In fact, as of 12/2021, he was in debt a total of $445,907 (**Exhibit 6**). These debts include:

      A.  IRS – Personal Income Tax $155,104.39
      B.  IRS – Business Income Tax $90,039.30
      C.  FedLoan Servicing – Student Loan $151,312.00
      D.  US Dept of Labor – Unemployment $32,096.30
                                         +

This sale, in fact, was done through the Bankruptcy Court and had absolutely nothing to do with me, my blog, or this case.  The Plaintiffs have provided absolutely zero evidence to prove otherwise.  They have given nothing but speculation and Dr. Amor's opinion that my blog caused this to happen to him.  That is not enough to tie me to his financial troubles when he clearly was in clear financial distress well before he even met me.

At this time, I would like to move to dismiss the evidence of his Profit/Loss Statements as they are uncertified and have zero method of being corroborated as anything but fraudulent. When I contacted Mr. Kolman's office to inquire as to who the accountant who provided these statements was, even they did not know where this evidence had even come from. Profit/Loss statements are done by private accountants who work primarily on a cash basis and draw up a statement based upon the information you provide to them. If you fail to provide them with everything that is necessary, like you would have to for the government, they do not force you or do they audit you. This method, therefore, has a high risk of fraudulent outcomes.

I have been able to collect what he provided to the Bankruptcy Court as income both for the quarters prior to my blog coming out (3rd Quarter 2021) and the quarter after (4th Quarter 2021) (**Exhibit 6**). According to Google Analytics, my blog had the most viewers in November of 2021, after which it dropped off dramatically.  It has only had a total of 466 individual viewers between October 31, 2021 (the publication date of the blog) and today (**Exhibit 5**). There are no links whatsoever that the Plaintiff has provided to my blog post and his financial distress other than his own paranoia.

I checked Google Analytics for the statistics to show me exactly how many people saw the blog even remotely close to the area of Dr. Amor's practice. Within approximately 45 driving minutes of his practice, through the dates of October 31st 2021, when the blog was first

published, until September 15, 2022, there were a total of 19 different viewers that saw that blog in that area (**Exhibit 4**). These places include Lebanon, Hershey, Quarryville, Reading, Blue Ball, Lancaster, Ephrata, York, and Leocock-Leola-Bareville.  I now feel it is up to the Plaintiff to prove to me, through actual evidence and not speculation/opinion, that he lost more than 19 clients, and *all* 19 of those clients came from exactly those places on the map that came from Google Analytics. If they did not, it is definitive proof that his business was not, in fact, affected by my blog.

3. *"Loss of income by Dr. Amor tracking and researching Defendant's defamatory publications when that time could have been spent in dentistry, as locum tenens at $100 an hour. Dr. Amor calculates his loss at around $36,000"*

I would like to translate this from legal jargon, if I may.  Mr. Kolman is saying that because Dr. Amor made the decision to be on the internet several hours per day when he should have been working, digging for information about myself or my blog instead of choosing to work and make money, that is somehow my fault. This is clearly something that I shouldn't even have to argue, Your Honor. This is a conscious choice. No one forced him to stop working and obsessively scour the internet.  He made that decision on his own.  In fact, I believe part of my evidence from Ms. Brianna Kube explains that it is quite within his character to regularly do this every single time he has been accused. (**Exhibit 3**)

Finally, I would like to point out that Dr's Amor's own evidence proves he has suffered absolutely *zero* income loss due to my blog.  In his unproven financial statements he's provided, he claims a loss of $14,940.68.  However, in another portion, he said had he been actively working and not making the choice to actively scour the internet instead, he would have made an additional $36,000. This means, if he had made the decision to perform his dental work instead of obsessing over the contents of my blog, he would have ***made a profit*** in this quarter. Therefore, my blog had absolutely ***<u>ZERO</u>*** bearing on his dental business that was not caused directly by the Plaintiff's *own* actions.

Your Honor, he has no genuine financial losses related to this case. Any request for restitution should be, thereby, denied. I also formally request that as we move to trial, that all of this evidence I have submitted in this document be admitted into the court logs for use during trial.

## Response to Deposition Use of C-PTSD

My diagnosis of C-PTSD, a disorder caused by physical and emotional abuse over 15 years of marriage, and not in any way tied to the sexual assault I experienced as a teenager, is apparently in contention during this trial. I see no reason why it should be.

1.      It has no real effect on me today, as I've been in therapy for many years, have been on steady medication, and have had no limiting symptoms in a very long time.

2.      In no way do my symptoms relate to this case in any way, shape, or form. Mr. Kolman has produced no evidence nor claim showing it does. He has produced no witnesses or documents showing it does. He, again, is expecting to bring mere opinion and speculation based upon absolutely nothing but that into this trial. Quite frankly, Your Honor. I grow weary.

## Outstanding Legal Issues

1. *Issues of prejudice to Plaintiffs by Defendant and her witnesses testifying to matters and events outside the scope of relevant evidence.*

All of my witnesses will only be testifying to what they have seen with their own eyes and heard with their own ears that happened within the scope of the blog and in regard to the Plaintiffs. There is zero concern here. Mr. Kolman is speculating.

These allegations against me from Mr. Kolman are honestly appalling as well, Your Honor, given his own abhorrent conduct this entire case. I am far more worried about his OWN behavior going to trial when it comes to stepping well outside the scope of the evidence, as you can see by what he has submitted in his Memorandum. I would like to address that now because his conduct cannot be allowed to continue into the trial, as it's clearly unethical. I understand he has an obligation to defend his client to the best of his ability. However, he has to do that with actual evidence. He cannot do that by merely resubmitting my evidence and claiming it as his, and using mere opinion, speculation, and assaults egregiously outside the scope of the blog and, frankly, human decency.

In his opening, he has blatantly **lied** that "*Defendant has unrepentantly testified that she wants to hurt*" the Plaintiffs. Never, have I *ever*, used that phrase/wording. He cannot point to a **single** instance of it. If he could, it would have been submitted as evidence. He hasn't submitted it because it doesn't exist, so instead, he has decided to just lie instead. What I said, **very clearly and openly**, and will again at trial, is that I am seeking **justice** for the victims, and I want the Amors to finally face **accountability** for their actions and if that means they have to deal with the consequences of those actions, whatever they may be, then so be it. We all must suffer the consequences of our own actions. These Plaintiffs have been shielded from those consequences for far too long and that time is over. This unethical attorney should not be continued to be allowed to just egregiously lie in court like he has been all over these documents. This is exactly why people who are not lawyers loathe the profession, and

why the Jury will inevitably hold disdain for this lawyer if he continues hurling accusations and continuing to prove my case for me without any actual evidence to back those claims up in court. It is ***his*** behavior I am concerned about, Your Honor.  Not my own.  I have held myself to the ethical standards required and have followed all the rules of evidence. I cannot say the same about my counterpart.

In addition, Mr, Kolman now presents witnesses that either were not present for any of the events that occurred in the blog, yet somehow claims they can "*testify regarding the falsity of Defendant's publications*" based solely on second-hand hearsay, witnesses that I can prove would be committing perjury if they took the stand in favor of the Plaintiff, and sent a subpoena to the wrong address to one who was never even ***told*** she would be required to testify and is notifying Mr. Kolman that to do so would indeed be perjury.

Finally, Mr. Kolman has contradicted his own evidence in his submission and omitted very important information from the case.  He states that it is directly due to my blog that the Amors have lost money in their Dental practice but have offered no evidence tying the two together.  He has provided unverified Profit/Loss Statements that his Paralegal admits they have zero idea where it even originated from or who the accountant was that produced them.  There is no certificate or contact information for verification.  There is no appraisal value of the business to prove it was even worth $175,000.  There is no proof that anyone "dramatically" withdrew their offers, or even that offers existed in the first place.  There is no evidence at all but that someone purchased the Client List from Dr. Amor and didn't want to purchase his used equipment from him.  Mr. Kolman has provided no evidence to prove any of this is my fault.

To add insult to injury, Mr. Kolman proves ***my*** case even further by claiming the ridiculous: that my blog post forced Dr. Amor into choosing to stop working and instead obsessively scouring the internet regarding my blog.  Due to his own mathematics, if he worked 40 hours per week in Dentistry, he willingly chose to not work in the early months of 2022 for 9 full work weeks at 40 hours per week.  That's over 2 full months of choosing not to go to work so he could obsess about my blog and stare at it on the internet all day instead of going to work!  No person with any gram of sanity would place that upon me.  That was his choice.  Where his mistake lies was when he said it made him lose $36,000 when he was only less than $15,000 lower than the previous half year.  So, what he's really saying is that had he actually gone to work, he would have made a profit in that half year.  Therefore, I had no impact on his actual business. I only had an impact on his psyche.

I formally request the document Plaintiff's Pre-Trial Memorandum be submitted to the District Attorney's Office immediately for an investigation into Perjury, as anyone who could understand basic math would understand that this meant a profit for his client, and therefore, this entire Memorandum about how his client lost money in his business in 2022 directly due to my blog was a **deliberate**, **malicious**, and ***known*** lie.

**§ 4902.  Perjury.**

*(a)  Offense defined. --A person is guilty of perjury, a felony of the third degree, if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true.*

> *2. Concerns on how Defendant will testify in her own case given she has no lawyer.*

> *3. Concerns on how Defendant will introduce evidence.*

> *4. Concerns regarding Defendant's demeanor in court.*

I believe I have proven so far that I am perfectly capable of conducting myself in an appropriate manner. No, I am not a lawyer, and so allowances must be made for that fact. However, Mr. Kolman knew this when he agreed to pursue this lawsuit, and knew I was not someone of means to hire a civil attorney.  Therefore, with these facts, I fail to see how this is of great personal consequence to him by this point.  He made this choice, and now he must follow through with the consequences of it.

# Witnesses

**Leonard Miller – Rule 602. Need For Personal Knowledge:** "*A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.*"

- Mr. Miller worked with the Plaintiffs over 15 years ago at the Pennsylvania Renaissance Festival.  He has never worked at either the Pittsburgh or West Virginia Renaissance Festival.  He has only a passing online relationship with the Plaintiffs at this point and cannot legitimately testify to any of the issues surrounding this trial.  At best, he knows second-hand information, also known as hearsay, and can only testify to that.  Mr. Miller has no first-hand knowledge of this case, was not a witness nor a victim of any of the circumstances in question within this case and was not present for any of the meetings or events as every single one of my witnesses have been.  Hearsay is inadmissible in court, and therefore, this witness should be denied.

- Mr. Miller is also someone I am personally barely acquainted with. We have met.  We have been in the same place at the same time on less than 10 occasions, but we have never spent any time together, nor have we ever spoken for longer than two or three minutes at a time.  He is not someone who can testify to anything regarding me or my case, either.  I see no viable legal reason this witness was even called other than to pad the docket and extend the length of this trial.

**Chelsea Charlesworth – Multiple**

- Ms. Charlesworth reached out to the Defense after realizing she was being subpoenaed to testify for the side of the Plaintiff in this case.  Ms. Charlesworth indicated that she was never notified, nor asked, whether this was acceptable to her or what her testimony would even be. The subpoena was not even mailed to her, but to her parents' home and she had not received it personally.  She indicated that she could not testify in favor of the Plaintiff, as doing anything such as that would be considered Perjury under the law, and she was unwilling to risk a criminal act.  She stated that she would be contacting Mr. Kolman to request to withdraw from the subpoena formally as she would be unable to testify favorably for the Plaintiff and that the distance to travel was too great for her to overcome.  Therefore, given these reasons, the Defense requests this witness be removed from the Plaintiff's witness list.

## Randal Scott Lefkowitz - Perjury

- Unfortunately, I have evidence I will provide in **Exhibit 1** of this document, proving that his testimony for the Plaintiff consisting of, according to ***Plaintiff's Pre-Trial Memorandum,*** "*Will testify to his lack of knowledge regarding any assault/rape*" would be inherently false.  If he testifies to this on the stand, Your Honor, this will legally open him up to potential Perjury as you will see by my evidence.  I formally request this man be removed from the witness list, so he does not have to be subject to any potential legal penalties following the outcome of this trial. I do not wish for anyone else to have to pay negative consequences where it is unnecessary.

- If this witness **is** forced to testify regardless of my objection, I would like to re-submit my request that Brianna Kube submit her Facebook Messenger history she can download from the Facebook servers between herself and Randal Scott Lefkowitz throughout the dates of January and March 2020 for use at trial. These messages are ***critical*** to prove the knowledge Mr. Lefkowitz has of this case and to prove the extent of his involvement in it.

## Lois Beidler – Limited Scope

- According to the Assistant Directors at the Pittsburgh Renaissance Festival on my witness list, Ms. Beidler was **<u>not</u>** a cast member and is merely a personal friend of the Plaintiffs.  She was not present for the majority of the information provided in the blog or this case, and the only relevant testimony she can provide was the one incident she was there to see with her own eyes and ears. That incident was the day Ms. Kayla Miller quit her job.  I am therefore requesting Ms. Beidler's testimony be limited in scope to what she was genuinely present to see with her own eyes and ears, as anything else she might have to contribute would merely be opinion and hearsay, which is inadmissible in court. She was, in fact, present for the resignation of Kayla Miller. Therefore, I concede to her testifying about that particular day and that day only.

    I have taken great pains to only provide witnesses that can testify to the things they have seen and heard first-hand with their own eyes and ears. I am taking great pains currently to make sure they are adequately prepped to only do so on the stand, as well. I expect the same courtesy from the side of the Plaintiff in this case. I feel I am not receiving that.

**Christine Manns & Scott Walton** – **Perjury**

- Ms. Manns and Mr. Walton have been Assistant Directors for the Pittsburgh Renaissance Festival for multiple years and have had the same experiences and received the same emails my witnesses, Brianna Kube and Brennan Bobish, have had.

- Given those facts, I can show through evidence that these two witnesses, in fact would be committing perjury if they testify that the allegations
  - o Never occurred
  - o Were properly investigated (There were: No HR degrees, No police involvement, No outside investigator called in, No evidence collected)
  - o Were unknown to Dr. and Mrs. Amor
  - o Were not blamed on the girls and instead always decided in favor of Mr. Harlin/ Dr. Amor

- These witnesses should not be permitted testify to their mere opinions or speculation in court and may only testify to what they experienced. Therefore, if they testify to what they experienced that does not include those four elements, I have no objection.  My proof they are aware of these allegations and would be committing perjury are listed in **Exhibit 2** and through the personal experience testimony of my witnesses under oath.


*All official trial evidence will also include previously submitted Exhibits A - O, with the exception of the majority of Exhibit K, which will now only include the written statements and screenshots directly related to those testifying at trial. I would also ask to include the termination email of witness Shawn Howland in this response as **Exhibit 10**. If not, he'll merely testify to it.*

*Courtney Conover*
_____
Defendant

_____September 17. 2022_____
Date

# EXHIBIT 1

**\*Downloaded Facebook Messages must be read from _bottom_ to _top_ on each page.**

**\*\*At this time in history, I had only _just_ learned of the accusations against Mr. Harlin and was still processing them. I am not proud of it, but I do _own_ it.  We all take time to process and come to terms with news about someone we don't wish to be true.**

dalscott_npuic2zihw/message_1.html



**Randal Scott**

So in a few months I'll get a "so you were right about that...." message
😠Courtney Conover

Dec 29, 2019, 12:07 PM

**Courtney Conover**

You can be a total asshole and still not be a rapist

Dec 29, 2019, 12:06 PM

**Courtney Conover**

That's a totally different level

Dec 29, 2019, 12:05 PM

**Courtney Conover**

No. He's a jerk and a joke. But no... not that

Dec 29, 2019, 12:05 PM

**Randal Scott**

And through this all....you still don't think he forced himself on someone?

Dec 29, 2019, 12:05 PM

**Courtney Conover**

he wasn't working for most of it. And I am a person who has to be kind and take care of people...



alscott_npuic2zihw/message_1.html

Courtney | Home

Dec 29, 2019, 12:40 PM

**Randal Scott**

remember this conversation when you say, "you were right"

Dec 29, 2019, 12:40 PM

**Courtney Conover**

I was already glad I never slept with him after the display of his this week... if you are even semi correct in any way.. and I'll never know because you'll never tell me about it... then I'm even more glad.

Dec 29, 2019, 12:33 PM

**Courtney Conover**

Especially when being a stupid drunk asshole?

Dec 29, 2019, 12:31 PM

**Courtney Conover**

So you're saying she absolutely, definitely screamed and fought him off... it was forcible rape and not a date rape or something that could have been misunderstood?

Dec 29, 2019, 12:31 PM

**Randal Scott**

oh, I know Im right.

Dec 29, 2019, 12:30 PM



alscott_npuic2zihw/message_1.html

Courtney        Home

Courtney Conover

I said I didn't think he would do it violently or while someone was screaming

Dec 29, 2019, 7:12 PM

**Randal Scott**

that he hasnt assaulted anyone.

Dec 29, 2019, 7:12 PM

**Courtney Conover**

Honestly

Dec 29, 2019, 7:11 PM

**Courtney Conover**

I would do the same thing if anyone came at me like that.

Dec 29, 2019, 7:11 PM

**Courtney Conover**

He had everything printed out and in a folder for legal purposes

Dec 29, 2019, 7:11 PM

**Courtney Conover**

What do you think I'm still defending him on? I'd honestly really like to know that.

Dec 29, 2019, 7:11 PM



alscott_npuic2zihw/message_1.html

Courtney   Home

Dec 29, 2019, 7:31 PM

**Randal Scott**

THAT is defending him

Dec 29, 2019, 7:30 PM

**Courtney Conover**

You have to take all things into account and then make a decision. You can't just blanket statement anyone

Dec 29, 2019, 7:30 PM

**Randal Scott**

"I said I didn't think he would do it violently or while someone was screaming

I think he absolutely could misread signals while drunk and if he wasn't being fought off, then he may consider it consent"

Dec 29, 2019, 7:30 PM

**Courtney Conover**

I just also think specifics are important to an overall view

Dec 29, 2019, 7:30 PM

**Courtney Conover**

I didn't really think I was still doing that

Dec 29, 2019, 7:30 PM



alscott_npuic2zihw/message_1.html

Courtney | Home

**Courtney Conover**

If she had, it would have changed a lot of things, including any interest in him whatsoever.

Jan 7, 2020, 1:23 PM

**Courtney Conover**

Bri told me something she knew about that she should have told me in the very beginning but chose not to.

Jan 7, 2020, 1:23 PM

**Randal Scott**

still concerned about Quinn are you?

Jan 7, 2020, 1:22 PM

**Courtney Conover**

I know you promised secrecy and I think you should keep that promise. But maybe she should reconsider coming forward with Quinn's future at Faires on the line this Saturday. It would make a huge difference in their decision if there was another claim.

Jan 7, 2020, 12:39 PM

**Courtney Conover**

Is there anything you actually could tell me about the person accusing Quinn of rape? Like a time frame or where it occurred? I have two people who it's bothering me to consider this being, one more likely than the other, if she never actually came forward and told anyone about it.

Jan 7, 2020, 12:37 PM

**Courtney Conover**

# EXHIBIT 2

**Question 2- Christine Manns is a Director at Pittsburgh Renaissance Festival.  Has she been present for all meetings or discussions had regarding the sexual assault or harassment allegations against David Gene "Quinn" Harlin?**

She has been present for any discussion I was party to, including the meeting where I presented these notes regarding the behavioral patterns of Mr. Harlin, where she supported me by reaching across the table to hold my hand while I reviewed the allegations.

**Question 3 -  If Christine Manns were to testify that James "Doc" Amor was unaware of any sexual assault allegations/harassment allegations against David Gene "Quinn" Harlin, or that James "Doc" Amor did not fail to investigate these allegations, would that be a factual claim on her part?**

It would not be factual.

**Question 5 – Please describe the incident you witnessed against cast member Amy Hovotchin after she accused David Gene "Quinn" Harlin of sexual activities with a minor on cast in 2019.  Please be as detailed as possible.**

I believe you are referring to the day when, at PRF rehearsal, Mr. Amor pulled the members of the cast aside who worked at both WV and Pittsburgh faires and remonstrated with them emphatically that there was to be no more discussion about what may or may not have transpired between Ms. Hotovchin and Mr. Harlin. After insisting that each cast member promise individually and verbally agree to not speaking about it, he pulled Ms. Hotovchin aside to further speak to her. I was present, as was Christine Manns. and another cast member who worked both faires and was protective of Ms. Hotovchin. We were within visual and audible range of the other cast members. He then strongly remonstrated with Ms. Hotovchin, his voice rising on several occasions. I can't remember the entire content of the conversation, as it was a long time ago. It wasn't really a conversation, it was basically him very emphatically telling her that there was to be no more talk about anything that had occurred. The general vibe was that he was holding her responsible for the entirety of the rumors that were still circulating. Ms. Hotovchin, who suffers from anxiety, had a trauma reaction to being publicly chastised in this manner, and sank down on the ground, having a panic attack and sobbing. Myself and the other cast member were able to calm her down, and Mr. Amor appeared to consider the matter settled. I THINK he may have apologized for making her cry, but I could not swear to it. It's been a long time since that encounter, and a lot has happened in life since then. I don't want to attest to anything incorrectly.

 Gmail

Brianna Kube <rubysunshine32@gmail.com>

## Re: Colorado is now under the looking glass

1 message

**James Amor** <damor@pittsburghrenfest.com>
To: Brianna Kube <rubysunshine32@gmail.com>
Cc: Jimmy Amor <jimmyamor57@gmail.com>, Patti Amor <momamor@yahoo.com>, Scott Walton <scott.walton1@yahoo.com>, Christine Rauch <clrauch@hotmail.com>, Brennan Bobish <brennanbobish@yahoo.com>, Michael Menendez <michaeldarkbear@gmail.com>

Wed, Jul 24, 2019 at 12:01 PM

## JESUS CHRIST, NO DON'T GET KAYLA WORKED UP ON THIS.  Leave sleeping dogs lie.

Doc

On Wed, Jul 24, 2019 at 12:00 PM James Amor <damor@pittsburghrenfest.com> wrote:
> Bri, got to disagree here with you. A policy has to be well crafted and the changes that come from this case may very well play a role in what is now needed in a policy.  So we have to sit tight.  The second part of this trial is what is an independent contractor and what is an employee. That will have a huge impact and will affect hiring because of the extra expense in payroll taxes.

Doc

On Wed, Jul 24, 2019 at 11:58 AM Brianna Kube <rubysunshine32@gmail.com> wrote:
> Which I think is backwards, because unless he is seen to be taking steps to protect people under his umbrella, and himself and his business in the process. I think this is JUST the time to put a well-drafted policy into place. it may be "too little too late" for some people's opinions, but it will give the impression that we're trying to be better and safer. But, that's just my opinion.

On Wed, Jul 24, 2019 at 11:54 AM James Amor <damor@pittsburghrenfest.com> wrote:
> Until this case is complete I totally see Jim Paradise's reluctance to put a policy in place until he is advised by legal counsel on what it needs to be based on this suit.  And don't kid yourself, this can have huge impacts on renfests across the country.

Doc

On Wed, Jul 24, 2019 at 11:52 AM Brianna Kube <rubysunshine32@gmail.com> wrote:
> I agree, I think the work we have done and the conversation we have had, amongst the directors and with the cast at large, will be invaluable in the days and weeks to come.

On Wed, Jul 24, 2019 at 11:41 AM James Amor <damor@pittsburghrenfest.com> wrote:
> We are ahead of the curve on this at Pittsburgh.  Read the first sentence of the fifth paragraph in this new article.
>
> https://www.diversityinc.com/former-colorado-renaissance-festival-employee-michele-st-michael-sues-for-workplace-discrimination/?fbclid=IwAR1vJyXwWTJfNSPIBFcc1pmnywmdpyni6ZJoYzZuOiH1f2jOqyaCBX18x9o

Doc

On Wed, Jul 24, 2019 at 10:49 AM James Amor <damor@pittsburghrenfest.com> wrote:

This was what JP was referring to when he wanted to see where this went and what the policy going forward would need to be. This will impact ALL renfests going forward. I can see Dave Walker saying what he said but not as a request for a favour. Once this story gets into Kayla's hand, expect the heat to really pick up. BTW, Marjorie posted this article at about 2AM, and Marjorie is now friends with Rachel, and Rachel is friends with Kayla. So yeah, should be interesting. We will see what we have left to do a show with.

Doc

On Wed, Jul 24, 2019 at 10:34 AM Jimmy Amor <jimmyamor57@gmail.com> wrote:
    By now have we all seen this?

    https://www.westword.com/news/colorado-renaissance-festival-sued-for-sexual-harassment-employment-discrimination-11419782?fbclid=IwAR1pgmMAi2mMfAjSQkL44EH0MHIH MABk4w9ZWlKYMr53sAmzdePVl8KPPNo

    --
    Cheers,
    **Jimmy Amor**

    *Facilities Manager and Assistant Technical Director*
    *Department of Music and Theatre*
    **California University of Pennsylvania**
    www.calu.edu

    Assistant Director, Armorer & Fight Choreographer
    Entertainment Street Performers
    **Pittsburgh Renaissance Festival**
    www.pittsburghrenfest.com

EXHIBIT E

9

## M Gmail

Brianna Kube <rubysunshine32@gmail.com>

## Re: Colorado is now under the looking glass
1 message

**Brianna Kube** <rubysunshine32@gmail.com>                                  Wed, Jul 24, 2019 at 11:59 AM
To: James Amor <damor@pittsburghrenfest.com>
Cc: Jimmy Amor <jimmyamor57@gmail.com>, Patti Amor <momamor@yahoo.com>, Scott Walton
<scott.walton1@yahoo.com>, Christine Rauch <clrauch@hotmail.com>, Brennan Bobish <brennanbobish@yahoo.com>,
Michael Menendez <michaeldarkbear@gmail.com>

Would it be worth it for one of us to reach out to Kayla, should there be rumblings in that direction, and go hey, look, we
know there's some history here. We didn't have a policy then. We're sorry. We do now, and we're trying to do better, and if
you would like to have your complaint from then listened to and investigated as much as possible, given the time that's
passed since then, we will do so?

On Wed, Jul 24, 2019 at 11:56 AM James Amor <damor@pittsburghrenfest.com> wrote:
    Bri, yes Quinn may have done a big favour.  But what about Eric?  What about me?  According to Kayla, I admired her
    butt.  What about any of the guys on cast? What about Michael and Jimmy?  What about some of the girls who no
    longer feel safe and will rather not do festival?  Yeah this could be a huge mess.  And Kayla would throw an angry
    hornet's nest into the whole thing.


    Doc

On Wed, Jul 24, 2019 at 11:54 AM James Amor <damor@pittsburghrenfest.com> wrote:
    Until this case is complete I totally see Jim Paradise's reluctance to put a policy in place until he is advised by legal
    counsel on what it needs to be based on this suit.  And don't kid yourself, this can have huge impacts on renfests
    across the country.


    Doc

On Wed, Jul 24, 2019 at 11:52 AM Brianna Kube <rubysunshine32@gmail.com> wrote:
    I agree, I think the work we have done and the conversation we had, amongst the directors and with the cast
    at large, will be invaluable in the days and weeks to come.


    On Wed, Jul 24, 2019 at 11:41 AM James Amor <damor@pittsburghrenfest.com> wrote:
    We are ahead of the curve on this at Pittsburgh.  Read the first sentence of the fifth paragraph in this new article.

    https://www.diversityinc.com/former-colorado-renaissance-festival-employee-michele-st-michael-sues-for-
    workplace-discrimination/?fbclid=IwAR1vJyXwWTJfNSPIBFcc1pmnywmdpyni6ZJoYzZuOiH1f2jOqyaCBX18x9o

    Doc

On Wed, Jul 24, 2019 at 10:49 AM James Amor <damor@pittsburghrenfest.com> wrote:
    This was what JP was referring to when he wanted to see where this went and what the policy going forward
    would need to be.  This will impact ALL renfests going forward.  I can see Dave Walker saying what he said
    but not as a request for a favour.  Once this story gets into Kayla's hand, expect the heat to really pick up.
    BTW, Marjorie posted this article at about 2AM, and Marjorie is now friends with Rachel, and Rachel is friends
    with Kayla.  So yeah, should be interesting.  We will see what we have left to do a show with.

    Doc

On Wed, Jul 24, 2019 at 10:34 AM Jimmy Amor <jimmyamor57@gmail.com> wrote:
    By now have we all seen this?

    https://www.westword.com/news/colorado-renaissance-festival-sued-for-sexual-harassment-employment-
    discrimination-11419782?fbclid=IwAR1pgmMAi2mMfAjSQkL44EH0MHIH

Brennan Bobish <brennanbobish@yahoo.com>

Tue 9/13/2022 11:11 AM

To: Courtney Conover <daisy1080@msn.com>


Sent from Yahoo Mail on Android


----- Forwarded Message -----
**From:** "James Amor" <damor@pittsburghrenfest.com>
**To:** "Jimmy Amor" <jimmyamor57@gmail.com>
**Cc:** "Scott Walton <scott.walton1@yahoo.com>", "Christine Rauch" <clrauch@hotmail.com>,
"Michael Menendez" <michaeldarkbear@gmail.com>, "Brennan Bobish"
<brennanbobish@yahoo.com>, "Brianna Kube" <rubysunshine32@gmail.com>, "Patti Amor"
<momamor@yahoo.com>
**Sent:** Wed, Jul 31, 2019 at 2:11 PM
**Subject:** Re: Colorado is now under the looking glass
Probably a week from today or so.

Get Outlook for Android

---

**From:** Jimmy Amor <jimmyamor57@gmail.com>
**Sent:** Wednesday, July 31, 2019 1:52:21 PM
**To:** James Amor <damor@pittsburghrenfest.com>
**Cc:** Scott Walton <scott.walton1@yahoo.com>; Christine Rauch <clrauch@hotmail.com>; Michael Menendez
<michaeldarkbear@gmail.com>; Brennan Bobish <brennanbobish@yahoo.com>; Brianna Kube
<rubysunshine32@gmail.com>; Patti Amor <momamor@yahoo.com>
**Subject:** Re: Colorado is now under the looking glass


damor@pittsburghrenfest.com
Last Junior said was that the lawyer would advise pending the lawsuit. He may be drafting
something. Jr said he would meet with our directors, once he is out here.  There have been some
entertainment issues unrelated to this in Colorado that make him hard to get on phone.  By
example, no contracts yet.

Doc

Get Outlook for Android

---

**From:** Jimmy Amor <jimmyamor57@gmail.com>
**Sent:** Wednesday, July 31, 2019 1:26:59 PM
**To:** James Amor <DAmor@pittsburghrenfest.com>
**Cc:** Scott Walton <scott.walton1@yahoo.com>; Christine Rauch <clrauch@hotmail.com>; Michael
Menendez <michaeldarkbear@gmail.com>; Brennan Bobish <brennanbobish@yahoo.com>; Brianna Kube

[rubysunshine32@gmail.com](mailto:rubysunshine32@gmail.com)>; Patti Amor <[momamor@yahoo.com](mailto:momamor@yahoo.com)>

**Subject:** Re: Colorado is now under the looking glass

[scott.walton1@yahoo.com](mailto:scott.walton1@yahoo.com)

**Sent from Yahoo Mail on Android**

On Wed, Jul 31, 2019 at 12:18 PM, Jimmy Amor
<[jimmyamor57@gmail.com](mailto:jimmyamor57@gmail.com)> wrote:

[damor@pittsburghrenfest.com](mailto:damor@pittsburghrenfest.com)

Yeah, must have rolled to next article on phone, then I clicked copy link.

Get [Outlook for Android](#)

**From:** Michael Menendez <[michaeldarkbear@gmail.com](mailto:michaeldarkbear@gmail.com)>
**Sent:** Wednesday, July 31, 2019 11:41:54 AM
**To:** Doc Amor <[damor@pittsburghrenfest.com](mailto:damor@pittsburghrenfest.com)>
**Cc:** Brennan Bobish <[brennanbobish@yahoo.com](mailto:brennanbobish@yahoo.com)>; Brianna Kube <[rubysunshine32@gmail.com](mailto:rubysunshine32@gmail.com)>;
Jimmy Amor <[jimmyamor57@gmail.com](mailto:jimmyamor57@gmail.com)>; Patti Amor <[momamor@yahoo.com](mailto:momamor@yahoo.com)>; Scott Walton
<[scott.walton1@yahoo.com](mailto:scott.walton1@yahoo.com)>; Christine Rauch <[clrauch@hotmail.com](mailto:clrauch@hotmail.com)>
**Subject:** Re: Colorado is now under the looking glass

https://www.westword.com/news/colorado-renaissance-festival-escapes-title-vii-accusations-11429743

[damor@pittsburghrenfest.com](mailto:damor@pittsburghrenfest.com)
https://www.westword.com/news/denise-plante-leaves-9news-colorado-and-company-
11399774

Get [Outlook for Android](#)

**From:** Brennan Bobish <[brennanbobish@yahoo.com](mailto:brennanbobish@yahoo.com)>
**Sent:** Monday, July 29, 2019 1:24:10 PM
**To:** [damor@pittsburghrenfest.com](mailto:damor@pittsburghrenfest.com) <[damor@pittsburghrenfest.com](mailto:damor@pittsburghrenfest.com)>; Michael Menendez
<[michaeldarkbear@gmail.com](mailto:michaeldarkbear@gmail.com)>
**Cc:** Brianna Kube <[rubysunshine32@gmail.com](mailto:rubysunshine32@gmail.com)>; Jimmy Amor <[jimmyamor57@gmail.com](mailto:jimmyamor57@gmail.com)>;
Patti Amor <[momamor@yahoo.com](mailto:momamor@yahoo.com)>; Scott Walton <[scott.walton1@yahoo.com](mailto:scott.walton1@yahoo.com)>; Christine

Rauch <clrauch@hotmail.com>

**Subject:** Re: Colorado is now under the looking glass

**Sent from Yahoo Mail on Android**

On Thu, Jul 25, 2019 at 11:49 AM, James Amor
<damor@pittsburghrenfest.com> wrote:

I think he is thinking more of the possibility of using a code. He thinks the Fed policy
is sufficient, but he wanted to wait on this court case and legal advice before
implementing anything.  And so for now we have it, we have discussed it but it is a bit
of a legal issue he wants to see play out in Colorado.

And as I have mentioned, the Colorado case has the ability to affect how people feel
about being on cast. So yes, it needs addressed, but I hope everyone can get through
the season.

Doc

Get Outlook for Android

---

**From:** Michael Menendez <michaeldarkbear@gmail.com>
**Sent:** Thursday, July 25, 2019 10:08:41 AM
**To:** Doc Amor <damor@pittsburghrenfest.com>
**Cc:** Brianna Kube <rubysunshine32@gmail.com>; Jimmy Amor <jimmyamor57@gmail.com>;
Patti Amor <momamor@yahoo.com>; Scott Walton <scott.walton1@yahoo.com>; Christine
Rauch <clrauch@hotmail.com>; Brennan Bobish <brennanbobish@yahoo.com>
**Subject:** Re: Colorado is now under the looking glass

[damor@pittsburghrenfest.com](mailto:damor@pittsburghrenfest.com)

And it would seem Kayla knows.

Doc



Get [Outlook for Android](#)

---

**From:** Brianna Kube <[rubysunshine32@gmail.com](mailto:rubysunshine32@gmail.com)>
**Sent:** Wednesday, July 24, 2019 12:06:23 PM
**To:** James Amor <[damor@pittsburghrenfest.com](mailto:damor@pittsburghrenfest.com)>
**Cc:** Jimmy Amor <[jimmyamor57@gmail.com](mailto:jimmyamor57@gmail.com)>; Patti Amor <[momamor@yahoo.com](mailto:momamor@yahoo.com)>; Scott Walton <[scott.walton1@yahoo.com](mailto:scott.walton1@yahoo.com)>; Christine Rauch <[clrauch@hotmail.com](mailto:clrauch@hotmail.com)>; Brennan Bobish <[brennanbobish@yahoo.com](mailto:brennanbobish@yahoo.com)>; Michael Menendez <[michaeldarkbear@gmail.com](mailto:michaeldarkbear@gmail.com)>
**Subject:** Re: Colorado is now under the looking glass

[damor@pittsburghrenfest.com](mailto:damor@pittsburghrenfest.com)

# JESUS CHRIST, NO DON'T GET KAYLA WORKED UP ON THIS. Leave sleeping dogs lie.

Doc

[damor@pittsburghrenfest.com](mailto:damor@pittsburghrenfest.com)

rubysunshine32@gmail.com

damor@pittsburghrenfest.com

rubysunshine32@gmail.com

damor@pittsburghrenfest.com

https://www.diversityinc.com/former-colorado-renaissance-festival-
employee-michele-st-michael-sues-for-workplace-discrimination/?
fbclid=IwAR1vJyXwWTJfNSPlBFcc1pmnywmdpyni6ZJoYzZuOiH1f2jO
qyaCBX18x9o

damor@pittsburghrenfest.com

jimmyamor57@gmail.com

https://www.westword.com/news/colorado-renaissance-festival-
sued-for-sexual-harassment-employment-discrimination-
11419782?
fbclid=IwAR1pgmMAi2mMfAjSQkL44EH0MHIHMAbk4w9ZWlKY
Mr53sAmzdePVl8KPPNo

Cheers,
**Jimmy Amor**

*Facilities Manager and Assistant Technical Director*
*Department of Music and Theatre*
**California University of Pennsylvania**
www.calu.edu

Assistant Director, Armorer & Fight Choreographer
Entertainment Street Performers
**Pittsburgh Renaissance Festival**
www.pittsburghrenfest.com

Cheers,
**Jimmy Amor**

*Facilities Manager and Assistant Technical Director*
*Department of Music and Theatre*
**California University of Pennsylvania**
www.calu.edu

Assistant Director, Armorer & Fight Choreographer
Entertainment Street Performers
**Pittsburgh Renaissance Festival**
www.pittsburghrenfest.com

# EXHIBIT 3

**\*Downloaded Facebook messages must be read bottom to top**



# EXHIBIT 4



| City | Acquisition | | | Behavior | | | Conversions | eCommerce ▼ | |
|------|-------------|---|---|----------|---|---|-------------|---|---|
| | Users ↓ | New Users | Sessions | Bounce Rate | Pages / Session | Avg. Session Duration | Transactions | Revenue | Ecommerce Conversion Rate |
| | 229<br>% of Total:<br>49.04%<br>(467) | 220<br>% of Total:<br>47.93%<br>(459) | 883<br>% of Total:<br>56.28%<br>(1,569) | 52.77%<br>Avg for View:<br>58.13%<br>(-9.21%) | 2.59<br>Avg for View:<br>2.30<br>(12.57%) | 00:02:45<br>Avg for View:<br>00:02:52<br>(-4.40%) | 0<br>% of Total:<br>0.00%<br>(0) | $0.00<br>% of Total:<br>0.00%<br>($0.00) | 0.00%<br>Avg for View:<br>(0.00%) |
| 1. Pittsburgh | 60<br>(22.30%) | 52<br>(23.64%) | 191<br>(21.63%) | 39.79% | 2.90 | 00:02:50 | 0<br>(0.00%) | $0.00<br>(0.00%) | 0.00% |
| 2. (not set) | 26<br>(9.67%) | 22<br>(10.00%) | 35<br>(3.96%) | 68.57% | 1.74 | 00:02:18 | 0<br>(0.00%) | $0.00<br>(0.00%) | 0.00% |
| 3. Greensburg | 20<br>(7.43%) | 19<br>(8.64%) | 34<br>(3.85%) | 47.06% | 2.71 | 00:02:33 | 0<br>(0.00%) | $0.00<br>(0.00%) | 0.00% |
| 4. Philadelphia | 16<br>(5.95%) | 13<br>(5.91%) | 19<br>(2.15%) | 57.89% | 2.16 | 00:02:39 | 0<br>(0.00%) | $0.00<br>(0.00%) | 0.00% |
| 5. Washington | 16<br>(5.95%) | 16<br>(7.27%) | 29<br>(3.28%) | 62.07% | 1.93 | 00:01:11 | 0<br>(0.00%) | $0.00<br>(0.00%) | 0.00% |
| 6. Mount Pleasant | 12<br>(4.46%) | 11<br>(5.00%) | 24<br>(2.72%) | 50.00% | 3.71 | 00:04:11 | 0<br>(0.00%) | $0.00<br>(0.00%) | 0.00% |
| 7. Erie | 8<br>(2.97%) | 8<br>(3.64%) | 9<br>(1.02%) | 22.22% | 5.89 | 00:06:24 | 0<br>(0.00%) | $0.00<br>(0.00%) | 0.00% |
| 8. McKeesport | 8<br>(2.97%) | 7<br>(3.18%) | 220<br>(24.92%) | 62.27% | 1.98 | 00:01:37 | 0<br>(0.00%) | $0.00<br>(0.00%) | 0.00% |
| 9. State College | 8<br>(2.97%) | 5<br>(2.27%) | 20<br>(2.27%) | 50.00% | 2.80 | 00:06:39 | 0<br>(0.00%) | $0.00<br>(0.00%) | 0.00% |
| 10. Monessen | 7<br>(2.60%) | 3<br>(1.36%) | 41<br>(4.64%) | 34.15% | 4.24 | 00:02:35 | 0<br>(0.00%) | $0.00<br>(0.00%) | 0.00% |

Rows 1 - 10 of 56

© 2022 Google

# EXHIBIT 5



# EXHIBIT 6

**OFFICE OF THE UNITED STATES TRUSTEE - REGION 3**
**POST-CONFIRMATION QUARTERLY SUMMARY REPORT**

This Report is to be submitted for all bank accounts that are presently maintained by the post confirmation debtor.

Debtor's Name: __James M Amor__          Bank: __PNC__

Bankruptcy Number: __19-11598__          Account Number: __51-1592-9007__

Date of Confirmation: __March 1, 2020__          Account Type: __Checking__

Reporting Period (month/year): __3rd Qtr 2021__

    Beginning Cash Balance:          $ __7760.54__

All receipts received by the debtor:

    Cash Sales:          $ __101770.32__

    Collection of Accounts Receivable:          $ __Combined Above__

    Proceeds from Litigation (settlement or otherwise):          $ __0__

    Sale of Debtor's Assets:          $ __0__

    Capital Infusion pursuant to the Plan:          $ __0__

    Total of cash received:          $ __101770.32__

Total of cash available:          $ __109530.86__

Less all disbursements or payments (including payments made under the confirmed plan) made by the Debtor:

    Disbursements made under the plan, excluding the administrative
    claims of bankruptcy professionals:          $ __0__

    Disbursements made pursuant to the administrative claims of
    bankruptcy professionals:          $ __0__

    All other disbursements made in the ordinary course:          $ __77110.66__

    Total Disbursements          $ __77110.66__

Ending Cash Balance          $ __32420.20__
                      Less Draw of 24386.85 =     8033.35

Pursuant to 28 U.S.C. Section 1746(2), I hereby declare under penalty of perjury that the foregoing is true and correct
to the best of my knowledge and belief.

__November 28, 2021__          __James M Amor / owner__
Date                              Name/Title

Debtor: _____

Case Number: __19-11598__

OFFICE OF THE UNITED STATES TRUSTEE - REGION 3
**POST-CONFIRMATION QUARTERLY SUMMARY REPORT**

This Report is to be submitted for all bank accounts that are presently maintained by the post confirmation debtor.

Debtor's Name: __James M Amor__          Bank: __PNC__

Bankruptcy Number: __19-11598__          Account Number: __51-1592-9007__

Date of Confirmation: __March 1 , 2020__          Account Type: __Checking__

Reporting Period (month/year): __4th Qtr 2021__

     Beginning Cash Balance:          $__8033.35__

All receipts received by the debtor:

     Cash Sales:          $ __88358.22__

     Collection of Accounts Receivable:          $ __Combined Above__

     Proceeds from Litigation (settlement or otherwise):          $ __0__

     Sale of Debtor's Assets:          $ __0__

     Capital Infusion pursuant to the Plan:          $_____ 0

     Total of cash received:          $ __88358.22__

Total of cash available:          $ __96391.57__

Less all disbursements or payments (including payments made under the confirmed plan) made by the Debtor:

     Disbursements made under the plan, excluding the administrative
     claims of bankruptcy professionals:          $ __0__

     Disbursements made pursuant to the administrative claims of
     bankruptcy professionals:          $ __0__

     All other disbursements made in the ordinary course:          -$ __74604.22__

     Total Disbursements          $ __74604.22__

Ending Cash Balance          $ __21787.35__
                         less draw of 12258 = 9529.35

Pursuant to 28 U.S.C. Section 1746(2), I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

__March 18,2022__          James M Amor / owner
Date          Name/Title

Debtor: _____

Case Number: __19-11598__

| ASSETS | Month 09/21 | Month 12/21 |
|---|---|---|
| Cash (Unrestricted) | 3441 | 2753 |
| Cash (Restricted) | | |
| Accounts Receivable (Net) | 61645 | 42336 |
| Inventory | | |
| Notes Receivable | | |
| Prepaid Expenses | | |
| Other (Attach List) | | |
| Total Current Assets | 74141 | 45089 |
| **Property, Plant & Equipment** | | |
| Real Property & Improvements | 290000 | 290000 |
| Machinery & Equipment | 18500 | 18500 |
| Furniture, fixtures & Office Equipment | 4500 | 4500 |
| Vehicles | 7250 | 7250 |
| Leasehold Improvements | -- | -- |
| Less: Accumulated Depreciation/Depletion | -- | -- |
| Total Property, Plant & Equipment | 320250 | 320250 |
| Due from Affiliates & Insiders | -- | -- |
| Other (Attach List) | -- | -- |
| Total Assets | 320250 | 320250 |
| **Liabilities Not Subject to Compromise (Postpetition Liabilities)** | | |
| Accounts Payable | 31364 | 32556 |
| Taxes Payable | 83706 | 95628 |
| Notes Payable | -- | -- |
| Professional Fees | 3703 | 3869 |
| Secured Debt | -- | -- |
| Due to Affiliates & Insiders | -- | -- |
| Other (Attach List) | -- | -- |
| Total Postpetition Liabilities | 119965 | 132053 |
| **Liabilities Subject to Compromise (Pre-petition Liabilities)** | | |
| Secured Debt - Per Plan | 228610 | 228610 |
| Priority Debt - Per Plan | 85244 | 85244 |
| Unsecured Debt - Per Plan | -- | -- |
| Other (Attach List) - Per Plan | -- | -- |
| Total Pre-petition Liabilities | -- | -- |
| Total Liabilities | | |
| **Equity** | | |
| Common Stock | | |
| Retained Earnings (Deficit) | | |
| Total Equity (Deficit) | | |
| Total Liabilities & Owners' Equity | | |

Tax includes $227500 Capital Gains

| ASSETS | Month 06/21 | Month 09/21 |
|---|---|---|
| Cash (Unrestricted) | 6537 | 3441 |
| Cash (Restricted) | | |
| Accounts Receivable (Net) | 67604 | 61645 |
| Inventory | | |
| Notes Receivable | | |
| Prepaid Expenses | | |
| Other (Attach List) | | |
| Total Current Assets | 74141 | 65086 |
| **Property, Plant & Equipment** | | |
| Real Property & Improvements | 290000 | 290000 |
| Machinery & Equipment | 18500 | 18500 |
| Furniture, fixtures & Office Equipment | 4500 | 4500 |
| Vehicles | 7250 | 7250 |
| Leasehold Improvements | -- | -- |
| Less: Accumulated Depreciation/Depletion | -- | -- |
| Total Property, Plant & Equipment | 320250 | 320250 |
| Due from Affiliates & Insiders | -- | -- |
| Other (Attach List) | -- | -- |
| Total Assets | 320250 | 320250 |
| **Liabilities Not Subject to Compromise (Postpetition Liabilities)** | | |
| Accounts Payable | 32556 | 29623 |
| Taxes Payable | 83706 | 83706 |
| Notes Payable | -- | -- |
| Professional Fees | 3703 | 1900 |
| Secured Debt | -- | -- |
| Due to Affiliates & Insiders | -- | -- |
| Other (Attach List) | -- | -- |
| Total Postpetition Liabilities | 119965 | 115229 |
| **Liabilities Subject to Compromise (Pre-petition Liabilities)** | | |
| Secured Debt - Per Plan | 228610 | 228610 |
| Priority Debt - Per Plan | 85244 | 85244 |
| Unsecured Debt - Per Plan | -- | -- |
| Other (Attach List) - Per Plan | -- | -- |
| Total Pre-petition Liabilities | -- | -- |
| Total Liabilities | | |
| **Equity** | | |
| Common Stock | | |
| Retained Earnings (Deficit) | | |
| Total Equity (Deficit) | | |
| Total Liabilities & Owners' Equity | | |

Tax includes $227500 Capital Gains

**EXHIBIT 7**

**15-11551-mdc** James M. Amor and Patricia E. Amor
**Case type:** bk **Chapter:** 13 **Asset:** Yes **Vol:** v **Chief Judge:** Magdeline D. Coleman
**Date filed:** 03/05/2015 **Date of last filing:** 07/27/2016
**Debtor dismissed:** 04/07/2016 **Joint debtor dismissed:** 04/07/2016
**Date terminated:** 07/27/2016

# Case Summary

| | |
|---|---|
| **Office:** Philadelphia | **Filed:** 03/05/2015 |
| **County:** LANCASTER-PA | **Terminated:** 07/27/2016 |
| **Fee:** Paid | **Debtor discharged:** |
| | **Joint debtor discharged:** |
| **Origin:** 0 | **Reopened:** |
| **Previous term:** | **Converted:** |
| | **Debtor dismissed:** 04/07/2016 |
| | **Joint debtor dismissed:** 04/07/2016 |
| **Joint:** y | **Confirmation hearing:** |
| **Original chapter:** 13 | |
| **Current chapter:** 13 | |

**Debtor disposition:** Dismissed for failure to make plan payments
**Joint debtor disposition:** Dismissed for failure to make plan payments

**Nature of debt:** business
**Pending status:** Awaiting Confirmation Hearing,Case Closed
**Flags:** Repeat-PAEB, RepeatPACER, PRVDISCH, DISMISSED, CASE_CLOSED

**Trustee:** United States Trustee **City:** Philadelphia **Phone:** (215) 597-4411 **Fax:** (215) 923-1293 **Email:** USTPRegion03.PH.ECF@usdoj.gov
**Trustee:** WILLIAM C. MILLER, Esq. **City:** Philadelphia **Phone:** 215-627-1377 **Email:** ecfemails@ph13trustee.com

**Party 1:** Amor, James M.   (Debtor)
        SSN / ITIN: xxx-xx-6516
**Party 2:** Amor, Patricia E.   (Joint Debtor)
        SSN / ITIN: xxx-xx-3895
**Party 3:** Amor, James M.   (Debtor)
        SSN / ITIN: xxx-xx-6516
**Party 4:** Amor, Patricia E.   (Joint Debtor)
        SSN / ITIN: xxx-xx-3895

**Atty:** JOHN A. DIGIAMBERARDINO **Represents party 1:** Debtor **Phone:** 610-372-9900 **Fax:** 610-372-5469 **Email:** jad@cdllawoffice.com
**Atty:** JOHN A. DIGIAMBERARDINO **Represents party 2:** Joint Debtor **Phone:** 610-372-9900 **Fax:** 610-372-5469 **Email:** jad@cdllawoffice.com
**Atty:** JOHN A. DIGIAMBERARDINO **Represents party 3:** Debtor **Phone:** 610-372-9900 **Fax:** 610-372-5469 **Email:** jad@cdllawoffice.com
**Atty:** JOHN A. DIGIAMBERARDINO **Represents party 4:** Joint Debtor **Phone:** 610-372-9900 **Fax:** 610-372-5469

CONVERTED, DISCHARGED, CLOSE_ORDER, CASE_CLOSED

# U.S. Bankruptcy Court
## Eastern District of Pennsylvania (Philadelphia)
## Bankruptcy Petition #: 14-16775-mdc

| | |
|---|---|
| *Date filed:* | 08/22/2014 |
| *Date converted:* | 09/05/2014 |
| *Date terminated:* | 03/30/2015 |
| *Debtor discharged:* | 01/29/2015 |
| *Joint debtor discharged:* | 01/29/2015 |
| *341 meeting:* | 10/14/2014 |
| *Deadline for objecting to discharge:* | 12/13/2014 |
| *Deadline for financial mgmt. course:* | 12/13/2014 |

*Assigned to:* Chief Judge Magdeline D. Coleman
Chapter 7
Previous chapter 13
Original chapter 13
Voluntary
No asset

*Debtor disposition:* Standard Discharge
*Joint debtor disposition:* Standard Discharge

| | |
|---|---|
| **Debtor**<br>**James M. Amor**<br>213 N. Kinzer Avenue<br>New Holland, PA 17557<br>LANCASTER-PA<br>SSN / ITIN: xxx-xx-6516<br>**dba New Design Dental Associates** | represented by **JOHN A. DIGIAMBERARDINO**<br>Case DiGiamberardino & Lutz, PC<br>845 North Park Road<br>Suite 101<br>Wyomissing, PA 19610<br>610-372-9900<br>Fax : 610-372-5469<br>Email: jad@cdllawoffice.com |
| **Debtor**<br>**James M. Amor**<br>MAILING ADDRESS<br>P.O. Box 6<br>New Holland, PA 17557<br>BUCKS-PA<br>SSN / ITIN: xxx-xx-6516 | represented by **JOHN A. DIGIAMBERARDINO**<br>(See above for address) |
| **Joint Debtor**<br>**Patricia E. Amor**<br>213 N. Kinzer Avenue<br>New Holland, PA 17557<br>LANCASTER-PA<br>SSN / ITIN: xxx-xx-3895 | represented by **JOHN A. DIGIAMBERARDINO**<br>(See above for address) |
| **Joint Debtor**<br>**Patricia E. Amor**<br>MAILING ADDRESS<br>P.O. Box 6<br>New Holland, PA 17557<br>BUCKS-PA<br>SSN / ITIN: xxx-xx-3895 | represented by **JOHN A. DIGIAMBERARDINO**<br>(See above for address) |

**Trustee**
**WILLIAM C. MILLER, Esq.**

# U.S. Bankruptcy Court
## Eastern District of Pennsylvania (Reading)
## Bankruptcy Petition #: 19-11598-pmm

|  |  |
|---|---|
| | *Date filed:* 03/15/2019 |
| | *Plan confirmed:* 01/22/2020 |
| | *341 meeting:* 04/30/2019 |
| | *Deadline for objecting to discharge:* 06/22/2019 |

*Assigned to:* Judge Patricia M. Mayer
Chapter 11
Voluntary
Asset

**Debtor**
**James M. Amor**
213 N. Kinzer Ave.
New Holland, PA 17557
LANCASTER-PA
SSN / ITIN: xxx-xx-6516
*dba* **New Design Dental Associates**

represented by **JOHN A. DIGIAMBERARDINO**
Case & DiGiamberardino, P.C.
845 North Park Road
Suite 101
Wyomissing, PA 19610
610-372-9900
Fax : 610-372-5469
Email: jad@cdllawoffice.com
*TERMINATED: 09/07/2021*

**STEPHEN MCCOY OTTO**
Law Office of Stephen M. Otto, LLC
833 N. Park Road
Suite 102
Wyomissing, PA 19610
484-220-0481
Email: steve@sottolaw.com

**U.S. Trustee**
**United States Trustee**
Office of the U.S. Trustee
Robert N.C. Nix Federal Building
Suite 300
Philadelphia, PA 19107
(215) 597-4411

represented by **DAVE P. ADAMS**
United States Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107
215- 597-4411
Email: dave.p.adams@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 03/15/2019 | 1 (14 pgs) | Chapter 11 Voluntary Petition for Individual. Fee Amount $1717 Filed by James M. Amor. Atty Disclosure Statement due 03/29/2019. Schedules AB-J due 03/29/2019. Statement of Financial Affairs due 03/29/2019. Summary of Assets and Liabilities Form B106 due 03/29/2019. Incomplete Filings due by 03/29/2019. Small Business Tax Return or a Statement Pursuant to 11:1116(B) that no such document has been prepared is due 3/29/2019. List of Equity Security Holders due 3/29/2019. Small Business Balance Sheet or a Statement Pursuant to 11:1116(B) that no such document has been prepared is due 3/29/2019. Small Business Cash Flow Statement or a Statement Pursuant to 11:1116(B) that no such |

| | | |
|---|---|---|
| | | document has been prepared is due 3/29/2019. Small Business Statement of Operations Pursuant to 11:1116(B) that no such document has been prepared is due 3/29/2019. (DIGIAMBERARDINO, JOHN) Modified on 3/18/2019 (R., Sara). (Entered: 03/15/2019) |
| 03/15/2019 | 2 | Matrix Filed. Number of pages filed: 2, Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 03/15/2019) |
| 03/15/2019 | 3 | Statement of Social Security Number Received. Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 03/15/2019) |
| 03/15/2019 | 4<br>(1 pg) | Certificate of Credit Counseling Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 03/15/2019) |
| 03/15/2019 | | Receipt of Voluntary Petition (Chapter 11)(19-11598) [misc,volp11a] (1717.00) Filing Fee. Receipt number 21256846. Fee Amount $1717.00. (re: Doc# 1) (U.S. Treasury) (Entered: 03/15/2019) |
| 03/15/2019 | 5<br>(7 pgs; 6 docs) | Application to Employ John A. DiGiamberardino, Esq. as attorney Filed by James M. Amor Represented by JOHN A. DIGIAMBERARDINO (Counsel). (Attachments: # 1 Proposed Order # 2 Affidavit # 3 Certificate of Service # 4 Service List # 5 Notice) (DIGIAMBERARDINO, JOHN) (Entered: 03/15/2019) |
| 03/15/2019 | 7<br>(4 pgs) | For Individual Chapter 11 Cases: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders. Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor . (R., Sara) (Entered: 03/18/2019) |
| 03/16/2019 | 6<br>(1 pg) | Creditor Request for Notices Filed by Synchrony Bank. (Smith, Valerie) (Entered: 03/16/2019) |
| 03/18/2019 | 8<br>(1 pg) | Order Entered the debtor having failed to file or submit with the petition all of the documents required by Fed. R. Bankr.P.1007, It is hereby ORDERED that this case **MAY BE DISMISSED WITHOUT FURTHER NOTICE** if the documents listed are not filed by deadlines listed: Any request for an extension of time must be filed prior to the expiration of the deadlines listed. (Atty Disclosure Statement due 03/29/2019. Schedules AB-J due 03/29/2019. Statement of Financial Affairs due 03/29/2019. Summary of Assets and Liabilities Form B106 due 03/29/2019. Small Business Tax Return or a Statement Pursuant to 11:1116(B) that no such document has been prepared is due 3/29/2019. List of Equity Security Holders due 3/29/2019. Small Business Balance Sheet or a Statement Pursuant to 11:1116(B) that no such document has been prepared is due 3/29/2019. Small Business Cash Flow Statement or a Statement Pursuant to 11:1116(B) that no such document has been prepared is due 3/29/2019. Small Business Statement of Operations Pursuant to 11:1116(B) that no such document has been prepared is due 3/29/2019.) (R., Sara) (Entered: 03/18/2019) |
| 03/18/2019 | 9<br>(1 pg) | Notice of Appearance and Request for Notice by DAVE P. ADAMS Filed by DAVE P. ADAMS on behalf of United States Trustee. (ADAMS, DAVE) (Entered: 03/18/2019) |

| 03/18/2019 | 10<br>(2 pgs) | Order Scheduling Chapter 11 Status Conference. Conference scheduled 3/21/2019 at 11:00 AM at mad - Courtroom 1, Third Floor (Reading Court). ORDERED that Debtor shall file his plan of reorganization and disclosure statement on or before July 15, 2019, utilizing, because Debtor is a sole proprietor, which may constitute a small business, and if Debtor so chooses, Official Form B25A Plan of Reorganization in Small Business Case Under Chapter 11, and Official Form B25B Disclosure Statement in Small Business Case Under Chapter 11. (R., Sara) (Entered: 03/18/2019) |
|---|---|---|
| 03/19/2019 | 11<br>(21 pgs; 5 docs) | Motion to Sell Property Free and Clear of Liens under Section 363(f) Fee Amount $181.00 Filed by James M. Amor Represented by JOHN A. DIGIAMBERARDINO (Counsel). (Attachments: # 1 Proposed Order # 2 Exhibit Agreement of Sale # 3 Certificate of Service # 4 Service List) (DIGIAMBERARDINO, JOHN) (Entered: 03/19/2019) |
| 03/19/2019 | 12<br>(2 pgs) | Notice of (related document(s): 11 Motion to Sell Property Free and Clear of Liens under Section 363(f) Fee Amount $181.00) *objections due 4/2/19* Filed by James M. Amor. Hearing scheduled 4/18/2019 at 09:30 AM at mad - Courtroom 1, Third Floor (Reading Court). (DIGIAMBERARDINO, JOHN) (Entered: 03/19/2019) |
| 03/19/2019 | | Receipt of Motion to Sell Property Free and Clear of Liens under Section 363(f) (19-11598-ref) [motion,msell363] ( 181.00) Filing Fee. Receipt number 21265286. Fee Amount $ 181.00. (re: Doc# 11) (U.S. Treasury) (Entered: 03/19/2019) |
| 03/19/2019 | 13<br>(14 pgs; 6 docs) | Application to Employ High Associates, Ltd. as Real Estate Broker Filed by James M. Amor Represented by JOHN A. DIGIAMBERARDINO (Counsel). (Attachments: # 1 Proposed Order # 2 Certificate of Service # 3 Service List # 4 Exhibit Listing Contract with Realtor # 5 Notice) (DIGIAMBERARDINO, JOHN) (Entered: 03/19/2019) |
| 03/20/2019 | 14<br>(2 pgs) | Meeting of Creditors . 341(a) meeting to be held on 4/23/2019 at 02:00 PM at 833 - Chestnut Street. Last day to oppose discharge is 6/22/2019. (H., Lisa) (Entered: 03/20/2019) |
| 03/20/2019 | 15<br>(2 pgs) | Amended Schedule E/F: Creditors Who Have Unsecured Claims *adding creditors* Fee Amount $31 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 03/20/2019) |
| 03/20/2019 | 16<br>(1 pg) | Amendment to List of Creditors. Fee Amount $31 Number of Pages Filed: 1, Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 03/20/2019) |
| 03/20/2019 | | Receipt of Schedule E/F - (for first filing and amendments)(19-11598-ref) [misc,schef] ( 31.00) Filing Fee. Receipt number 21269814. Fee Amount $ 31.00. (re: Doc# 15) (U.S. Treasury) (Entered: 03/20/2019) |
| 03/20/2019 | 17<br>(1 pg) | Supplemental Certificate of Service *of Motion to Sell Property Free and Clear of Liens under Section 363(f) and Application to Employ Broker* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor (related document(s)11, 13). (DIGIAMBERARDINO, JOHN) (Entered: 03/20/2019) |
| 03/20/2019 | 18<br>(2 pgs) | BNC Certificate of Mailing - Voluntary Petition. Number of Notices Mailed: (related document(s) (Related Doc # 8)). No. of Notices: 1. Notice |

| | | |
|---|---|---|
| | | Date 03/20/2019. (Admin.) (Entered: 03/21/2019) |
| 03/20/2019 | [19](#)<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # [10](#))). No. of Notices: 1. Notice Date 03/20/2019. (Admin.) (Entered: 03/21/2019) |
| 03/21/2019 | | Receipt of Amended List of Creditors (Fee)(19-11598-ref) [misc,amdcm] ( 31.00) Filing Fee. Receipt number AMENDMENTS SAME DAY. Fee Amount $ 31.00. (re: Doc# [16](#)) (R.) (Entered: 03/21/2019) |
| 03/21/2019 | | Chapter 11 Status Conference Continued. Hearing scheduled 3/22/2019 at 09:30 AM at mad - Courtroom 1, Third Floor (Reading Court). (S., Barbara) (Entered: 03/21/2019) |
| 03/22/2019 | 20 | Status Conference Held and Concluded. (S., Barbara) (Entered: 03/22/2019) |
| 03/22/2019 | [21](#)<br>(4 pgs) | BNC Certificate of Mailing - Meeting of Creditors. Number of Notices Mailed: (related document(s) (Related Doc # [14](#)). No. of Notices: 10. Notice Date 03/22/2019. (Admin.) (Entered: 03/23/2019) |
| 03/26/2019 | [22](#)<br>(2 pgs) | Notice of Appearance and Request for Notice by SHANNON J. POSNER Filed by SHANNON J. POSNER on behalf of Bank of America, N.A.. (POSNER, SHANNON) (Entered: 03/26/2019) |
| 03/26/2019 | [23](#)<br>(1 pg) | Certificate of No Response to *Application to Employ John A. DiGiamberardino, Esq. as attorney* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor (related document(s)[5](#)). (DIGIAMBERARDINO, JOHN) (Entered: 03/26/2019) |
| 03/29/2019 | [24](#)<br>(38 pgs) | Declaration About Individual Debtor's Schedules , Disclosure of Compensation of Attorney for Debtor in the amount of 15000.00 Debtor James M. Amor, Schedules A/B - J , Statement of Financial Affairs for Individual , Summary of Assets and Liabilities and Certain Statistical Information Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 03/29/2019) |
| 03/29/2019 | [25](#)<br>(1 pg) | Cash Flow Statement for Small Business , Statement of Operations for Small Business , Small Business Balance Sheet Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 03/29/2019) |
| 03/29/2019 | [26](#)<br>(4 pgs) | Document in re: *Schedule C from 2017 income tax return* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 03/29/2019) |
| 03/29/2019 | [27](#)<br>(1 pg) | Certificate of No Response to *Application to Employ High Associates, Ltd. as Real Estate Broker* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor (related document(s)[13](#)). (DIGIAMBERARDINO, JOHN) (Entered: 03/29/2019) |
| 04/01/2019 | [28](#)<br>(1 pg) | Order Granting Application to Employ High Associates, Ltd. as Real Estate Broker Filed by James M. Amor Represented by JOHN A. DIGIAMBERARDINO (Related Doc # [13](#)) (R., Sara) (Entered: 04/01/2019) |

| | | |
|---|---|---|
| 04/02/2019 | 29<br>(3 pgs) | Response to Motion to Sell Property Free and Clear of Liens under Section 363(f) filed by Debtor James M. Amor Filed by Bank of America, N.A. (related document(s)11). (POSNER, SHANNON) (Entered: 04/02/2019) |
| 04/03/2019 | 30<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 28)). No. of Notices: 3. Notice Date 04/03/2019. (Admin.) (Entered: 04/04/2019) |
| 04/08/2019 | 31<br>(1 pg) | Order Granting Application to Employ John A. DiGiamberardino, Esq. as attorney Filed by James M. Amor Represented by JOHN A. DIGIAMBERARDINO (Related Doc # 5) (R., Sara) (Entered: 04/08/2019) |
| 04/10/2019 | 32<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 31)). No. of Notices: 3. Notice Date 04/10/2019. (Admin.) (Entered: 04/11/2019) |
| 04/17/2019 | 33 | Meeting of Creditors Continued. Reason for continuance: Request by Debtor's Counsel.. 341(a) meeting to be held on 4/30/2019 at 02:00 PM at 833 - Chestnut Street. (ADAMS, DAVE) (Entered: 04/17/2019) |
| 04/17/2019 | 34<br>(1 pg) | Notice of Change of Address *for creditor, Velocity Capital Group* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 04/17/2019) |
| 04/17/2019 | 35<br>(4 pgs; 2 docs) | Certificate of Service *and Notice to creditors of rescheduled creditor's meeting* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor (related document(s)14). (Attachments: # 1 Service List) (DIGIAMBERARDINO, JOHN) (Entered: 04/17/2019) |
| 04/18/2019 | 36 | Hearing Held on Motion to Sell Property Free and Clear of Liens under Section 363(f) Filed by James M. Amor Represented by JOHN A. DIGIAMBERARDINO (related document(s),11). Order Entered Granting Motion. (R., Sara) (Entered: 04/18/2019) |
| 04/18/2019 | 37<br>(1 pg) | Order Granting Motion to Sell Property Free and Clear of Liens under Section 363(f) Filed by James M. Amor Represented by JOHN A. DIGIAMBERARDINO(Related Doc # 11) (R., Sara) (Entered: 04/18/2019) |
| 04/20/2019 | 38<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 37)). No. of Notices: 3. Notice Date 04/20/2019. (Admin.) (Entered: 04/21/2019) |
| 04/23/2019 | 39<br>(2 pgs) | Notice of Appearance and Request for Notice by DENISE A. KUHN Filed by DENISE A. KUHN on behalf of Commonwealth of Pennsylvania, Department of Revenue. (KUHN, DENISE) (Entered: 04/23/2019) |
| 04/23/2019 | 40<br>(1 pg) | Creditor Request for Notices Filed by Commonwealth of PA UCTS. (CSU - OUCTS, PA Department of Labor and Industry) (Entered: 04/23/2019) |
| 04/25/2019 | 41<br>(32 pgs) | Monthly Operating Report for Filing Period March 2019 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 04/25/2019) |

| 05/03/2019 | | Meeting of Creditors Held and Concluded on: 4/30/2019. (ADAMS, DAVE) (Entered: 05/03/2019) |
|---|---|---|
| 05/03/2019 | [42](#) (1 pg) | Notice of Appointment of Creditors' Committee Filed by United States Trustee. (ADAMS, DAVE) (Entered: 05/03/2019) |
| 05/22/2019 | 43 | Case reassigned to Judge Magdeline D. Coleman Involvement of Chief Judge Richard E. Fehling Terminated. See Miscellaneous Case Number 19-03003-ref . (A., Clarice) (Entered: 05/22/2019) |
| 06/11/2019 | [44](#) (29 pgs) | Monthly Operating Report for Filing Period April 2019 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 06/11/2019) |
| 06/19/2019 | [45](#) (5 pgs; 3 docs) | Motion for Relief from Stay . Fee Amount $181.00, Filed by BRANCH BANKING & TRUST COMPANY Represented by PETER E. MELTZER (Counsel). Objections due by 7/8/2019. (Attachments: # [1](#) Proposed Order # [2](#) Exhibit Cert of Service) (MELTZER, PETER) (Entered: 06/19/2019) |
| 06/19/2019 | | Receipt of Motion for Relief From Stay(19-11598-mdc) [motion,mrlfsty] ( 181.00) Filing Fee. Receipt number 21535753. Fee Amount $ 181.00. (re: Doc# [45](#)) (U.S. Treasury) (Entered: 06/19/2019) |
| 06/19/2019 | [46](#) (2 pgs) | Notice of (related document(s): [45](#) Motion for Relief from Stay . Fee Amount $181.00,) Filed by BRANCH BANKING & TRUST COMPANY. Hearing scheduled 7/17/2019 at 12:30 PM at mad - Courtroom 1, Third Floor (Reading Court). (MELTZER, PETER) (Entered: 06/19/2019) |
| 07/08/2019 | [47](#) (4 pgs; 3 docs) | Response to Motion for Relief From Stay filed by Creditor BRANCH BANKING & TRUST COMPANY Filed by James M. Amor (related document(s)[45](#)). (Attachments: # [1](#) Proposed Order # [2](#) Certificate of Service) (DIGIAMBERARDINO, JOHN) (Entered: 07/08/2019) |
| 07/15/2019 | [48](#) (4 pgs; 3 docs) | Motion to Set Last Day to File Proofs of Claim Filed by James M. Amor Represented by JOHN A. DIGIAMBERARDINO (Counsel). (Attachments: # [1](#) Proposed Order # [2](#) Proposed Notice) (DIGIAMBERARDINO, JOHN) (Entered: 07/15/2019) |
| 07/15/2019 | [49](#) (2 pgs) | Notice of (related document(s): [48](#) Motion to Set Last Day to File Proofs of Claim ) *objections due 8/5/19* Filed by James M. Amor. Hearing scheduled 8/7/2019 at 12:30 PM at mad - Courtroom 1, Third Floor (Reading Court). (DIGIAMBERARDINO, JOHN) (Entered: 07/15/2019) |
| 07/15/2019 | [50](#) (3 pgs; 3 docs) | Motion to Extend time to File Chapter 11 Plan Filed by James M. Amor Represented by JOHN A. DIGIAMBERARDINO (Counsel). (Attachments: # [1](#) Proposed Order # [2](#) Certificate of Service) (DIGIAMBERARDINO, JOHN) (Entered: 07/15/2019) |
| 07/17/2019 | 51 | Hearing Continued on [45](#) Motion for Relief from Stay Filed by BRANCH BANKING & TRUST COMPANY Represented by PETER E. MELTZER. Hearing scheduled 7/31/2019 at 12:30 PM at mad - Courtroom 1, Third Floor (Reading Court). (R., Sara) (Entered: 07/17/2019) |
| 07/18/2019 | [52](#) (5 pgs; 3 docs) | Notice of (related document(s): [50](#) Motion to Extend time to File Chapter 11 Plan) *objections due 8/1/19* Filed by James M. Amor. Hearing |

| | | |
|---|---|---|
| | | scheduled 8/7/2019 at 12:30 PM at mad - Courtroom 1, Third Floor (Reading Court). (Attachments: # 1 Certificate of Service # 2 Service List) (DIGIAMBERARDINO, JOHN) (Entered: 07/18/2019) |
| 07/19/2019 | 53 (28 pgs) | Monthly Operating Report for Filing Period May 2019 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 07/19/2019) |
| 07/19/2019 | 54 (26 pgs) | Monthly Operating Report for Filing Period June 2019 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 07/19/2019) |
| 07/23/2019 | 55 (3 pgs; 2 docs) | Certificate of Service *of Motion to Set Last Day to File Proofs of Claim, proposed Order, proposed Notice, Notice of Motion, Response Deadline and Hearing Date* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor (related document(s)48). (Attachments: # 1 Service List) (DIGIAMBERARDINO, JOHN) (Entered: 07/23/2019) |
| 07/31/2019 | 56 | Hearing Continued on 45 Motion for Relief from Stay Filed by BRANCH BANKING & TRUST COMPANY Represented by PETER E. MELTZER. Hearing scheduled 9/11/2019 at 12:30 PM at mad - Courtroom 1, Third Floor (Reading Court). (R., Sara) (Entered: 07/31/2019) |
| 08/02/2019 | 57 (1 pg) | Certificate of No Response to *Motion to Extend time to File Chapter 11 Plan* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor (related document(s)50). (DIGIAMBERARDINO, JOHN) (Entered: 08/02/2019) |
| 08/06/2019 | 58 (1 pg) | Certificate of No Response to *Motion to Set Last Day to File Proofs of Claim* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor (related document(s)48). (DIGIAMBERARDINO, JOHN) (Entered: 08/06/2019) |
| 08/07/2019 | 59 | Hearing Held on 48 Motion to Set Last Day to File Proofs of Claim Filed by James M. Amor Represented by JOHN A. DIGIAMBERARDINO (Counsel). Certificate of no objection filed. Order entered. (D., Virginia) (Entered: 08/08/2019) |
| 08/07/2019 | 60 | Hearing Held on 50 Motion to Extend time to File Chapter 11 Plan Filed by James M. Amor Represented by JOHN A. DIGIAMBERARDINO (Counsel). Certification of no objection filed. Order entered. (D., Virginia) (Entered: 08/08/2019) |
| 08/07/2019 | 61 (1 pg) | Order Granting Motion to Extend Time (Related Doc # 50) Documents Due by 9/20/2019. Chapter 11 Plan due 9/20/2019. (D., Virginia) (Entered: 08/08/2019) |
| 08/07/2019 | 62 (1 pg) | Order Granting Motion To Set Last Day To File Proofs of Claim (Related Doc # 48) Proofs of Claims due by 9/6/2019. (D., Virginia) (Entered: 08/08/2019) |
| 08/10/2019 | 63 (2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 61)). No. of Notices: 1. Notice Date 08/10/2019. (Admin.) (Entered: 08/11/2019) |

| | | |
|---|---|---|
| 08/10/2019 | 64 (2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 62)). No. of Notices: 1. Notice Date 08/10/2019. (Admin.) (Entered: 08/11/2019) |
| 08/23/2019 | 65 (40 pgs) | Monthly Operating Report for Filing Period July 2019 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 08/23/2019) |
| 09/10/2019 | 66 (1 pg) | Praecipe to Withdraw *Motion for Relief from Automatic Stay* Filed by PETER E. MELTZER on behalf of BRANCH BANKING & TRUST COMPANY (related document(s)45). (MELTZER, PETER) (Entered: 09/10/2019) |
| 09/11/2019 | 67 | Hearing on Motion for Relief from Stay Filed by BRANCH BANKING & TRUST COMPANY Represented by PETER E. MELTZER Cancelled. Reason for Cancellation: Motion Withdrawn (related document(s)45). (R., Sara) (Entered: 09/11/2019) |
| 09/19/2019 | 68 (5 pgs; 4 docs) | ***Correct Second Motion to Extend time to File Chapter 11 Plan Filed by James M. Amor Represented by JOHN A. DIGIAMBERARDINO (Counsel). (Attachments: # 1 Proposed Order # 2 Certificate of Service # 3 Service List) (DIGIAMBERARDINO, JOHN) Modified on 9/20/2019 (D., Virginia). (Entered: 09/19/2019) |
| 09/19/2019 | 69 (2 pgs) | Notice of (related document(s): 68 Motion to Extend time to File Chapter 11 Plan) *objections due 10/3/19* Filed by James M. Amor. Hearing scheduled 10/16/2019 at 12:30 PM at mad - Courtroom 1, Third Floor (Reading Court). (DIGIAMBERARDINO, JOHN) (Entered: 09/19/2019) |
| 09/19/2019 | 70 (18 pgs; 5 docs) | Objection to Claim Number 3 by Claimant Internal Revenue Service. Filed by James M. Amor. (Attachments: # 1 Proposed Order # 2 Exhibit A - Proof of Claim of IRS # 3 Exhibit B - settlement sheet # 4 Certificate of Service)(DIGIAMBERARDINO, JOHN) (Entered: 09/19/2019) |
| 09/19/2019 | 71 (1 pg) | Notice of Objection to claim *#3 filed by IRS* Filed by James M. Amor (related document(s)70). Hearing scheduled 11/6/2019 at 12:30 PM at mad - Courtroom 1, Third Floor (Reading Court). (DIGIAMBERARDINO, JOHN) (Entered: 09/19/2019) |
| 09/25/2019 | 72 (43 pgs) | Monthly Operating Report for Filing Period August 2019 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 09/25/2019) |
| 10/04/2019 | 73 (1 pg) | Certificate of No Response to *Second Motion to Extend time to File Chapter 11 Plan* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor (related document(s)68). (DIGIAMBERARDINO, JOHN) (Entered: 10/04/2019) |
| 10/16/2019 | 74 | Hearing Held on 68 ***Correct Second Motion to Extend time to File Chapter 11 Plan Filed by James M. Amor Represented by JOHN A. DIGIAMBERARDINO (Counsel). Certification of no objection filed . Order entered. ((D., Virginia) (Entered: 10/17/2019) |
| 10/16/2019 | 75 (1 pg) | Order Granting Motion to Extend Time (Related Doc # 68) Chapter 11 Plan Due by 11/18/2019. (D., Virginia) (Entered: 10/17/2019) |

| 10/19/2019 | [76](#)<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # [75](#)). No. of Notices: 1. Notice Date 10/19/2019. (Admin.) (Entered: 10/21/2019) |
| 10/31/2019 | [77](#)<br>(2 pgs; 2 docs) | Praecipe to Withdraw *Objection to Claim Number 3 by Claimant Internal Revenue Service* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor (related document(s)[70](#)). (Attachments: # [1](#) Certificate of Service) (DIGIAMBERARDINO, JOHN) (Entered: 10/31/2019) |
| 11/04/2019 | [78](#)<br>(36 pgs) | Monthly Operating Report for Filing Period September 2019 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 11/04/2019) |
| 11/06/2019 | 79 | Hearing on Objection to Claim Number 3 by Claimant Internal Revenue Service Filed by James M. Amor Cancelled. Reason for Cancellation: Objection Withdrawn (related document(s)[70](#)). (R., Sara) (Entered: 11/06/2019) |
| 11/18/2019 | [80](#)<br>(81 pgs; 3 docs) | Motion to Approve Disclosure Statement *Application for Conditional Approval of Disclosure Statement and for fixing of dates for the filing of acceptances or rejections to Debtor's Combined Disclosure Statement and Plan.* Filed by James M. Amor Represented by JOHN A. DIGIAMBERARDINO (Counsel). (Attachments: # [1](#) Proposed Order # [2](#) Exhibit A) (DIGIAMBERARDINO, JOHN) (Entered: 11/18/2019) |
| 11/27/2019 | [81](#)<br>(33 pgs) | Monthly Operating Report for Filing Period October 2019 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 11/27/2019) |
| 12/03/2019 | [82](#)<br>(1 pg) | Order Approving Disclosure Statement and Setting Hearing on Confirmation. Confirmation Hearing scheduled 1/8/2020 at 12:30 PM at mad - Courtroom 1, Third Floor (Reading Court). Last day to Object to Confirmation 1/2/2020. (D., Virginia) (Entered: 12/03/2019) |
| 12/05/2019 | [83](#)<br>(1 pg) | Disclosure of Compensation of Attorney for Debtor in the amount of 18500.00 *AMENDED* Debtor James M. Amor Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 12/05/2019) |
| 12/05/2019 | [84](#)<br>(3 pgs; 2 docs) | Certificate of Service *of Motion to Approve Disclosure Statement Application for Conditional Approval of Disclosure Statement and for fixing of dates for the filing of acceptances or rejections to Debtor's Combined Disclosure Statement and Plan, Ballot and Order dated 12/3/19* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor (related document(s)[80](#)). (Attachments: # [1](#) Order dated 12/3/19) (DIGIAMBERARDINO, JOHN) (Entered: 12/05/2019) |
| 12/05/2019 | [85](#)<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # [82](#)). No. of Notices: 1. Notice Date 12/05/2019. (Admin.) (Entered: 12/06/2019) |
| 12/23/2019 | [86](#)<br>(4 pgs; 3 docs) | Motion to Extend time to Confirm Small Business Chapter 11 Plan Required by 11 U.S.C. 1129(e) Filed by James M. Amor Represented by JOHN A. DIGIAMBERARDINO (Counsel). (Attachments: # [1](#) Proposed Order # [2](#) Certificate of Service) (DIGIAMBERARDINO, JOHN) (Entered: 12/23/2019) |

| 12/23/2019 | 87<br>(4 pgs; 2 docs) | Objection to Approve Disclosure Statement filed by Debtor James M. Amor *and Objection to Confirmation of Plan* Filed by Commonwealth of Pennsylvania, Department of Revenue (related document(s)80). (Attachments: # 1 Certificate of Service) (KUHN, DENISE) (Entered: 12/23/2019) |
|---|---|---|
| 12/31/2019 | 88<br>(1 pg) | Order Granting Motion to Extend Time (Related Doc # 86) . Debtor shall have through and including February 22, 2020 to secure confirmation of his Chapter 11 Plan . (D., Virginia) (Entered: 01/02/2020) |
| 01/04/2020 | 89<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 88)). No. of Notices: 1. Notice Date 01/04/2020. (Admin.) (Entered: 01/05/2020) |
| 01/06/2020 | 90<br>(35 pgs) | Monthly Operating Report for Filing Period November 2019 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) Modified on 1/7/2020 (D., Virginia).**Corrected to read November rather than December (Entered: 01/06/2020) |
| 01/08/2020 | 91<br>(6 pgs; 2 docs) | Proposed Consent Order RE: *confirming Plan* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor (related document(s)80, 87). (Attachments: # 1 Exhibit Chapter 11 Plan) (DIGIAMBERARDINO, JOHN) (Entered: 01/08/2020) |
| 01/08/2020 | 92<br>(3 pgs; 2 docs) | Report of Plan Voting Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (Attachments: # 1 Exhibit summary of balloting) (DIGIAMBERARDINO, JOHN) (Entered: 01/08/2020) |
| 01/08/2020 | 93 | Hearing Held and Continued re: Combined Hearing to Consider and Rule Upon the Adequacy of the Information Contained in the Disclosure Statement and Confirmation of the Plan. Hearing scheduled 1/22/2020 at 12:30 PM at mad - Courtroom 1, Third Floor (Reading Court). (R., Sara) (Entered: 01/08/2020) |
| 01/15/2020 | 94<br>(3 pgs) | Affidavit Re: *James M. Amor Affidavit in Support of Motion to Approve Disclosure Statement Application for Conditional Approval of Disclosure Statement and for fixing of dates for the filing of acceptances or rejections to Debtor's Combined Disclosure Statement and Plan* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor (related document(s)80). (DIGIAMBERARDINO, JOHN) (Entered: 01/15/2020) |
| 01/15/2020 | 95<br>(1 pg) | Supplemental Certificate of Service *Application for Conditional Approval of Disclosure Statement and for fixing of dates for the filing of acceptances or rejections to Debtor's Combined Disclosure Statement and Plan* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor (related document(s)80). (DIGIAMBERARDINO, JOHN) (Entered: 01/15/2020) |
| 01/15/2020 | 96<br>(3 pgs; 2 docs) | Report of Plan Voting Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (Attachments: # 1 Exhibit Summary of Ballot voting) (DIGIAMBERARDINO, JOHN) (Entered: 01/15/2020) |
| 01/15/2020 | 97<br>(4 pgs) | Objection to Confirmation of Plan Filed by MATTHEW E. K. HOWATT on behalf of United States of America. (HOWATT, MATTHEW) (Entered: 01/15/2020) |

| | | |
|---|---|---|
| 01/22/2020 | **98**<br>(6 pgs; 2 docs) | Proposed Consent Order RE: *confirming Plan* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor (related document(s)80). (Attachments: # 1 Exhibit Chapter 11 Plan) (DIGIAMBERARDINO, JOHN) (Entered: 01/22/2020) |
| 01/22/2020 | 99 | Hearing Held re: Combined Hearing to Consider and Rule Upon the Adequacy of the Information Contained in the Disclosure Statement and Confirmation of the Plan. Order entered. (D., Virginia) (Entered: 01/22/2020) |
| 01/22/2020 | **100**<br>(2 pgs) | Consent Order Confirming Chapter 11 Plan. (D., Virginia) (Entered: 01/22/2020) |
| 01/24/2020 | **101**<br>(4 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 100)). No. of Notices: 17. Notice Date 01/24/2020. (Admin.) (Entered: 01/25/2020) |
| 02/18/2020 | **102**<br>(39 pgs) | Monthly Operating Report for Filing Period December 2019 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 02/18/2020) |
| 02/18/2020 | **103**<br>(43 pgs) | Monthly Operating Report for Filing Period January 2020 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 02/18/2020) |
| 03/13/2020 | | Case reassigned to Judge Patricia M. Mayer Involvement of Chief Judge Magdeline D. Coleman Terminated. See Miscellaneous Case Number 20-03002-mdc . (A., Clarice) (Entered: 03/13/2020) |
| 06/01/2020 | **104**<br>(13 pgs; 5 docs) | Application for Compensation *of Counsel Fees and Costs* for JOHN A. DIGIAMBERARDINO, Debtor's Attorney, Period: 3/15/2019 to 3/5/2020, Fee: $17601.15, Expenses: $898.85. Filed by JOHN A. DIGIAMBERARDINO Represented by Self(Counsel). (Attachments: # 1 Proposed Order # 2 Exhibit A - time sheet # 3 Certificate of Service and Notice # 4 Service List) (DIGIAMBERARDINO, JOHN) **Modified on 6/2/2020 to remove the word "Interim" to reflect the PDF**(D., Virginia). (Entered: 06/01/2020) |
| 06/16/2020 | **105**<br>(1 pg) | Certificate of No Response to *Application for Compensation of Counsel Fees and Costs* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor (related document(s)104). (DIGIAMBERARDINO, JOHN) (Entered: 06/16/2020) |
| 06/19/2020 | **106**<br>(3 pgs) | Order Granting Application For Compensation (Related Doc # 104) Granting for JOHN A. DIGIAMBERARDINO, fees awarded: $16601.15, expenses awarded: $898.85 (D., Virginia) (Entered: 06/19/2020) |
| 06/21/2020 | **107**<br>(4 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 106)). No. of Notices: 1. Notice Date 06/21/2020. (Admin.) (Entered: 06/22/2020) |
| 06/24/2020 | **108**<br>(51 pgs) | Monthly Operating Report for Filing Period February 2020 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 06/24/2020) |
| 06/24/2020 | **109** | Monthly Operating Report for Filing Period March 2020 Filed by JOHN |

| | | |
|---|---|---|
| | (48 pgs) | A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 06/24/2020) |
| 06/24/2020 | [110](#) (39 pgs) | Monthly Operating Report for Filing Period April 2020 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 06/24/2020) |
| 07/07/2020 | [111](#) (38 pgs) | Monthly Operating Report for Filing Period May 2020 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 07/07/2020) |
| 08/06/2020 | [112](#) (34 pgs) | Monthly Operating Report for Filing Period June 2020 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 08/06/2020) |
| 08/06/2020 | [113](#) (25 pgs) | Monthly Operating Report for Filing Period July 2020 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 08/06/2020) |
| 08/13/2020 | 114 | Certification of costs - None due ($0.00). (W., Belinda) (Entered: 08/13/2020) |
| 09/28/2020 | [115](#) (7 pgs; 5 docs) | Motion to Compel *the filing of post confirmation disbursement reports and plan implementation reports*, Motion to Convert Case to Chapter 7 . Fee Amount $0, or in the alternative Motion to Dismiss Case. Filed by United States Trustee Represented by DAVE P. ADAMS (Counsel). (Attachments: # [1](#) Proposed Order # [2](#) Proposed Order # [3](#) Proposed Order # [4](#) Service List) (ADAMS, DAVE) (Entered: 09/28/2020) |
| 09/28/2020 | [116](#) (1 pg) | Notice of Motion to Compel[115](#) Filed by United States Trustee. Hearing scheduled 10/27/2020 at 11:00 AM at PENN4 - 4TH fl Courtroom. (ADAMS, DAVE) (Entered: 09/28/2020) |
| 10/01/2020 | [117](#) (4 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # [116](#)). No. of Notices: 19. Notice Date 10/01/2020. (Admin.) (Entered: 10/02/2020) |
| 10/27/2020 | | Hearing Continued on [115](#) Motion to Compel *the filing of post confirmation disbursement reports and plan implementation reports*, Motion to Convert Case to Chapter 7 or in the alternative Motion to Dismiss Case Filed by United States Trustee Represented by DAVE P. ADAMS (Counsel). Hearing scheduled 11/24/2020 at 11:00 AM at PENN4 - 4TH fl Courtroom. (S., Barbara) (Entered: 10/27/2020) |
| 11/03/2020 | [118](#) (6 pgs) | Report on Postconfirmation Distribution for the month of First, Second and Third Quarter 2020 post-confirmation reports Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 11/03/2020) |
| 11/16/2020 | [119](#) (6 pgs; 3 docs) | Supporting Response to Motion to Compel filed by U.S. Trustee United States Trustee, Motion to Convert Case to Chapter 7, Motion to Dismiss Case for Other Filed by Commonwealth of Pennsylvania, Department of Revenue (related document(s)[115](#)). (Attachments: # [1](#) Declaration # [2](#) Certificate of Service) (KUHN, DENISE) (Entered: 11/16/2020) |
| 11/23/2020 | [120](#) | Amended Document *Post-confirmation quarterly summary report for 1st,* |

| | | |
|---|---|---|
| | (6 pgs) | *2d, 3rd quarter of 2020* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (related document(s)118). (DIGIAMBERARDINO, JOHN) (Entered: 11/23/2020) |
| 11/24/2020 | | Hearing Continued on 115 Motion to Compel *the filing of post confirmation disbursement reports and plan implementation reports*, Motion to Convert Case to Chapter 7 or in the alternative Motion to Dismiss Case Filed by United States Trustee Represented by DAVE P. ADAMS (Counsel). Hearing scheduled 2/16/2021 at 11:00 AM at PENN4 - 4TH fl Courtroom. (S., Barbara) (Entered: 11/24/2020) |
| 01/14/2021 | 121 (2 pgs) | Monthly Operating Report for Filing Period 4th quarter 2020 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 01/14/2021) |
| 02/11/2021 | 122 (3 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: B B & T (Claim No. 1) To Truist Bank. Fee Amount $26 To Truist Bank111 Millpoint CirGrennville, South Carolina 29607 Filed by TRUIST BANK. (MOYER, LAUREN) (Entered: 02/11/2021) |
| 02/11/2021 | | Receipt of Transfer of Claim( 19-11598-pmm) [claims,trclm] ( 26.00) Filing Fee. Receipt number A23086034. Fee Amount $ 26.00. (re: Doc# 122) (U.S. Treasury) (Entered: 02/11/2021) |
| 02/14/2021 | 123 (3 pgs) | BNC Certificate of Mailing - Transfer of Claim. Number of Notices Mailed: (related document(s) (Related Doc # 122)). No. of Notices: 0. Notice Date 02/14/2021. (Admin.) (Entered: 02/15/2021) |
| 02/16/2021 | 124 | Hearing Continued on 115 Motion to Compel *the filing of post confirmation disbursement reports and plan implementation reports*, Motion to Convert Case to Chapter 7 or in the alternative Motion to Dismiss Case Filed by United States Trustee Represented by DAVE P. ADAMS (Counsel). Hearing scheduled 3/30/2021 at 11:00 AM at PENN4 - 4TH fl Courtroom. (S., Barbara) (Entered: 02/16/2021) |
| 03/30/2021 | 125 | Hearing Held on 115 Motion to Compel *the filing of post confirmation disbursement reports and plan implementation reports*, Motion to Convert Case to Chapter 7 or in the alternative Motion to Dismiss Case. Filed by United States Trustee Represented by DAVE P. ADAMS (Counsel). Motion Withdrawn on Record. (related document(s),115). (S., Barbara) (Entered: 03/30/2021) |
| 04/30/2021 | 126 (2 pgs) | Monthly Operating Report for Filing Period First Quarter 2021 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 04/30/2021) |
| 05/12/2021 | 127 (2 pgs) | Notice of Appearance and Request for Service of Papers by MARISA MYERS COHEN Filed by MARISA MYERS COHEN on behalf of TRUIST BANK. (COHEN, MARISA) **Modified on 5/13/2021. Edited the the text to match the PDF** (D., Virginia). (Entered: 05/12/2021) |
| 09/07/2021 | 128 (6 pgs) | Withdrawal of Appearance of John A. DiGiamberarino and entry of appearance of Stephen M. Otto . (A., Clarice) (Entered: 09/07/2021) |
| 09/24/2021 | 129 (18 pgs) | Small Business Monthly Operating Report for Filing Period quarter ending 6/30/21 Filed by STEPHEN MCCOY OTTO on behalf of James M. Amor. (OTTO, STEPHEN) (Entered: 09/24/2021) |

| | | |
|---|---|---|
| 11/02/2021 | [130](#)<br>(2 pgs) | Withdrawal of Appearance of Denise A.Kuhn and entry of appearance of Melissa L. Van Eck Filed by MELISSA L. VAN ECK on behalf of Commonwealth of Pennsylvania, Department of Revenue. (VAN ECK, MELISSA) (Entered: 11/02/2021) |
| 11/03/2021 | [131](#)<br>(1 pg) | Order Scheduling Status Conference. (related document(s)[128](#)). Conference scheduled 11/30/2021 at 11:00 AM at PENN4 - 4TH fl Courtroom. (D., Virginia) (Entered: 11/03/2021) |
| 11/05/2021 | [132](#)<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # [131](#))). No. of Notices: 1. Notice Date 11/05/2021. (Admin.) (Entered: 11/06/2021) |
| 11/30/2021 | [133](#)<br>(2 pgs) | Small Business Monthly Operating Report for Filing Period 3rd Quarter 2021 Filed by STEPHEN MCCOY OTTO on behalf of James M. Amor. (OTTO, STEPHEN) (Entered: 11/30/2021) |
| 11/30/2021 | 134 | Status Hearing held and concluded. (S., Barbara) (Entered: 11/30/2021) |
| 12/14/2021 | [135](#)<br>(40 pgs) | Withdrawal of Appearance of Lauren M. Moyer, Esquire and entry of appearance of Marisa Myers Cohen, Esquire . (A., Clarice) (Entered: 12/14/2021) |
| 03/22/2022 | [136](#)<br>(2 pgs) | Small Business Monthly Operating Report for Filing Period 4th Quarter 2021 Filed by STEPHEN MCCOY OTTO on behalf of James M. Amor. (OTTO, STEPHEN) (Entered: 03/22/2022) |
| 04/25/2022 | [137](#)<br>(2 pgs) | Small Business Monthly Operating Report for Filing Period January - March 2022 Filed by STEPHEN MCCOY OTTO on behalf of James M. Amor. (OTTO, STEPHEN) (Entered: 04/25/2022) |
| 06/20/2022 | [138](#)<br>(9 pgs; 3 docs) | Emergency Motion to Sell Property Free and Clear of Liens under Section 363(f) Fee Amount $188.00 Filed by James M. Amor Represented by STEPHEN MCCOY OTTO (Counsel). (Attachments: # [1](#) Proposed Order # [2](#) Exhibit Exhibit A - Letter of Intent) (OTTO, STEPHEN) (Entered: 06/20/2022) |
| 06/20/2022 | [139](#)<br>(2 pgs) | Expedited Notice of (related document(s): [138](#) Emergency Motion to Sell Property Free and Clear of Liens under Section 363(f) Fee Amount $188.00) Filed by James M. Amor. (OTTO, STEPHEN) (Entered: 06/20/2022) |
| 06/21/2022 | [140](#)<br>(1 pg) | Proposed Order Re: *Expedited Scheduling Order* Filed by STEPHEN MCCOY OTTO on behalf of James M. Amor (related document(s)[138](#)). (OTTO, STEPHEN) (Entered: 06/21/2022) |
| 06/21/2022 | [141](#)<br>(1 pg) | Order entered Scheduling EXPEDITED Hearing re:[138](#) Emergency Motion to Sell Property Free and Clear of Liens under Section 363(f) Fee Amount $188.00 Filed by James M. Amor Represented by STEPHEN MCCOY OTTO (Counsel). Hearing scheduled 6/28/2022 at 11:00 AM at PENN4 - 4TH fl Courtroom. (D., Virginia) (Entered: 06/21/2022) |
| 06/22/2022 | | Receipt of Motion to Sell Property Free and Clear of Liens under Section 363(f) ( [19-11598-pmm](#)) [motion,msell363] ( 188.00) Filing Fee. Receipt |

| | | |
|---|---|---|
| | | number A24199332. Fee Amount $ 188.00. (re: Doc# 138) (U.S. Treasury) (Entered: 06/22/2022) |
| 06/22/2022 | 142 (5 pgs; 2 docs) | Amended Motion to Sell Filed by James M. Amor Represented by STEPHEN MCCOY OTTO (Counsel). (Attachments: # 1 Proposed Order) (OTTO, STEPHEN) (Entered: 06/22/2022) |
| 06/22/2022 | 143 (6 pgs; 2 docs) | Certificate of Service *of Amended Emergency Motion to Sell Free and Clear of Liens; Order Setting Hearing* Filed by STEPHEN MCCOY OTTO on behalf of James M. Amor (related document(s)142, 141, 138). (Attachments: # 1 Service List) (OTTO, STEPHEN) (Entered: 06/22/2022) |
| 06/23/2022 | 144 (3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 141)). No. of Notices: 1. Notice Date 06/23/2022. (Admin.) (Entered: 06/24/2022) |
| 06/27/2022 | 145 (5 pgs) | Objection to Motion to Sell filed by Debtor James M. Amor Filed by United States of America (related document(s)142). (HOWATT, MATTHEW) (Entered: 06/27/2022) |
| 06/27/2022 | 146 (4 pgs; 2 docs) | Objection of the Commonwealth of Pennsylvania, Department of Revenue to Debtor's to Debtor's Amended Emergency Motion to Sell Debtor's Business-Related Assets Free & Clear of Liens & Encumbrances Filed by Commonwealth of Pennsylvania, Department of Revenue. (Attachments: # 1 Certificate of Service)(VAN ECK, MELISSA) **Modified on 6/28/2022. Edited the text to match the PDF** (D., Virginia). (Entered: 06/27/2022) |
| 06/28/2022 | 147 (7 pgs) | Final Form of Proposed Bill of Sale Filed by STEPHEN MCCOY OTTO on behalf of James M. Amor (related document(s)142, 141, 138). (OTTO, STEPHEN) (Entered: 06/28/2022) |
| 06/28/2022 | 148 (3 pgs) | Proposed Order Re: *Revised Proposed Order* Filed by STEPHEN MCCOY OTTO on behalf of James M. Amor (related document(s)142). (OTTO, STEPHEN) (Entered: 06/28/2022) |
| 06/28/2022 | 149 | Hearing Held on 138 Emergency Motion to Sell Property Free and Clear of Liens under Section 363(f) Filed by James M. Amor Represented by STEPHEN MCCOY OTTO (Counsel). Testimony Taken. Revised Order to be Entered Granting Motion, upon filing by counsel for Debtor.(related document(s),138). (S., Barbara) (Entered: 06/28/2022) |
| 06/28/2022 | 150 (2 pgs) | Proposed Order Re: Filed by STEPHEN MCCOY OTTO on behalf of James M. Amor (related document(s) 149 ). (OTTO, STEPHEN) (Entered: 06/28/2022) |
| 06/29/2022 | 151 (2 pgs) | Order entered Granting Amended Motion To Sell Business-Related Assets Free and Clear of Liens and Encumbrances(Related Doc # 142). (D., Virginia) (Entered: 06/29/2022) |
| 07/01/2022 | 152 (4 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 151)). No. of Notices: 1. Notice Date 07/01/2022. (Admin.) (Entered: 07/02/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/13/2022 17:28:22 | | | |
| PACER Login: | courtneyconover | Client Code: | 7035496 |
| Description: | Docket Report | Search Criteria: | 19-11598-pmm Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| Billable Pages: | 13 | Cost: | 1.30 |

Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105
215-627-1377
*TERMINATED: 09/08/2014*

**Trustee**
**CHRISTINE C. SHUBERT**
821 Wesley Avenue
Ocean City, NJ 08226
(609) 923-7184

represented by **CHRISTINE C. SHUBERT**
10 Teaberry Drive
Medford, NJ 08055
856-983-7735
Email: christineshubert@comcast.net

**U.S. Trustee**
**United States Trustee**
Office of the U.S. Trustee
Robert N.C. Nix Federal Building
Suite 300
Philadelphia, PA 19107
(215) 597-4411

| Filing Date | # | Docket Text |
|---|---|---|
| 08/22/2014 | 1<br>(7 pgs) | Chapter 13 Voluntary Petition . Fee Amount $310 Filed by James M. Amor, Patricia E. Amor. Government Proof of Claim Deadline: 02/18/2015. Atty Disclosure Statement due 09/5/2014. Chapter 13 Plan due by 09/5/2014. Statement of Current Monthly Income due 09/5/2014. Schedules A-J due 09/5/2014. Statement of Financial Affairs due 09/5/2014. Summary of schedules due 09/5/2014. Statistical Summary of Certain Liabilities due 09/5/2014. Incomplete Filings due by 09/5/2014. (DIGIAMBERARDINO, JOHN) (Entered: 08/22/2014) |
| 08/22/2014 | 2 | Matrix Filed. Number of pages filed: 4, Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor, Patricia E. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 08/22/2014) |
| 08/22/2014 | 3 | Statement of Social Security Number Received. Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor, Patricia E. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 08/22/2014) |
| 08/22/2014 | 4<br>(2 pgs) | Exhibit D - Debtor has received counseling and has attached required documents. Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 08/22/2014) |
| 08/22/2014 | 5<br>(2 pgs) | Exhibit D - Debtor has received counseling and has attached required documents. Filed by JOHN A. DIGIAMBERARDINO on behalf of Patricia E. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 08/22/2014) |
| 08/22/2014 | 6<br>(2 pgs) | Certificate of Credit Counseling Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 08/22/2014) |
| 08/22/2014 | | Receipt of Voluntary Petition (Chapter 13)(14-16775) [misc,volp13a] ( 310.00) Filing Fee. Receipt number 15243563. Fee Amount $ 310.00. (re: Doc# 1) (U.S. Treasury) (Entered: 08/22/2014) |

| 08/22/2014 | [7](#)<br>(1 pg) | Certificate of Credit Counseling Filed by JOHN A. DIGIAMBERARDINO on behalf of Patricia E. Amor . (R., Yvette) (Entered: 08/26/2014) |
| --- | --- | --- |
| 08/26/2014 | [8](#)<br>(1 pg) | Order Entered that unless the following missing documents are filed: Atty Disclosure Statement due 09/5/2014. Chapter 13 Plan due by 09/5/2014. Statement of Current Monthly Income due 09/5/2014. Schedules A-J due 09/5/2014. Statement of Financial Affairs due 09/5/2014. Summary of schedules due 09/5/2014. Statistical Summary of Certain Liabilities due 09/5/2014; It is hereby ORDERED that, if the debtor has not filed the Matrix List of Creditors (as required by L.B.R. 1007.2) or the Certificate of Credit Counseling or a Request for a Waiver from the Credit Counseling Requirement, then those documents are due within seven days of filing of the petition or else this case may be dismissed without additional notice or hearing after that date. It is further ORDERED that all other missing documents are due within 14 days of the date of the filing of the petition, unless an extension for cause, sought prior to the expiration of 14 days, is granted. If not, this case may be dismissed without additional notice or hearing after 14 days after petition date. (R., Yvette) (Entered: 08/26/2014) |
| 08/26/2014 | | WILLIAM C. MILLER added to case. (R., Yvette) (Entered: 08/26/2014) |
| 08/28/2014 | [9](#)<br>(2 pgs) | BNC Certificate of Mailing - Voluntary Petition. Number of Notices Mailed: (related document(s) (Related Doc # [8](#)). No. of Notices: 1. Notice Date 08/28/2014. (Admin.) (Entered: 08/29/2014) |
| 09/05/2014 | [10](#)<br>(1 pg) | Praecipe to Convert Case From Chapter 13 to Chapter 7 Fee Amount $25.00 Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor, Patricia E. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 09/05/2014) |
| 09/05/2014 | | Receipt of Notice / Praecipe to Convert(14-16775-mdc) [misc,prcnva] ( 25.00) Filing Fee. Receipt number 15286708. Fee Amount $ 25.00. (re: Doc# [10](#)) (U.S. Treasury) (Entered: 09/05/2014) |
| 09/08/2014 | | Convert Case . (J., Randi) (Entered: 09/08/2014) |
| 09/08/2014 | [11](#)<br>(1 pg) | Notice is hereby given in accordance with 11 U.S.C. 342(d): This is a Chapter 7 case of an individual with primarily consumer debts and insufficient information has been filed to date to permit the clerk to make any determination concerning the presumption of abuse. If more complete information, when filed, shows that the presumption has arisen, creditors will be notified under F.R.B.P. 5008. . (J., Randi) (Entered: 09/08/2014) |
| 09/09/2014 | 12 | Notice of Appointment of Trustee . CHRISTINE C. SHUBERT added to the case.. (ROSEBORO, DEBORAH) (Entered: 09/09/2014) |
| 09/10/2014 | [13](#)<br>(3 pgs) | BNC Certificate of Mailing - Clerk's Notice Re: Presumption of Abuse.Number of Notices Mailed: (related document(s) (Related Doc # [11](#)). No. of Notices: 25. Notice Date 09/10/2014. (Admin.) (Entered: 09/11/2014) |
| 09/11/2014 | [14](#)<br>(7 pgs) | Chapter 7 Statement of Current Monthly Income and Means Test Calculation (Form 22A) . Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor, James M. Amor, Patricia E. Amor, Patricia E. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 09/11/2014) |

| 09/11/2014 | [15](#)<br>(46 pgs) | Declaration re: *concerning debtors' Schedules*, Disclosure of Compensation of Attorney for Debtor in the amount of $2165.00 Debtors James M. Amor, James M. Amor, Joint Debtors Patricia E. Amor, Patricia E. Amor, Schedules A - J , Summary of Schedules , Statement of Financial Affairs , Statement of Intent. , Statistical Summary of Certain Liabilities Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor, James M. Amor, Patricia E. Amor, Patricia E. Amor (related document(s)[1](#)). (DIGIAMBERARDINO, JOHN) (Entered: 09/11/2014) |
|---|---|---|
| 09/15/2014 | [16](#)<br>(4 pgs) | Chapter 13 Trustee's Final Report and Account, Converted. Filed by WILLIAM C. MILLER. (MILLER2, WILLIAM) (Entered: 09/15/2014) |
| 09/19/2014 | [17](#)<br>(3 pgs) | Meeting of Creditors . 341(a) meeting to be held on 10/14/2014 at 09:00 AM at Lancaster Marriott at Penn Square, 25 South Queen Street, Lancaster. Financial Management Course Certificate Due: 12/13/2014. Last day to oppose discharge or dischargeability is 12/13/2014. (H., Lisa) (Entered: 09/19/2014) |
| 09/21/2014 | [18](#)<br>(5 pgs) | BNC Certificate of Mailing - Meeting of Creditors. Number of Notices Mailed: (related document(s) (Related Doc # [17](#))). No. of Notices: 19. Notice Date 09/21/2014. (Admin.) (Entered: 09/22/2014) |
| 09/24/2014 | [19](#)<br>(1 pg) | Creditor Request for Notices Filed by GILBERT B. WEISMAN on behalf of American Express Centurion Bank. (WEISMAN, GILBERT) (Entered: 09/24/2014) |
| 10/09/2014 | [20](#)<br>(2 pgs) | Notice of Appearance and Request for Notice by Andrew L. Unterlack Filed by Andrew L. Unterlack on behalf of BANK OF AMERICA, N.A. (Unterlack, Andrew) (Entered: 10/09/2014) |
| 10/10/2014 | [21](#)<br>(1 pg) | Certificate of Service *of Statement of Intention* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor, Patricia E. Amor (related document(s)[15](#)). (DIGIAMBERARDINO, JOHN) (Entered: 10/10/2014) |
| 10/17/2014 | | Meeting of Creditors Pending and Not Concluded. *the debtor shall provide the trustee with a valuation of the business property, provide an account receivable run, the P and L statement for the 6 month period prior to the filing of the Bankruptcy petition; Information Due on: 11/6/2014.* (SHUBERT, CHRISTINE) (Entered: 10/17/2014) |
| 11/20/2014 | [22](#)<br>(29 pgs; 7 docs) | Motion for Relief from Stay . Fee Amount $176.00, Filed by BANK OF AMERICA, N.A Represented by Andrew L. Unterlack (Counsel). Objections due by 12/8/2014. (Attachments: # [1](#) Exhibit A # [2](#) Exhibit B # [3](#) Exhibit C # [4](#) Proposed Order # [5](#) Service List # [6](#) Exhibit Notice of Motion) (Unterlack, Andrew) (Entered: 11/20/2014) |
| 11/20/2014 | | Receipt of Motion for Relief From Stay(14-16775-mdc) [motion,mrlfsty] ( 176.00) Filing Fee. Receipt number 15568826. Fee Amount $ 176.00. (re: Doc# [22](#)) (U.S. Treasury) (Entered: 11/20/2014) |
| 11/20/2014 | [23](#)<br>(5 pgs; 2 docs) | Notice of (related document(s): [22](#) Motion for Relief from Stay . Fee Amount $176.00,) Filed by BANK OF AMERICA, N.A. Hearing scheduled 12/17/2014 at 10:30 AM at nix2 - Courtroom #2. (Attachments: # [1](#) Service List) (Unterlack, Andrew) (Entered: 11/20/2014) |

| | | |
|---|---|---|
| 12/08/2014 | 24<br>(4 pgs; 3 docs) | Response to Motion for Relief From Stay filed by Creditor BANK OF AMERICA, N.A Filed by James M. Amor, Patricia E. Amor (related document(s)22). (Attachments: # 1 Proposed Order # 2 Certificate of Service) (DIGIAMBERARDINO, JOHN) (Entered: 12/08/2014) |
| 12/09/2014 | 25<br>(1 pg) | Notice of Appearance and Request for Notice by D. LYNNE FERGUSON Filed by D. LYNNE FERGUSON on behalf of Lancaster County Tax Claim Bureau. (FERGUSON, D.) (Entered: 12/09/2014) |
| 12/10/2014 | 26<br>(1 pg) | Debtor Education Financial Management Course Certificate Filed. Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 12/10/2014) |
| 12/10/2014 | 27<br>(1 pg) | Debtor Education Financial Management Course Certificate Filed. Filed by JOHN A. DIGIAMBERARDINO on behalf of Patricia E. Amor. (DIGIAMBERARDINO, JOHN) (Entered: 12/10/2014) |
| 12/17/2014 | 28 | Hearing Continued on 22 Motion for Relief from Stay . Hearing scheduled 1/27/2015 at 10:30 AM at nix2 - Courtroom #2. Answer filed. (J., Randi) (Entered: 12/18/2014) |
| 01/07/2015 | 29<br>(1 pg) | Notice of Appearance and Request for Notice Filed by PA Dept of Labor and Industry - UCTS. (Bortz, Timothy) (Entered: 01/07/2015) |
| 01/21/2015 | 30<br>(1 pg) | Hearing RESCHEDULED on 22 Motion for Relief from Stay . Fee Amount $176.00, Filed by BANK OF AMERICA, N.A Represented by Andrew L. Unterlack (Counsel). Hearing scheduled 2/2/2015 at 11:00 AM at nix2 - Courtroom #2. (G., Eileen) (Entered: 01/21/2015) |
| 01/22/2015 | | Pending Meeting of Creditors Concluded on: 1/22/2015. (SHUBERT, CHRISTINE) (Entered: 01/22/2015) |
| 01/22/2015 | | Chapter 7 Trustee's Report of No Distribution: having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 5 months. Assets Abandoned (without deducting any secured claims): $ 777000.00, Assets Exempt: $ 64173.00, Claims Scheduled: $ 1462518.19, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 1462518.19. Filed by CHRISTINE C. SHUBERT. (SHUBERT, CHRISTINE) (Entered: 01/22/2015) |
| 01/23/2015 | 31<br>(1 pg) | Hearing RE-SCHEDULED on 22 Motion for Relief from Stay .Filed by BANK OF AMERICA, N.A Represented by Andrew L. Unterlack . Hearing scheduled 2/20/2015 at 10:30 AM at nix2 - Courtroom #2. (G., Eileen) (Entered: 01/23/2015) |
| 01/23/2015 | 32<br>(3 pgs) | BNC Certificate of Mailing - Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 30)). No. of Notices: 31. Notice Date |

| | | |
|---|---|---|
| | | 01/23/2015. (Admin.) (Entered: 01/24/2015) |
| 01/25/2015 | [33](#) (3 pgs) | BNC Certificate of Mailing - Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # [31](#))). No. of Notices: 31. Notice Date 01/25/2015. (Admin.) (Entered: 01/26/2015) |
| 01/27/2015 | 34 | Hearing Continued on [22](#) Motion for Relief from Stay . Hearing scheduled 2/20/2015 at 10:30 AM at nix2 - Courtroom #2. Answer filed. (J., Randi) (Entered: 01/28/2015) |
| 01/29/2015 | [35](#) (2 pgs) | Order Discharging Both Debtors. (J., Randi) (Entered: 01/29/2015) |
| 01/31/2015 | [36](#) (4 pgs) | BNC Certificate of Mailing - Order of Discharge. Number of Notices Mailed: (related document(s) (Related Doc # [35](#)). No. of Notices: 23. Notice Date 01/31/2015. (Admin.) (Entered: 02/01/2015) |
| 02/18/2015 | [37](#) (2 pgs; 2 docs) | Praecipe to Withdraw *Answer to Motion for Relief* Filed by JOHN A. DIGIAMBERARDINO on behalf of James M. Amor, Patricia E. Amor (related document(s)[24](#)). (Attachments: # [1](#) Certificate of Service) (DIGIAMBERARDINO, JOHN) (Entered: 02/18/2015) |
| 02/18/2015 | [38](#) (2 pgs; 2 docs) | Certificate of No Response to *Motion for Relief from Automatic Stay* Filed by Andrew L. Unterlack on behalf of BANK OF AMERICA, N.A (related document(s)[22](#)). (Attachments: # [1](#) Service List Certificate of Service) (Unterlack, Andrew) (Entered: 02/18/2015) |
| 02/20/2015 | 39 | Hearing on Motion for Relief from Stay . Filed By BANK OF AMERICA, N.A Represented by Andrew L. Unterlack (Counsel). . Cancelled. Reason for Cancellation: Answer withdrawn - Crtnor filed - Order to be entered (related document(s)[22](#)). (G., Eileen) (Entered: 02/23/2015) |
| 02/20/2015 | [40](#) (2 pgs) | Order Granting Motion For Relief From Stay of Bank of America NA (Related Doc # [22](#)) (J., Randi) (Entered: 02/25/2015) |
| 02/27/2015 | [41](#) (3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # [40](#))). No. of Notices: 1. Notice Date 02/27/2015. (Admin.) (Entered: 02/28/2015) |
| 03/26/2015 | [42](#) (1 pg) | Order approving Trustee's Report, discharging trustee and closing case . (J., Randi) (Entered: 03/26/2015) |
| 03/28/2015 | [43](#) (2 pgs) | BNC Certificate of Mailing -Order to Close Case. Number of Notices Mailed: (related document(s) (Related Doc # [42](#))). No. of Notices: 1. Notice Date 03/28/2015. (Admin.) (Entered: 03/29/2015) |
| 03/30/2015 | | Bankruptcy Case Terminated for Statistical Purposes. (J., Randi) (Entered: 03/30/2015) |

## PACER Service Center

**Transaction Receipt**

| | | | |
|---|---|---|---|
| 09/13/2022 17:27:13 | | | |
| **PACER Login:** | courtneyconover | **Client Code:** | 7035496 |
| **Description:** | Docket Report | **Search Criteria:** | 14-16775-mdc Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

**Email:** jad@cdllawoffice.com

**Location of case files:**

**Volume:** CS1

The case file may not be available.

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/13/2022 17:26:16 | | | |
| **PACER Login:** | courtneyconover | **Client Code:** | 7035496 |
| **Description:** | Case Summary | **Search Criteria:** | 15-11551-mdc |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

EASTERN DISTRICT OF PENNSYLVANIA

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

■ Chapter 11

☐ Chapter 12

☐ Chapter 13

☐ Check if this an
amended filing

---

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/17

**The bankruptcy forms use you and Debtor 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

| Part 1: | Identify Yourself |
| --- | --- |

| | | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
| --- | --- | --- | --- |
| 1. | **Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **James**<br>First name<br><br>**M.**<br>Middle name<br><br>**Amor**<br>Last name and Suffix (Sr., Jr., II, III) | <br>First name<br><br><br>Middle name<br><br><br>Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years**<br>Include your married or maiden names. | | |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-6516 | |

Debtor 1    **James M. Amor**                                                Case number *(if known)*

| About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|

**4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

☐ I have not used any business name or EINs.

**DBA  New Design Dental Associates**

Business name(s)

EINs

☐ I have not used any business name or EINs.

Business name(s)

EINs

**5.** **Where you live**

**213 N. Kinzer Ave.**
**New Holland, PA 17557**
Number, Street, City, State & ZIP Code

**Lancaster**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

If Debtor 2 lives at a different address:

Number, Street, City, State & ZIP Code

County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

**6.** **Why you are choosing this district to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

Debtor 1    **James M. Amor**                                    Case number *(if known)*

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---|---|

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010))*. Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

■ Chapter 11

☐ Chapter 12

☐ Chapter 13

**8.** **How you will pay the fee**

■ **I will pay the entire fee when I file my petition**. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.** **Have you filed for bankruptcy within the last 8 years?**

☐ No.

■ Yes.

| District | Eastern District of Pennsylvania | When | **3/05/15** | Case number | **15-11551** |
|---|---|---|---|---|---|
| District | Eastern District of Pennsylvania | When | **8/22/14** | Case number | **14-16775** |
| District | | When | | Case number | |

**10.** **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No

☐ Yes.

| Debtor | | | | Relationship to you | |
|---|---|---|---|---|---|
| District | | When | | Case number, if known | |
| Debtor | | | | Relationship to you | |
| District | | When | | Case number, if known | |

**11.** **Do you rent your residence?**

■ No.    Go to line 12.

☐ Yes.    Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1    **James M. Amor**                                                    Case number *(if known)*

---

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |
|---|---|

**12.** **Are you a sole proprietor of any full- or part-time business?**

☐ No.    Go to Part 4.

■ Yes.    Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

**New Design Dental Associates**
Name of business, if any

**566 E. Main St.**
**New Holland, PA 17557**
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐    Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐    Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐    Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐    Commodity Broker (as defined in 11 U.S.C. § 101(6))

■    None of the above

---

**13.** **Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).*

☐ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

■ Yes.    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
|---|---|

**14.** **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.

What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____

Number, Street, City, State & Zip Code

---

| Debtor 1 | **James M. Amor** | Case number *(if known)* |
|---|---|---|

| Part 5: | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |
|---|---|

| | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1    **James M. Amor**                                    Case number *(if known)*

| **Part 6:** | **Answer These Questions for Reporting Purposes** |
| --- | --- |

**16.** **What kind of debts do you have?**

16a.   **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☐ Yes. Go to line 17.

_(16a: No is filled in)_

16b.   **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

_(16b: Yes is filled in)_

16c.   State the type of debts you owe that are not consumer debts or business debts

_____

**17.** **Are you filing under Chapter 7?**

☐ No.   I am not filing under Chapter 7. Go to line 18.

_(No is filled in)_

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes.   I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

**18.** **How many Creditors do you estimate that you owe?**

☐ 1-49   ☐ 1,000-5,000   ☐ 25,001-50,000
☐ 50-99   ☐ 5001-10,000   ☐ 50,001-100,000
☐ 100-199   ☐ 10,001-25,000   ☐ More than100,000
☐ 200-999

_(1-49 is filled in)_

**19.** **How much do you estimate your assets to be worth?**

☐ $0 - $50,000   ☐ $1,000,001 - $10 million   ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000   ☐ $10,000,001 - $50  million   ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000   ☐ $50,000,001 - $100 million   ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million   ☐ $100,000,001 - $500 million   ☐ More than $50 billion

_($1,000,001 - $10 million is filled in)_

**20.** **How much do you estimate your liabilities to be?**

☐ $0 - $50,000   ☐ $1,000,001 - $10 million   ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000   ☐ $10,000,001 - $50  million   ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000   ☐ $50,000,001 - $100 million   ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million   ☐ $100,000,001 - $500 million   ☐ More than $50 billion

_($500,001 - $1 million is filled in)_

| **Part 7:** | **Sign Below** |
| --- | --- |

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ James M. Amor**
_____          _____
**James M. Amor**                                                        Signature of Debtor 2
Signature of Debtor 1

Executed on   **March 15, 2019**                                  Executed on   _____
_____          _____
MM / DD / YYYY                                                         MM / DD / YYYY

| Debtor 1 | **James M. Amor** | | Case number *(if known)* | |
|---|---|---|---|---|

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ John A. DiGiamberardino**                        Date    **March 15, 2019**

Signature of Attorney for Debtor                                MM / DD / YYYY

**John A. DiGiamberardino 41268**

Printed name

**Case & DiGiamberardino, P.C**

Firm name

**845 North Park Road**
**Suite 101**
**Wyomissing, PA 19610**

Number, Street, City, State & ZIP Code

Contact phone    **610-372-9900**                    Email address

**41268 PA**

Bar number & State

---

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **James M. Amor** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

---

## B 104

## For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims Against You and Are Not Insiders
12/15

If you are an individual filing for bankruptcy under Chapter 11, you must fill out this form. If you are filing under Chapter 7, Chapter 12, or Chapter 13, do not fill out this form. Do not include claims by anyone who is an insider. Insiders include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20 percent or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101.  Also, do not include claims by secured creditors unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.

**Part 1:** List the 20 Unsecured Claims in Order from Largest to Smallest.  Do Not Include Claims by Insiders.

| | | Unsecured claim |
|---|---|---|

**1**

**Internal Revenue Service**
P.O. Box 7346
Philadelphia, PA 19101-7346

What is the nature of the claim? | personal income tax - 2007 - 2010, 2012 - 2014 | $ **$155,104.39**

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
■ None of the above apply

Does the creditor have a lien on your property?
■ No
☐ Yes. Total claim (secured and unsecured)      $ _____
    Value of security:      - $ _____
    Unsecured claim      $ _____

_____
Contact
_____
Contact phone

---

**2**

**FedLoan Servicing**
Attn: Bankruptcy
Po Box 69184
Harrisburg, PA 17106

What is the nature of the claim? | **Educational** | $ **$151,312.00**

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
■ None of the above apply

Does the creditor have a lien on your property?
■ No
☐ Yes. Total claim (secured and unsecured)      $ _____

_____
Contact

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1  **James M. Amor**                              Case number *(if known)* _____

_____                    Value of security:        - $ _____
Contact phone                               Unsecured claim             $ _____

---

**3**

**Internal Revenue Service**
**P.O. Box 7346**
**Philadelphia, PA 19101-7346**

What is the nature of the claim?    **940 and 941 tax for**    $ **$90,039.30**
                                    **business for 2009,**
                                    **2010, 2011**       _____

As of the date you file, the claim is: Check all that apply
☐    Contingent
☐    Unliquidated
☐    Disputed
■    None of the above apply

Does the creditor have a lien on your property?

■    No
☐    Yes. Total claim (secured and unsecured)   $ _____
_____                    Value of security:        - $ _____
Contact                                     Unsecured claim             $ _____
_____
Contact phone

---

**4**

**Dept. of Labor & Industry**
**Office of UC Tax Service**
**651 Boas Street**
**Harrisburg, PA 17121**

What is the nature of the claim?    **business tax for 2011 -**    $ **$32,096.30**
                                    **2014, 2016-2018**       _____

As of the date you file, the claim is: Check all that apply
☐    Contingent
☐    Unliquidated
☐    Disputed
■    None of the above apply

Does the creditor have a lien on your property?

■    No
☐    Yes. Total claim (secured and unsecured)   $ _____
_____                    Value of security:        - $ _____
Contact                                     Unsecured claim             $ _____
_____
Contact phone

---

**5**

**Capital One**
**Attn: Bankruptcy**
**Po Box 30285**
**Salt Lake City, UT 84130**

What is the nature of the claim?    **Credit Card**    $ **$6,141.00**

As of the date you file, the claim is: Check all that apply
☐    Contingent
☐    Unliquidated
☐    Disputed
■    None of the above apply

Does the creditor have a lien on your property?

■    No
☐    Yes. Total claim (secured and unsecured)   $ _____
_____                    Value of security:        - $ _____
Contact                                     Unsecured claim             $ _____
_____
Contact phone

---

**6**

**Barclays Bank Delaware**
**Attn: Correspondence**
**Po Box 8801**
**Wilmington, DE 19899**

What is the nature of the claim?    **Credit Card**    $ **$2,005.00**

As of the date you file, the claim is: Check all that apply
☐    Contingent
☐    Unliquidated

---

B 104 (Official Form 104)     For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims     Page 2

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor 1   **James M. Amor**                                    Case number *(if known)* _____

<table>
<tr><td></td><td>

☐   Disputed
■   None of the above apply

**Does the creditor have a lien on your property?**

■   No
☐   Yes. Total claim (secured and unsecured)    $ _____
      Value of security:    - $ _____
      Unsecured claim    $ _____
</td></tr>
</table>

Contact _____

Contact phone _____

---

**7**   **Credit One Bank**
    **Attn: Bankruptcy Department**
    **Po Box 98873**
    **Las Vegas, NV 89193**

**What is the nature of the claim?**    **Credit Card**    $ **1,856.00**

**As of the date you file, the claim is: Check all that apply**
☐   Contingent
☐   Unliquidated
☐   Disputed
■   None of the above apply

**Does the creditor have a lien on your property?**

■   No
☐   Yes. Total claim (secured and unsecured)    $ _____
      Value of security:    - $ _____
      Unsecured claim    $ _____

Contact _____

Contact phone _____

---

**8**   **Barclays Bank Delaware**
    **Attn: Correspondence**
    **Po Box 8801**
    **Wilmington, DE 19899**

**What is the nature of the claim?**    **Credit Card**    $ **1,818.00**

**As of the date you file, the claim is: Check all that apply**
☐   Contingent
☐   Unliquidated
☐   Disputed
■   None of the above apply

**Does the creditor have a lien on your property?**

■   No
☐   Yes. Total claim (secured and unsecured)    $ _____
      Value of security:    - $ _____
      Unsecured claim    $ _____

Contact _____

Contact phone _____

---

**9**   **Credit One Bank**
    **Attn: Bankruptcy Department**
    **Po Box 98873**
    **Las Vegas, NV 89193**

**What is the nature of the claim?**    **Credit Card**    $ **473.00**

**As of the date you file, the claim is: Check all that apply**
☐   Contingent
☐   Unliquidated
☐   Disputed
■   None of the above apply

**Does the creditor have a lien on your property?**

■   No
☐   Yes. Total claim (secured and unsecured)    $ _____
      Value of security:    - $ _____
      Unsecured claim    $ _____

Contact _____

Contact phone _____

B 104 (Official Form 104)     For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims     Page 3

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Debtor 1    James M. Amor                                          Case number *(if known)*

| | | | |
|---|---|---|---|
| **10** | **Merrick Bank/CardWorks**<br>**Attn: Bankruptcy**<br>**Po Box 9201**<br>**Old Bethpage, NY 11804** | What is the nature of the claim? | **Credit Line Secured** | $ **$360.00** |

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
☑ None of the above apply

Does the creditor have a lien on your property?

☑ No
☐ Yes. Total claim (secured and unsecured) $ _____
     Value of security:   - $ _____
     Unsecured claim   $ _____

Contact

Contact phone

| | | | |
|---|---|---|---|
| **11** | **Citibank/The Home Depot**<br>**Attn: Recovery/Centralized**<br>**Bankruptcy**<br>**Po Box 790034**<br>**St Louis, MO 63179** | What is the nature of the claim? | **Charge Account** | $ **$82.00** |

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
☑ None of the above apply

Does the creditor have a lien on your property?

☑ No
☐ Yes. Total claim (secured and unsecured) $ _____
     Value of security:   - $ _____
     Unsecured claim   $ _____

Contact

Contact phone

**Part 2:     Sign Below**

Under penalty of perjury, I declare that the information provided in this form is true and correct.

X  **/s/ James M. Amor**                                         X  _____
   **James M. Amor**                                           Signature of Debtor 2
   Signature of Debtor 1

   Date  **March 15, 2019**                                    Date  _____

B 104 (Official Form 104)     For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims     Page 4

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

# United States Bankruptcy Court
## Eastern District of Pennsylvania

In re    **James M. Amor**                             Case No. _____

                                   Debtor(s)             Chapter    **11**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:    **March 15, 2019**                    **/s/ James M. Amor**

                                                **James M. Amor**
                                                Signature of Debtor

B B & T
Attn: Bankruptcy
Po Box 1847
Wilson, NC 27894


Bank of America
4909 Savarese Circle
FL1-908-01-50
Tampa, FL 33634


Bank of America
P.O. Box 982238
El Paso, TX 79998-2238


Barclays Bank Delaware
Attn: Correspondence
Po Box 8801
Wilmington, DE 19899


BB&T
P.O. Box 1847
Wilson, NC 27894


Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130


Citibank/The Home Depot
Attn: Recovery/Centralized Bankruptcy
Po Box 790034
St Louis, MO 63179


Credit One Bank
Attn: Bankruptcy Department
Po Box 98873
Las Vegas, NV 89193

```
Dept. of Labor & Industry
Office of UC Tax Service
651 Boas Street
Harrisburg, PA 17121


FedLoan Servicing
Attn: Bankruptcy
Po Box 69184
Harrisburg, PA 17106


Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346


Merrick Bank/CardWorks
Attn: Bankruptcy
Po Box 9201
Old Bethpage, NY 11804


Patricia Amor
213 N. Kinzer Ave.
New Holland, PA 17557
```

# **EXHIBIT 8**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                         :       Bankruptcy No. 19-11598-PMM
JAMES M. AMOR,                                 :
              Debtor-in-Possession.            :       Chapter 11

**EMERGENCY MOTION TO SELL DEBTOR'S BUSINESS-RELATED ASSETS FREE AND CLEAR OF
LIENS AND ENCUMBRANCES PURSUANT TO 11 USC §363(f)**

AND NOW comes the Debtor-in-Possession, James M. Amor, by and through his attorneys,

Stephen M. Otto, Esquire and Law Office of Stephen M. Otto, LLC, and files the within Motion to

Sell Debtor's Business-related Assets Free and Clear of Liens and Encumbrances Pursuant to 11

USC Section 363(f), of which the following is a statement:

1.  Movant is James M. Amor, Debtor-in-Possession ("Debtor")  in the above-captioned

    bankruptcy case.

2.  On or about June 8, 2022, Debtor entered into a "Letter of Intent" to sell the business

    related assets pertaining to his dental operation, operated d/b/a New Design Dental

    ("business assets").  A true and correct copy of the Letter of Intent is attached hereto as

    Exhibit "A."

3.  The Buyer is Dr. Daniel West, DMD.  The Buyer is unrelated to the Movant or any of his

    creditors, has no adverse interest with respect to the Movant's bankruptcy, and is a

    good faith purchaser for purposes of 11 U.S.C. § 363(m).

4.  Assets included in the contemplated transaction are as follows:

    a.  Equipment and Furnishings

    b.  Patient Records and Goodwill

    c.  Dental Supplies

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                    :        Bankruptcy No. 19-11598-PMM
JAMES M. AMOR,                            :
            Debtor-in-Possession.         :        Chapter 11

**ORDER GRANTING SALE**

AND NOW, this _____29th_____ day of June, 2022, upon consideration of the Debtor's

Emergency Motion to Sell Business-Related Assets Free and Clear of Liens and

Encumbrances Pursuant to 11 USC § 363(f) ("Motion"), and after notice and opportunity for

hearing,

**IT IS HEREBY ORDERED** that:

1.  Debtors have satisfied this Court that the proposed sale is to a good faith purchaser
    for a fair and reasonable consideration that is in the best interests of the bankruptcy
    estate and that the Debtor is therefore authorized to sell the business-related
    assets, more fully described below, to Dr. Daniel West, DMD for the sum of
    $55,000.00 in accordance with the terms of the Bill of Sale, Assignment and
    Assumption Agreement which has been filed at Document No. 147 ("Bill of Sale"):

    a.  Patient Records and Goodwill - $45,000.00

    b.  Practice Management Software - $5,000.00

    c.  Restrictive Covenant - $5,000.00

2.  The following items of property not transferred in the Bill of Sale shall be retained by

    the Debtor for sale or other disposition at the Debtor's discretion:

    a.  All tangible assets;

    b.  All dental equipment;

    c.  Office furnishings; and

    d.   Office and dental supplies.

3.   Debtor is hereby authorized to enter into the terms of the restrictive covenant more fully described in the Bill of Sale, Paragraph 5.

4.   The proceeds of sale in the amount of $55,000 shall be paid to Hudson Transition Partners, Inc. and shall be held in escrow pending further Order of Court.

**IT IS FURTHER ORDERED** that the stay imposed by F.R.B.P. 6004(h) shall not apply to this transaction.  Debtor shall file a report as required by F.R.B.P. 6004(f) within fourteen (14) days after full execution of the Bill of Sale.

BY THE COURT:

*Patricia M. Mayer*

_____

**Date: June 29, 2022**

UNITED STATES BANKRUPTCY JUDGE

5.   In addition, Debtor is offering to agree to a Restrictive Covenant.

6.   The consideration contemplated by the Letter of Intent is a total of $100,000.00.

7.   It should be noted that on or about June 15, 2022, Debtor was presented with a revised
     Letter of Intent wherein Buyer proposes to offer $55,000.00 for Patient Records and
     Goodwill, Computer and Software, and the Restrictive Covenant; as of the time of the
     instant Motion, the Parties are negotiating between the two offers.

8.   Debtor's business assets were actively marketed for sale by Hudson Transition Partners,
     Inc. pursuant to Paragraph 3 of the Order Confirming Plan dated January 22, 2020 as
     well as Article 7 of the Plan.

9.   According Paragraph 3 of the Order Confirming Plan dated January 22, 2020 as well as
     Article 7 of the Plan, Debtor is required to pay the Class 2 claims in full within thirty (30)
     days of closing a sale of the Business Assets.  Class 2 claims are held by the Internal
     Revenue Service and PA Department of Revenue.

10.  In addition to payment of the Class 2 claims, the Plan contemplates payment of the
     balance of Debtor's attorney fees as of the date of confirmation from the proceeds of
     the sale.  Debtor owes a balance of $10,500.00.

11.  In addition, Debtor has incurred outstanding balances with certain business vendors
     which will need to be paid out of the proceeds in order to effectuate the terms of the
     Letter of Intent.

12.  In addition, a broker's fee will be due to Hudson Transition Partners.

13.  The above costs will be presented to the Court in definite form by the time of the
     hearing set in this matter.

14. Based upon the claims of the Class 2 creditors as well as the balance owed by Debtor for

Debtor's attorney fees, the consideration contemplated by the Letter of Intent is not

sufficient to accomplish the requirements of the Plan.  Accordingly, Debtor anticipates

that he will attempt to work with the Class 2 Creditors, in combination with a Plan

amendment, to amicably resolve this issue.  However, absent such a resolution, Debtor

admits that this Motion cannot be granted.

15. Inasmuch as the stay imposed by B.R.C.P. 6004(h) would prohibit the Debtor from

completing the sale in accordance with the required settlement date under the Letter of

Intent, the Debtor requests this Court to waive B.R.C.P. 6004(h).

16. Debtor *requests expedited consideration* of this motion due to the understandably

tentative nature of the transaction in light of the Plan terms and the status of Class 2

claims where the sale price is inadequate to pay the Class 2 claims in full. Between the

time of filing of the instant Motion and any hearing date set by the Court, Debtor

anticipates proposing an amended Plan which will propose the sale of his residence to

obtain the additional funding necessary to pay the Class 2 claims in full.

WHEREFORE, Movant requests that an Order be entered approving the Debtor's request to

sell the above specified real estate, free and clear of liens, in accordance with the terms of the

Agreement of Sale and to distribute the proceeds as described herein.

Respectfully submitted,
LAW OFFICE OF STEPHEN M. OTTO, LLC

By:       /s/Stephen M. Otto
Stephen M. Otto, Esq.
833 N. Park Road Ste 206
Wyomissing, PA 19610
484-220-0481
PA. I.D. No. 82463

steve@sottolaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                  :        Bankruptcy No. 19-11598-PMM
JAMES M. AMOR,                          :
              Debtor-in-Possession.     :        Chapter 11

**ORDER GRANTING SALE**

AND NOW, this _____ day of July, 2022, it is hereby ORDERED that the sale of of the

Business Assets of the Debtor, more fully described by the foregoing Motion, free and clear

of all liens and encumbrances pursuant to 11 USC §363(f) is hereby GRANTED.  All proceeds

shall be distributed in accordance with Debtor's Chapter 11 Plan.

The stay imposed by B.R.C.P. 6004(h) shall not apply to this transaction.


BY THE COURT:


_____

UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                   :         Bankruptcy No. 19-11598-PMM
JAMES M. AMOR,                           :
            Debtor-in-Possession.        :         Chapter 11

**ORDER GRANTING SALE**

AND NOW, this _____ day of July, 2022, it is hereby ORDERED that the sale of of the

Business Assets of the Debtor, more fully described by the foregoing Motion, free and clear

of all liens and encumbrances pursuant to 11 USC §363(f) is hereby GRANTED.  All proceeds

shall be distributed in accordance with Debtor's Chapter 11 Plan.

The stay imposed by B.R.C.P. 6004(h) shall not apply to this transaction.

BY THE COURT:

_____
UNITED STATES BANKRUPTCY JUDGE

DocuSign Envelope ID: 14659E66-6696-481B-BE78-94B0E7D5C967

**LETTER OF INTENT**

**BY AND BETWEEN**

**Dr. DANIEL WEST, DMD**

**AND**

**Dr. JAMES M. AMOR, DMD**

The purpose of the Letter of Intent is to set forth the terms and conditions pursuant to which Dr. Daniel West, DMD ("Purchaser") agrees to purchase all of the equipment, supplies, furniture, patient lists and records, goodwill, telephone numbers, and other assets used or usable in the operation of the dental practice (collectively, the "Assets") of Dr. James M. Amor, DMD ("Seller") located at 566 E. Main Street, New Holland, PA 17557. Purchaser will buy Assets from Seller pursuant to the following terms and conditions.

1. **Purchase Price for Assets.** The purchase price for the Assets will be One Hundred Thousand and 00/100 Dollars ($100,000.00).

2. **Allocation\*.**

   | | |
   |---|---|
   | Equipment and Furnishings | $40,000.00 |
   | Patient Records and Goodwill | $50,000.00 |
   | Dental Supplies | $5,000.00 |
   | Restrictive Covenant | $5,000.00 |

   \* Both parties' accountants shall agree on the final allocation of assets.

3. **Payment of Purchase Price.** The Purchaser shall place a deposit of $5,000.00 in Hudson Transition Partners, Inc.'s Escrow Account ("Escrow Account") towards the dental practice. If any terms of offer are not met the deposit shall be immediately refunded to the Purchaser. Upon acceptance of offer from the Seller an additional deposit of $7,500.00 from Purchase shall be due and placed in Hudson Transition Partners, Inc.'s Escrow Account ("Escrow Account") towards the dental practice. The balance of the Purchase Price shall be due and payable in full at closing. Execution of a definitive agreement by both parties shall the deposit become non-refundable and applied to the purchase price of the dental practice.

4. **Assumption of Liabilities.** All of Seller's outstanding debts, obligations, judgments or adverse obligations must be satisfied by Seller prior to or at Closing, with proof of the same to be provided at Closing. The Assets will be transferred to Purchaser free of any liens or encumbrances. Seller also warrants that there have been and are no malpractice claims against him or the practice.

5. **Accounts Receivable.** Seller shall retain all accounts receivables prior to the day of Closing.

6. **Attorneys.** This offer is conditional upon approval of both parties' attorneys within five (5) calendar days of accepted offer.

DocuSign Envelope ID: 14659E66-8686-481B-BF78-94B0B7D6CB67

7. **Accountants.**   This offer is conditional upon approval of both parties' accountants within five (5) calendar days of accepted offer.

8. **Market.**  Upon acceptance of this offer Seller shall not accept any offers from any other interested parties.

9. **Chart Audit.**  Purchaser shall complete a chart audit as part of their due diligence.

10. **Real Estate.**  This offer is conditional upon Purchaser obtaining a lease for the office located at 566 E. Main Street, New Holland, PA 17557.

11. **Financing.**  This offer is a cash offer or conditional upon Purchaser obtaining third party financing for Sellers' practice.

12. **Endorsement Letter.**  The Seller will draft a letter of introduction and endorsement to all patients of record.  The Seller agrees that this letter shall be subject to Purchaser's approval as to its form and content.  Any expense associated with said letters shall be shared equally between Seller and Purchaser.  These letters shall be mailed out upon execution of the definitive agreement.

13. **Exclusions from Sale.**  There are some personal items of Seller's located in the practice such as diplomas, pictures, etc. which are not included in the sale.

14. **Sellers' Employees.**  After the execution of the final Asset Purchase Agreement, Purchaser shall meet with Seller's employees concerning their willingness to accept employment with Purchaser.  The employment of Seller's employees shall not be a contingency of the Asset Purchase Agreement.

15. **Supplies.**  This offer is conditional upon the Seller maintaining normal supply levels until closing.  Purchaser to audit within five (5) days of the closing.

16. **Transition.**  After Closing Seller agrees to stay with practice four (4) days per week for one month at no charge to introduce Purchasers to patients, train them as to how the practice is run and finish pre-paid cases.  If Seller is required by Purchasers to treat patients during this transition period or for an extended period of time, Seller will be compensated at a rate of 35% of collections after 35% of the lab expense associated with said work on any dentistry performed.  Details of which shall be included in an employment agreement between both parties.

17. **Covenant Not to Compete.**  The definitive acquisition agreement will contain a covenant not to compete pursuant to which Seller will be prohibited from, directly or indirectly, competing with the business of Purchaser.  The length of the restrictive covenant will be for a period of five (5) years and include a geographic area with a radius of ten (10) miles from Sellers' current practice located at 566 E. Main Street, New Holland, PA 17557.

18. **Definitive Agreement.**  The forgoing transaction shall be documented by Purchaser's attorney in a definitive agreement (the "Asset Purchase Agreement") within 20 days of accepted offer, which will include customary covenants, representations and warranties with respect to Seller's business, assets and equipment, liabilities (including malpractice, tax and billing liabilities) and such other covenants, representations and

DocuSign Envelope ID: 14659E66-6686-481B-BF78-94B0F7D6C867

warranties as may be reasonably necessary to assure Purchaser of good title to the Assets, and the Closing will be subject to customary conditions, including:

    (a)  obtaining the necessary consents or approvals of lenders, lessors, state and federal agencies and departments or other third parties;
    (b)  absence of any known pending or threatened litigation regarding the business or assets of the Sellers or the Asset Purchase Agreement; and
    (c)  delivery of customary closing certificates and other documents.

19.  **Closing.**  The parties hereto shall use their best efforts to negotiate and execute an Asset Purchase Agreement and close on the practice no later the 30th of June, 2022.

20.  **Confidentiality.**  Purchaser and Seller will not make any announcement of the contemplated transactions to the patients and/or employees of either Purchaser or Seller without the prior written consent of the other party.  Purchaser and Seller shall jointly make a public announcement to their respective patients and/or employees, the content and timing of such announcement must be approved in writing by each party.

21.  **Assignment.**  This Letter of Intent may not be assigned by either party, without the express written consent of the other party, which consent shall not be unreasonably withheld.

22.  **Governing Law.**  This Letter of Intent shall be governed and has been constructed in accordance with the laws of the Commonwealth of Pennsylvania without application of any conflict of laws or choice of law provision.

**This memorandum reflects the general terms and conditions of the proposed transaction.  Neither party shall be bound until execution of the Asset Purchase Agreement.**

**IN WITNESS WHEREOF,** the undersigned have entered into this Letter of Intent on the 8th day of June 2022.

**PURCHASER:**

DocuSigned by:

*Dr. Dan West*

64AEEE6F77F448A...

Dr. Daniel West, DMD

**SELLER:**

_____

Dr. James M. Amor, DMD

# **EXHIBIT 9**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  JAMES M. AMOR,                          : Chapter 11
                 Debtor-in-Possession            : Case No.  19-11598

                                   Hearing to be held
                                   November 6, 2019 at 12:30 p.m. in
                                   U.S. Bankruptcy Court
                                   400 Washington St., third floor
                                   Reading, PA  19601

**DEBTOR'S OBJECTION TO AMENDED PROOF OF CLAIM NO. 3 FILED BY
INTERNAL REVENUE SERVICE**

        NOW COMES the debtor, James M. Amor, by and through his attorney, John A.
DiGiamberardino, Esquire, and objects to Amended Proof of Claim No. 3 filed by Internal
Revenue Service (hereinafter "IRS") and in support thereof, avers the following:

        1.      IRS filed an amended claim on June 11, 2019 as follows:  secured in the amount
of $282,996.15, unsecured priority in the amount of $74,360.22, general unsecured in the amount
of $23,855.47.  A copy of the Proof of Claim is attached hereto and incorporated herein as
Exhibit "A".

        2.      Debtor sold a property at 566 East Main St., New Holland, PA on May 3, 2019
pursuant to an Order of this Court dated April 18, 2019.

        3.      From the proceeds of this sale, the IRS was paid the amount of $116,607.03.  A
copy of the settlement sheet is attached hereto and incorporated herein as Exhibit "B".

        4.      To date, despite request, the IRS has not credited this amount to the debtor's
account nor filed an amended claim reflecting the credit of $116,607.03.

        5.      In addition, the Proof of Claim includes an estimated claim for FICA taxes for
the periods of 6/30/17, 6/30/18, and 9/30/18 as a priority claim in an amount totaling $1,500.00.

        6.      The returns for those periods were filed and no liability is owed for those periods.

        7.      The Proof of Claim includes a priority claim for estimated liability for income
tax for the income tax return due to be filed on or about April 15, 2019 in the amount of
$23,275.00.

        8.      This liability is a post-petition liability as this case was filed on March 15, 2019
and should not be includable in the IRS Proof of Claim.

        9.      To the extent that the liability is considered to be a post-petition liability, the
Debtor's return is currently on a valid extension due to be filed on or before October 15, 2019.
The estimate, therefore, is not appropriate.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                      |     |                       |
|----------------------|-----|-----------------------|
|                      | :   |                       |
| In re:  James M. Amor | :   | Chapter 11            |
|                      | :   |                       |
|                      | :   |                       |
|                      | :   | Case No. 19-11598     |
|                      | :   |                       |
|          Debtor.     | :   |                       |
|                      | :   |                       |

## OBJECTION OF THE UNITED STATES ON BEHALF OF THE IRS TO DEBTOR'S EMERGENCY MOTION PURSUANT TO 11 U.S.C. § 363(f)

THE UNITED STATES OF AMERICA, on behalf of its agency, the Internal Revenue Service (the "IRS"), objects to Debtor's "emergency" motion pursuant to 11 U.S.C. § 363(f) to sell certain assets of his dental practice free and clear based on the following:

1. On October 21, 2019, the IRS filed a proof of claim in this case for $242,200.90 in unpaid federal taxes and pre-petition interest, of which $129,692.51 was a secured claim and $73,031.04 was a priority claim.

2. On January 22, 2020 (*i.e.*, over two years ago) Debtor's plan of reorganization was confirmed and the consent confirmation order, Dkt. No. 100 (the "Confirmation Order"), modified the plan to address specifically certain issues related to payment of the IRS's claims, along with the claims of the Pennsylvania Department of Revenue ("PA Revenue"), in Class 2, including Debtor potentially selling his dental practice within the next year for consideration in excess of $175,000.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 19-11598 - MDC |
| | : | |
| JAMES M. AMOR D/B/A | : | Chapter 11 |
| NEW DESIGN DENTAL ASSOCIATES | | |
| | : | |
| Debtor | : | |

**OBJECTION OF THE COMMONWEALTH OF PENNSYLVANIA,
DEPARTMENT OF REVENUE TO DEBTOR'S AMENDED EMERGENCY
MOTION TO SELL DEBTOR'S BUSINESS-RELATED ASSETS FREE AND CLEAR
OF LIENS AND ENCUMBRANCES**

The Commonwealth of Pennsylvania, Department of Revenue, by and through its

counsel, Attorney General Josh Shapiro, objects to the approval of Debtor's Amended

Emergency Motion To Sell Debtor's Business-Related Assets Free And Clear Of Liens And

Encumbrances and in support thereof states the following:

1.      The Commonwealth of Pennsylvania, Department of Revenue

("Commonwealth"), is a creditor of James M. Amor D/B/A New Design Dental Associates

("Debtor").

2.      On June 20, 2022, Debtor filed an Emergency Motion to Sell Debtor's

Business-Related Assets Free and Clear Of Liens and Encumbrances ("Motion").

3.      On June 22, 2022, Debtor filed an Amended Emergency Motion to Sell Debtor's

Business-Related Assets Free and Clear Of Liens and Encumbrances ("Amended Motion").

4.      Debtor's Amended Motion fails to comply with 11 U.S.C. §363(f). Specifically, it

fails to expressly identify which subsection of §363(f) applies, nor does it provide any detail as

to which subsection might apply to the proposed transaction.

5.      Further, the motion fails to attach a signed agreement of sale providing creditors

with the details necessary to evaluate the proposed transaction. Without this detail, creditors such

as the Commonwealth are unable to evaluate the transaction as it relates to their respective

interests.

6.     Basic details such as the consideration offered and accepted are absent. Debtor's

Amended Motion states that the parties are still negotiating the amount to be paid.  The Letter of

Intent ("LOI") attached as Exhibit A to Debtor's Motion indicates that the consideration is not

settled.

7.     Debtor's Amended Motion fails to establish that he actively and properly

marketed the business assets to the highest and best offer.

8.     For all of the foregoing reasons, the Amended Motion does not comply with LBR

6004-1(b).

9.     Commonwealth reserves its right to amend or supplement this objection or join in

any objection to the Amended Motion at any hearing or in connection herewith.

WHEREFORE, the Commonwealth of Pennsylvania, Department of Revenue, respectfully requests that this Court deny the Debtor's Amended Emergency Motion To Sell Debtor's Business-Related Assets Free And Clear Of Liens And Encumbrances.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:     s/ Melissa L. Van Eck
        MELISSA L. VAN ECK
        Chief Deputy Attorney General
        Attorney ID 85869

        KELI NEARY
        Exec. Chief Deputy Attorney General
        Civil Law Division

        Counsel for the Commonwealth of
        Pennsylvania, Department of Revenue

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 787-5176
mvaneck@attorneygeneral.gov

Date: June 27, 2022

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 19-11598 - MDC |
| | : | |
| JAMES M. AMOR D/B/A | : | Chapter 11 |
| NEW DESIGN DENTAL ASSOCIATES | | |
| | : | |
| Debtor | : | |

<u>CERTIFICATE OF SERVICE</u>

I, Melissa L. Van Eck, hereby certify that the Objection of the Commonwealth of Pennsylvania, Department of Revenue to Debtor's Amended Emergency Motion To Sell Debtor's Business-Related Assets Free And Clear Of Liens And Encumbrances has been filed electronically on June 27, 2022, and is available for viewing and downloading from the Court's Electronic Case Filing System.

I further certify that I have this day served the foregoing document by first class mail, postage prepaid, on the following: None.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:     *s/ Melissa L. Van Eck*
MELISSA L. VAN ECK
Chief Deputy Attorney General
Attorney ID 85869

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 787-5176
mvaneck@attorneygeneral.gov

KELI NEARY
Exec. Chief Deputy Attorney General
Civil Law Division

Counsel for the Commonwealth of
Pennsylvania, Department of Revenue

Date:  June 27, 2022

3.   On June 20, 2022, Debtor filed an "emergency" motion pursuant to 11 U.S.C. § 363(f) to sell certain assets of his dental practice free and clear. Dkt. Not. 138 (the "Original Sale Motion").

4.   On June 21, 2022, the Court scheduled a sale hearing on June 28, 2022. Dkt. No. 141.

5.   On June 22, 2022, Debtor filed an amended sale motion. Dkt. No. 142 (the "Sale Motion").

6.   The Sale Motion should be denied because it provides inadequate notice of critical details necessary for the IRS to evaluate the motion, despite the sale process having been ongoing for well over two years. In particular, there is no final agreement of sale, and the proceeds of the sale and distribution of those proceeds apparently remains in flux. This lack of detail is especially problematic where the Sale Motion represents that, contrary to the estimate in the Confirmation Order, the proceeds of the sale will be inadequate to pay the Class 2 claims of the IRS and PA Revenue in full.

7.   Moreover, the Sale Motion does not articulate a basis for this Court to approve the sale without the consent of the IRS and PA Revenue. In the Original Sale Motion, Debtor admitted (in paragraph 14) that the motion cannot be granted without such consent. The Confirmation Order's belt-and-suspenders language regarding retention of liens in the event of inadequate proceeds does not constitute the ultimate consent of the IRS to any asset sales, especially where the sale

consideration is apparently significantly less than estimated in the Confirmation

Order.

8.   The IRS is willing to attempt to negotiate with Debtor to see if a consensual

resolution can be reached. However, that will require additional time (especially

with the upcoming July 4 holiday) and further disclosure of critical details about the

Sale and details about the sale and the Debtor's amended plan.

WHEREFORE, the United States respectfully requests that the Sale Motion

be denied.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


/s/ Assistant U.S. Attorney
Anthony St. Joseph for
Gregory B. David
_____
Gregory B. David
Chief, Civil Division


/s/ Matthew E. K. Howatt
_____
Matthew E. K. Howatt
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
Tel:  215-861-8335 (Howatt)
       215-861-8267 (St. Joseph)
Fax:  215-861-8618
Matthew.Howatt@usdoj.gov
Anthony.Stjoseph@usdoj.gov


Dated:        June 27, 2022

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I caused a true and correct copy of the

foregoing OBJECTION TO DEBTOR'S 363 SALE to be served upon, among others,

the following by electronically filing to the Bankruptcy Court on this date:

Stephen M. Otto
*Counsel for the Debtor*

Melissa L. Van Eck
*Counsel for PA Revenue*

Dave P. Adams
United States Trustee

/s/ Matthew E. K. Howatt
Matthew E. K. Howatt
Assistant United States Attorney

Dated: June 27, 2022

10.	For the foregoing reasons the claim of the IRS should be amended as follows: secured in the amount of $166,389.12, unsecured priority in the amount of $49,585.22, general unsecured in the amount of $23,855.47.

WHEREFORE, the debtor objects to Amended Proof of Claim No. 3 filed by Internal Revenue Service.

**CASE & DIGIAMBERARDINO, P.C.**

By:	s/John A. DiGiamberardino, Esquire
	Attorney I.D. #41268
	845 N. Park Road, Ste. 101
	Wyomissing, PA  19610
	(610) 372-9900
	(610) 372-5469 -f ax
	Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  JAMES M. AMOR,                                    :  Chapter 11
                                Debtor-in-Possession      :  Case No.  19-11598

**<u>ORDER</u>**

      Upon consideration of Amended Proof of Claim No. 3 filed by the Internal Revenue Service and the Objection thereto filed by Debtor, and after hearing thereon, the Objection is sustained and the Proof of Claim of the Internal Revenue Service is disallowed as filed and allowed instead as follows:

      secured in the amount of $166,389.12, unsecured priority in the amount of $49,585.22, general unsecured in the amount of $23,855.47.

BY THE COURT:

_____
                      J.

Case 19-11598-mdc    Claim 3-2    Filed 03/28/19    Desc Main Document    Page 1 of 10
Case 19-11598-amc    Doc 70-2    Filed 09/30/19    Entered 09/30/19 14:24:29    Desc
Exhibit A - Proof of Claim of IRS    Page 1 of 10

**Fill in this information to identify the case:**

Debtor 1    JAMES M AMOR

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: EASTERN    District of PENNSYLVANIA
    (State)

Case number    19-11598-REF

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

| | |
| --- | --- |
| **1. Who is the current creditor?** | Department of the Treasury - Internal Revenue Service<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| **2. Has this claim been acquired from someone else?** | ■ No<br>☐ Yes.  From whom? |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Internal Revenue Service<br>Name | Internal Revenue Service<br>Name |
| P.O. Box 7346<br>Number          Street | 600 ARCH ST ROOM 5200<br>Number          Street |
| Philadelphia        PA        19101-7346<br>City        State        ZIP Code | PHILADELPHIA        PA        19106<br>City        State        ZIP Code |
| Contact phone    1-800-973-0424 | Contact phone    (267) 941-6303 |
| Contact email | Contact email |
| Creditor Number:  14288372 | |
| Uniform claim identifier for electronic payments in chapter 13 (if you use one) | |
| __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | |

| | |
| --- | --- |
| **4. Does this claim amend one already filed?** | ☐ No<br>■ Yes.  Claim number on court claims registry (if known) _____ 3 _____    Filed on:  03/28/2019<br>MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ■ No<br>☐ Yes.  Who made the earlier filing? |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:    See Attachment

---

**7. How much is the claim?**    $ 381,211.84

**Does this amount include interest or other charges?**

☐ No

☑ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Taxes

---

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☑ Real Estate. If the claim is secured by the debtor's principal residence, file a Mortgage Proof of Claim Attachment (Official Form 410-A) with this Proof of Claim.

☑ Motor Vehicle

☑ Other. Describe:    *All of debtor(s) right, title and interest to property - 26 U.S.C. §6321.

**Basis for perfection:**    See Attachment
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of Property:**    $

**Amount of the claim that is secured:**    $ 282,996.15

**Amount of the claim that is unsecured:**    $ 98,215.69    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $

**Annual Interest Rate** (when case was filed)  6  %

☐ Fixed

☑ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $

---

**11. Is this claim subject to a right of setoff?**

☐ No

☑ Yes.  Identify the property    See Attachment

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. §507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. Check all that apply: | **Amount entitled to priority** |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ■ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 74,360.22 |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |
| | *Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it.
FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

■ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   06/10/2019
                   MM / DD / YYYY

/s/ DONALD BRISACH
(Signature)

Print the name of the person who is completing and signing this claim:

| Name | DONALD | | BRISACH |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Bankruptcy Specialist | | |
| Company | Internal Revenue Service | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 600 ARCH ST ROOM 5200 | | |
| | Number        Street | | |
| | PHILADELPHIA | PA | 19106 |
| | City | State | ZIP Code |

Contact Phone (267) 941-6303                              Email: _____

Case 19-11598-pmm Doc 79-2 Filed 09/28/19 Entered 09/28/19 14:34:29 Desc
Case 19-11598-mdc Claim 4-2 Part 1 Filed 06/21/19 Desc Main Document Page 4 of 10
Exhibit A - Proof of Claim of IRS    Page 4 of 10

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service

**In the Matter of:** JAMES M AMOR
AKA NEW DESIGN DENTAL ASSOCIATES
213 N KINZER AVE
NEW HOLLAND, PA 17557

Amendment No. 3 to Proof of Claim dated 03/27/2019.

Form **410**
Attachment

| Case Number |
| --- |
| 19-11598-REF |

| Type of Bankruptcy Case |
| --- |
| CHAPTER 11 |

| Date of Petition |
| --- |
| 03/15/2019 |

The United States has not identified a right of setoff or counterclaim.  However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency.  All rights of setoff are preserved and will be asserted to the extent lawful.

INTEREST PAYABLE ON SECURED CLAIM(S) PER IRC 6621 & 6622.

**Secured Claims**    (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date | Office Location |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| XX-XXX9013 | WT-FICA | 06/30/2010 | 10/04/2010 | $7,558.52 | $180.48 | $3,100.76 | Right to Setoff | |
| XX-XXX9013 | WT-FICA | 09/30/2010 | 02/21/2011 | $6,565.01 | $0.00 | $2,303.59 | Right to Setoff | |
| XX-XXX9013 | WT-FICA | 12/31/2010 | 07/11/2011 | $6,951.42 | $1,276.01 | $2,795.00 | Right to Setoff | |
| XXX-XX-6516 | INCOME | 12/31/2010 | 11/21/2011 | $17,650.00 | $0.00 | $8,146.80 | 06/20/2014 | Lancaster Count |
| XXX-XX-6516 | INCOME | 12/31/2010 | 03/15/2024 | $0.00 | $0.00 | $39,027.24 | Right to Setoff | |
| XX-XXX9013 | WT-FICA | 03/30/2011 | 08/15/2011 | $6,075.86 | $0.00 | $1,980.00 | Right to Setoff | |
| XX-XXX9013 | WT-FICA | 06/30/2011 | 10/03/2011 | $7,477.97 | $0.00 | $2,334.09 | Right to Setoff | |
| XXX-XX-6516 | INCOME | 12/31/2012 | 11/24/2014 | $58,060.00 | $32,388.93 | $14,260.05 | 12/14/2017 | Lancaster Count |
| XX-XXX9013 | WT-FICA | 06/30/2013 | 09/30/2013 | $8,883.39 | $3,503.37 | $2,673.41 | Right to Setoff | |
| XXX-XX-6516 | INCOME | 12/31/2013 | 11/10/2014 | $14,886.00 | $3,874.92 | $3,089.18 | 12/14/2017 | Lancaster Count |
| XXX-XX-6516 | INCOME | 12/31/2014 | 08/03/2015 | $19,418.00 | $5,199.41 | $3,336.74 | 12/14/2017 | Lancaster Count |
| | | | | $153,526.17 | $46,423.12 | $83,046.86 | | |

**Total Amount of  Secured Claims:**    $282,996.15

**Unsecured Priority Claims**    under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- | --- | --- |
| XX-XXX9013 | WT-FICA | 09/30/2011 | | 10/03/2011 | $7,477.97 | $2,334.09 |
| XX-XXX9013 | WT-FICA | 03/31/2013 | | 07/08/2013 | $5,040.26 | $1,645.09 |
| XX-XXX9013 | WT-FICA | 09/30/2013 | | 01/06/2014 | $6,238.00 | $1,560.48 |
| XX-XXX9013 | WT-FICA | 12/31/2013 | | 03/31/2014 | $4,413.38 | $1,535.00 |
| XX-XXX9013 | WT-FICA | 03/31/2014 | | 06/30/2014 | $5,134.63 | $1,168.00 |
| XX-XXX9013 | WT-FICA | 12/31/2014 | | 03/09/2015 | $5,858.63 | $1,146.14 |
| XX-XXX9013 | WT-FICA | 06/30/2017 | I | Estimated- SEE NOTE | $500.00 | $0.00 |
| XX-XXX9013 | WT-FICA | 06/30/2018 | I | Estimated- SEE NOTE | $500.00 | $0.00 |
| XX-XXX9013 | WT-FICA | 09/30/2018 | I | Estimated- SEE NOTE | $500.00 | $0.00 |
| XXX-XX-6516 | INCOME | 12/31/2018 | I | Estimated- SEE NOTE | $23,275.90 | $0.00 |

I LIABILITY IS ESTIMATED BASED ON AVAILABLE INFORMATION BECAUSE THE RETURN HAS NOT BEEN FILED. THIS CLAIM MAY BE AMENDED AS NECESSARY AFTER THE DEBTOR FILES THE RETURN OR PROVIDES OTHER REQUIRED INFORMATION.

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



Form **410**
Attachment

| | |
|---|---|
| **Case Number** | 19-11598-REF |
| **Type of Bankruptcy Case** | CHAPTER 11 |
| **Date of Petition** | 03/15/2019 |

**In the Matter of:** JAMES M AMOR
AKA NEW DESIGN DENTAL ASSOCIATES
213 N KINZER AVE
NEW HOLLAND, PA 17557

Amendment No. 3 to Proof of Claim dated 03/27/2019.

---

**Unsecured Priority Claims**  (Continued from Page 1)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|
| XX-XXX9013 | WT-FICA | 03/31/2019 | 06/17/2019 | $6,032.65 | $0.00 |
| | | | | $64,971.42 | $9,388.80 |

**Total Amount of Unsecured Priority Claims:**    $74,360.22

---

**Unsecured General Claims**

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|
| XX-XXX9013 | WT-FICA | 09/30/2013 | 01/06/2014 | $2,600.80 | $1,540.48 |
| XX-XXX9013 | WT-FICA | 12/31/2013 | 03/31/2014 | $2,056.38 | $731.18 |
| XX-XXX9013 | WT-FICA | 03/31/2014 | 06/30/2014 | $2,392.63 | $778.00 |
| | | | | $7,049.81 | $3,049.66 |

Penalty to date of petition on unsecured priority claims (including interest thereon) . . . . . $10,795.00
Penalty to date of petition on unsecured general claims (including interest thereon) . . . . . . $2,961.00

**Total Amount of Unsecured General Claims:**    $23,855.47

1872                                                              COURT RECORDING DATA

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 19-11598-REF | Lien Recorded : 12/14/2017 – 00:00AM<br>Recording Number: 17-10686<br>UCC Number :<br>Liber :<br>Page : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED #1<br>Lien Unit Phone: (800) 913-6050 | IRS Serial Number: 288616917 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
  JAMES M & PATRICIA E AMOR


Residence:
  PO BOX 6
  NEW HOLLAND, PA 17557-0006


With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2013 | XXX-XX-6516 | 11/10/2014 | 12/10/2024 | $15,516.06 |
| 1040 | 12/31/2014 | XXX-XX-6516 | 08/03/2015 | 09/02/2025 | $19,891.35 |

| Filed at: Prothonotary<br>          Lancaster County<br>          Lancaster, PA 17602 | Total | $35,407.41 |
|---|---|---|

This notice was prepared and executed at MANHATTAN, NY
on this, the 05th day of December, 2017.

| Authorizing Official:<br>  S. MCGUIGAN | Title:<br>  ACS SBSE          21-00-0008 |
|---|---|

1872                                                        COURT RECORDING DATA

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 19-11598-REF | Lien Recorded    : 12/14/2017 - 00:00AM<br>Recording Number: 17-10687<br>UCC Number    :<br>Liber    :<br>Page    : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED #1<br>Lien Unit Phone: (800) 913-6050 | IRS Serial Number: 288617017 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
  JAMES M & PATRICIA E AMOR

Residence:
  PO BOX 6
  NEW HOLLAND, PA 17557-0006

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2012 | XXX-XX-6516 | 11/24/2014 | 12/24/2024 | $80,141.08 |

| Filed at: Prothonotary<br>          Lancaster County<br>          Lancaster, PA 17602 | Total | $80,141.08 |
|---|---|---|

This notice was prepared and executed at MANHATTAN, NY
on this, the 05th day of December, 2017.

| Authorizing Official:<br>  S. MCGUIGAN | Title:<br>  ACS SBSE          21-00-0008 |
|---|---|

| 1872 | COURT RECORDING DATA |
|---|---|

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 19-11598-REF | Lien Recorded    : 06/20/2014 - 00:00AM<br>Recording Number: 14-05666<br>UCC Number    :<br>Liber    :<br>Page    : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED #2<br>Lien Unit Phone: (800) 829-3903 | IRS Serial Number: 104463714 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
  JAMES M & PATRICIA E AMOR

Residence:
  PO BOX 6
  NEW HOLLAND, PA 17557-0006

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2007 | XXX-XX-6516 | 11/24/2008 | 12/24/2018 | |
| 1040 | 12/31/2008 | XXX-XX-6516 | 06/08/2009 | 07/08/2019 | $79.76 |
| 1040 | 12/31/2009 | XXX-XX-6516 | 11/22/2010 | 12/22/2020 | $9,405.78 |
| 1040 | 12/31/2010 | XXX-XX-6516 | 11/21/2011 | 12/21/2021 | $30,070.36 |

| Filed at: Prothonotary<br>          Lancaster County<br>          Lancaster, PA 17602 | Total | $39,555.90 |
|---|---|---|

This notice was prepared and executed at DETROIT, MI
on this, the 12th day of June, 2014.

| Authorizing Official:<br>  P.A. BELTON | Title:<br>ACS SBSE          22-00-0001 |
|---|---|

| 1872 | COURT RECORDING DATA |
|------|----------------------|

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT<br><br>BANKRUPTCY DOCKET: 19-11598-REF | Lien Recorded   : 05/20/2011 – 13:15PM<br>Recording Number: 11-05755<br>UCC Number     :<br>Liber          :<br>Page           : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED #2<br>Lien Unit Phone: (800) 829-3903 | IRS Serial Number: 784885711 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
  JAMES M AMOR

Residence:
  PO BOX 187
  NEW HOLLAND, PA 17557-0187

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|------|-----------|-------------|-----------|------------------|-----------------|
| 941 | 03/31/2009 | XX-XXX9013 | 06/29/2009 | 07/29/2019 | $1,887.96 |
| 941 | 09/30/2009 | XX-XXX9013 | 12/28/2009 | 01/27/2020 | $11,714.87 |
| 940 | 12/31/2009 | XX-XXX9013 | 04/26/2010 | 05/26/2020 | $541.79 |
| 941 | 12/31/2009 | XX-XXX9013 | 04/12/2010 | 05/12/2020 | $398.63 |
| 941 | 03/31/2010 | XX-XXX9013 | 06/21/2010 | 07/21/2020 | $11,608.82 |
| 941 | 06/30/2010 | XX-XXX9013 | 10/04/2010 | 11/03/2020 | $14,117.16 |
| 941 | 09/30/2010 | XX-XXX9013 | 02/21/2011 | 03/23/2021 | $12,964.27 |

| Filed at: Prothonotary<br>          Lancaster County<br>          Lancaster, PA 17602 | Total | $53,233.50 |
|---|---|---|

This notice was prepared and executed at DETROIT, MI
on this, the 11th day of May, 2011.

| Authorizing Official:<br>  FRED BANKS | Title:<br>ACS SBSE          22-00-0001 |
|---|---|

Case 19-11598-pmm Doc 55-2 Filed 09/10/19 Entered 09/10/19 14:34:29 Desc
Case 19-11598-mdc Claim 3-2 Filed 09/11/19 Desc Main Document Page 10 of 10
Exhibit A - Proof of Claim of IRS    Page 10 of 10

1872                                                    COURT RECORDING DATA

| INTERNAL REVENUE SERVICE | Lien Recorded   : 10/31/2011 – 14:51PM |
| FACSIMILE FEDERAL TAX LIEN DOCUMENT | Recording Number: 11-13366 |
| | UCC Number      : |
| | Liber           : |
| BANKRUPTCY DOCKET: 19-11598-REF | Page            : |

| Area: SMALL BUSINESS/SELF EMPLOYED #2 | IRS Serial Number: 823231411 |
| Lien Unit Phone: (800) 913-6050 | |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer:
  JAMES M AMOR
  NEW DESIGN DENTAL ASSOCIATES

Residence:
  PO BOX 187
  NEW HOLLAND, PA 17557-0187

With respect to each assessment below, unless notice of lien
is refiled by the date in column(e), this notice shall constitute
the certificate of release of lien as defined in IRC 6325(a).

| Form (a) | Period (b) | ID Number (c) | Assessed (d) | Refile Deadline (e) | Unpaid Balance (f) |
| --- | --- | --- | --- | --- | --- |
| 941 | 12/31/2010 | XX-XXX9013 | 07/11/2011 | 08/10/2021 | $14,564.07 |
| 941 | 03/31/2011 | XX-XXX9013 | 08/15/2011 | 09/14/2021 | $10,402.95 |
| 941 | 06/30/2011 | XX-XXX9013 | 10/03/2011 | 11/02/2021 | $11,838.78 |

| Filed at: Prothonotary | | |
| Lancaster County | Total | $36,805.80 |
| Lancaster, PA 17602 | | |

This notice was prepared and executed at DETROIT, MI
on this, the 24th day of October, 2011.

| Authorizing Official: | Title: |
| IVONNE  CONCEPCION | REVENUE OFFICER        22-06-1812 |

# A. Settlement Statement (HUD-1)

OMB Approval No. 2502-0265

## B. Type of Loan

| 1. ☐ FHA | 2. ☐ RHS | 3. ☐ Conv. Unins. | 6. File Number:<br>91083.99002 | 7. Loan Number: | 8. Mortgage Insurance Case Number: |
|---|---|---|---|---|---|
| 4. ☐ VA | 5. ☐ Conv. Ins. | | | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agents are shown. Items marked "(p.o.c)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower:<br>First American Exchange Company, as Qualified Intermediary for Chateau Farms, Inc.<br>1337 Main Street, East Earl, PA 17519 | E. Name & Address of Seller:<br>James M. Amor, Patricia E. Amor<br>213 N. Kinzer Ave., New Holland, PA 17557 | F. Name & Address of Lender: |
|---|---|---|

| G. Property Location:<br>566 East Main Street<br>New Holland, PA 17557<br>New Holland Borough | H. Settlement Agent:<br>Lancaster County Settlement Services, LLC<br>131 West Main Street, New Holland, PA 17557<br><br>Telephone 717-354-7700 Fax 717-354-7712 | I. Settlement Date: 05/03/2019<br>Disbursement Date: 05/03/2019 |
|---|---|---|
| | Place of Settlement:<br>131 West Main Street, New Holland, PA 17557 | TitleExpress |

| J. Summary of Borrower's Transaction | | | K. Summary of Seller's Transaction | | |
|---|---|---|---|---|---|
| **100. Gross Amount Due from Borrower** | | | **400. Gross Amount Due to Seller** | | |
| 101. Contract sales price | | 607,500.00 | 401. Contract sales price | | 607,500.00 |
| 102. Personal property | | | 402. Personal property | | |
| 103. Settlement charges to borrower (line 1400) | | 9,950.38 | 403. | | |
| 104. | | | 404. | | |
| 105. | | | 405. | | |
| **Adjustments for items paid by seller in advance** | | | **Adjustments for items paid by seller in advance** | | |
| 106. City/town taxes | 05/03/2019 to 12/31/2019 | 1,165.87 | 406. City/town taxes | 05/03/2019 to 12/31/2019 | 1,165.87 |
| 107. County taxes | 05/03/2019 to 12/31/2019 | 1,234.12 | 407. County taxes | 05/03/2019 to 12/31/2019 | 1,234.12 |
| 108. Assessments | to | | 408. Assessments | to | |
| 109. School Tax | 05/03/2019 to 06/30/2019 | 1,274.89 | 409. School Tax | 05/03/2019 to 06/30/2019 | 1,274.89 |
| 110. | | | 410. | | |
| 111. | | | 411. | | |
| 112. | | | 412. | | |
| **120. Gross Amount Due from Borrower** | | 621,125.26 | **420. Gross Amount Due to Seller** | | 611,174.88 |
| **200. Amounts Paid by or in Behalf of Borrower** | | | **500. Reductions In Amount Due to Seller** | | |
| 201. Deposit or earnest money | | 30,000.00 | 501. Excess deposit (see instructions) | | |
| 202. Principal amount of new loan(s) | | | 502. Settlement charges to seller (line 1400) | | 178,641.65 |
| 203. Existing loan(s) taken subject to | | | 503. Existing loan(s) taken subject to | | |
| 204. | | | 504. Payoff of first mortgage loan to Bank of America | | 421,868.73 |
| 205. | | | 505. Payoff of second mortgage loan | | |
| 206. | | | 506. | | |
| 207. Security Deposits Suite A (300) B (450) C( 3800) D (! | | 5,500.00 | 507. Security Deposits Suite A (300) B (450) C( 3800) D (! | | 5,500.00 |
| 208. Suite C (Seller) Rent for May | | 3,800.00 | 508. Suite C (Seller) Rent for May | | 3,800.00 |
| 209. 1031 Exchange Funds | | 580,460.76 | 509. | | |
| **Adjustments for items unpaid by seller** | | | **Adjustments for items unpaid by seller** | | |
| 210. City/town taxes | to | | 510. City/town taxes | to | |
| 211. County taxes | to | | 511. County taxes | to | |
| 212. Assessments | to | | 512. Assessments | to | |
| 213. May, June Rent - Suit | 05/03/2019 to 06/30/2019 | 629.03 | 513. May, June Rent - Suit | 05/03/2019 to 06/30/2019 | 629.03 |
| 214. May Rent - Reed | 05/03/2019 to 05/31/2019 | 32.74 | 514. May Rent - Reed | 05/03/2019 to 05/31/2019 | 32.74 |
| 215. May-Dec Rent - Wilw | 05/03/2019 to 12/31/2019 | 159.78 | 515. May-Dec Rent - Wilw | 05/03/2019 to 12/31/2019 | 159.78 |
| 216. May,June Rent - Deer | 05/03/2019 to 06/30/2019 | 67.74 | 516. May,June Rent - Deer | 05/03/2019 to 06/30/2019 | 67.74 |
| 217. May,June,July,Augus | 05/03/2019 to 08/31/2019 | 137.74 | 517. May,June,July,Augus | 05/03/2019 to 08/31/2019 | 137.74 |
| 218. May - Dec Rent - Zeis | 05/03/2019 to 12/31/2019 | 199.73 | 518. May - Dec Rent - Zeis | 05/03/2019 to 12/31/2019 | 199.73 |
| 219. May,June,July,Aug Re | 05/03/2019 to 08/31/2019 | 137.74 | 519. May,June,July,Aug Re | 05/03/2019 to 08/31/2019 | 137.74 |
| **220. Total Paid by/for Borrower** | | 621,125.26 | **520. Total Reduction Amount Due Seller** | | 611,174.88 |
| **300. Cash at Settlement from/to Borrower** | | | **600. Cash at Settlement from/to Seller** | | |
| 301. Gross amount due from borrower (line 120) | | 621,125.26 | 601. Gross amount due to seller (line 420) | | 611,174.88 |
| 302. Less amounts paid by/for borrower (line 220) | | 621,125.26 | 602. Less reductions in amount due seller (line 520) | | 611,174.88 |
| **303. Cash** ☒ From ☐ To Borrower | | **0.00** | **603. Cash** ☒ To ☐ From Seller | | **0.00** |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

| 700. | Total Real Estate Broker Fees | $ 36,450.00 | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|---|
| | Division of commission (line 700) as follows: | | | | |
| 701. | $18,225.00 | to | Kingsway Realty | | |
| 702. | $18,225.00 | to | High Associates, LTD | | |
| 703. | Commission paid at settlement | | | | 36,450.00 |
| **800.** | **Items Payable in Connection with Loan** | | | | |
| 801. | Our origination charge  (Includes Origination Point 0.000% or $0.00) | $ | (from GFE #1) | | |
| 802. | Your credit or charge (points) for the specific interest rate chosen | $ | (from GFE #2) | | |
| 803. | Your adjusted origination charges | | (from GFE A) | | |
| 804. | Appraisal fee | to | (from GFE #3) | | |
| 805. | Credit report | to | (from GFE #3) | | |
| 806. | Tax service | to | (from GFE #3) | | |
| 807. | Flood certification | to | (from GFE #3) | | |
| 808. | | to | | | |
| **900.** | **Items Required by Lender to be Paid in Advance** | | | | |
| 901. | Daily interest charges from     from 05/03/2019 to 06/01/2019 @ $0.00/day | | (from GFE #10) | | |
| 902. | Mortgage insurance premium            months to | | (from GFE #3) | | |
| 903. | Homeowner's insurance            months to | | (from GFE #11) | | |
| 904. | | months to | (from GFE #11) | | |
| **1000.** | **Reserves Deposited with Lender** | | | | |
| 1001. | Initial deposit for your escrow account | | (from GFE #9) | | |
| 1002. | Homeowner's insurance        months @ $        /month | | | | |
| 1003. | Mortgage insurance        months @ $        /month | | | | |
| 1004. | Property taxes        months @ $    0.00/month  $ | | | | |
| 1005. | County taxes        months @ $    0.00/month  $ | | | | |
| 1006. | Assessments        months @ $    0.00/month  $ | | | | |
| 1007. | Aggregate Adjustment | $ | | | |
| **1100.** | **Title Charges** | | | | |
| 1101. | Title services and lender's title insurance | $ | (from GFE #4) | 215.00 | 105.00 |
| 1102. | Settlement or closing fee | $ | | | |
| 1103. | Owner's title insurance - First American Title Insurance Company | $ | (from GFE #5) | 3,590.13 | |
| 1104. | Lender's title insurance - First American Title Insurance Company | $ | | | |
| 1105. | Lender's title policy limit $0.00  Lender's Policy | | | | |
| 1106. | Owner's title policy limit $607,500.00  Owner's Policy | | | | |
| 1107. | Agent's portion of the total title insurance premium | $3,051.61 | | | |
| | to Lancaster County Settlement Services, LLC | | | | |
| 1108. | Underwriter's portion of the total title insurance premium | $538.52 | | | |
| | to First American Title Insurance Company | | | | |
| 1109. | | | | | |
| **1200.** | **Government Recording and Transfer Charges** | | | | |
| 1201. | Government recording charges | $ | (from GFE #7) | 70.25 | |
| 1202. | Deed $70.25        Mortgage $        Release $ | | | | |
| 1203. | Transfer taxes | $ | (from GFE #8) | 6,075.00 | |
| 1204. | City/County tax/stamps        Deed $6,075.00        Mortgage $ | | | | |
| 1205. | State Tax/stamps        Deed $6,075.00        Mortgage $ | | | | 6,075.00 |
| 1206. | Deed $        Mortgage $ | | | | |
| **1300.** | **Additional Settlement Charges** | | | | |
| 1301. | Required services that you can shop for | | (from GFE #6) | | |
| 1302. | 2019 New Holland Borough RE Tax  to New Holland Borough | | | | 1,751.20 |
| 1303. | 2019 Lancaster County RE Tax    to New Holland Borough | | | | 1,853.72 |
| 1304. | 2017 Delinquent RE Taxes    to Lancaster County Tax Claim Bureau | | | | 6,561.39 |
| 1305. | 2018/19 Delinquent ELANCO School to Lancaster County Tax Claim Bureau | | | | 8,966.00 |
| 1306. | Final Utilities (2/28/19-5/3/19)    to New Holland Borough | | | | 272.31 |
| 1307. | IRS Tax Liens CI-11-05755, CI-11-1 to U.S. Treasury (REMAINING BALANCE) | | | | 116,607.03 |
| **1400.** | **Total Settlement Charges   (enter on lines 103, Section J and 502, Section K)** | | | 9,950.38 | 178,641.65 |

*Paid outside of closing by (B)orrower, (S)eller, (L)ender, (I)nvestor, Bro(K)er. **Credit by lender shown on page 1. ***Credit by seller shown on page 1.

**Signature Page**

### HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

**Buyers**

FIRST AMERICAN EXCHANGE COMPANY, AS QUALIFIED
INTERMEDIARY FOR CHATEAU FARMS, INC.

_____
Marie Karson Growdon, Exchange Officer

CHATEAU FARMS, INC.

_____
Gloria A. McGill, President

_____
Anita Gerami, Vice-President

_____
Alex Gerami, Secretary/Treasurer

**Sellers**

_____
James M. Amor

_____
Patricia E. Amor

**Settlement Agent**

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

_____
SETTLEMENT AGENT

5/3/19
DATE

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.

| Name of Borrower: | Name of Seller: | File Number: |
|---|---|---|
| First American Exhange Company, as Qualified Intermediary for Chateau Farms, Inc. | James M. Amor<br>Patricia E. Amor | 91083.99002 |

**Note:** This page displays an itemization of the charges shown on line 1101 of the HUD-1 Settlement Statement. This page accompanies but is not a part of the HUD-1 Settlement Statement. If a discrepancy exists, the information on the HUD-1 Settlement Statement applies.

| 1100. Title Charges | | Total Charge | | Borrower | Seller |
|---|---|---|---|---|---|
| 1101. Title services and lender's title insurance | to | | | | |
| Deed Prep Fee | to Lancaster County Settlement Se | $ | 125.00 | 125.00 | |
| Courier Fee | to Lancaster County Settlement Se | $ | 20.00 | 20.00 | |
| Notary Fee | to Lancaster County Settlement Se | $ | 10.00 | 10.00 | |
| Notary Fee | to Lancaster County Settlement Se | $ | 10.00 | | 10.00 |
| E Doc Fee | to Lancaster County Settlement Se | $ | 40.00 | 40.00 | |
| Wire Fee | to Lancaster County Settlement Se | $ | 20.00 | 20.00 | |
| Tax cert Fee | to Lancaster County Settlement Se | $ | 55.00 | | 55.00 |
| Wire Fee | to Lancaster County Settlement Se | $ | 40.00 | | 40.00 |
| 1102. Settlement or closing fee | to | $ | 0.00 | | |
| 1104. Lender's title insurance - First American Titl | to Lancaster County Settlement Se | $ | 0.00 | | |
| | Totals: | $ | 320.00     0.00 | 215.00 | 105.00 |
| Seller/Lender credits shown on page 1 | | POC = Paid Outside Closing  CR = Lender Credit | | | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  JAMES M. AMOR                  : Chapter 11
DBA NEW DESIGN DENTAL ASSOCIATES,    :
              debtor-in-possession       : Case No.  19-11598

## <u>CERTIFICATE OF SERVICE</u>

        I, John A. DiGiamberardino, Esquire, attorney for debtor, certify that I served a true and correct copy of Notice of Objection to Claim and Hearing Date and Objection to Amended Proof of Claim No. 3 filed by the Internal Revenue Service upon the following at the address listed below, by first class mail, or by electronic means, on  September 19, 2019:

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
ATTN:  Donald Brisach
600 Arch St., Room 5200
Philadelphia, PA 19106

Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

U.S. Attorney's Office
Attn:  Civil Process Clerk
615 Chestnut Street
Philadelphia, PA  19106

Margaret L. Hutchinson, Esquire
Assistant United States Attorney
Chief, Civil Division
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106

Richard M. Bernstein, Esquire
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106

                          s/John A. DiGiamberardino, Esquire

# **<u>EXHIBIT 10</u>**

 **Gmail**

Shawn Howland <nobledjinn@gmail.com>

## 2017 Review and looking at 2018

**James Amor** <damor@pittsburghrenfest.com>                              Sat, Jan 13, 2018 at 3:12 PM
To: Shawn Howland <nobledjinn@gmail.com>
Cc: Scott Walton <scott.walton1@yahoo.com>, Michael Menendez <michaeldarkbear@gmail.com>, Christine Rauch <clrauch@hotmail.com>, Patti Amor <momamor@yahoo.com>

Hi Shawn,

Just a very short email to touch base concerning the 2017 season and looking towards the 2018 season.  We had a director's meeting after the festival and went over everything with all the characters and cast members.

I mentioned that I would be in touch with you.  You will note that I am "cc" the other directors on this email, so that we may all be part of any discussion that issues forth from this.

I think the word that came up most when we discussed you was Passive Aggressive.  And I think that is a pretty fair description of how it felt for me and the others.  Going back to 2010?  You came on cast as Dexter Manley and you were a funny, goofy, engaging character.  You really enjoyed being part of the cast and you seemed to fit in well. As the years went on, we moved you from being a yeoman to being something with more "teeth".  That is when Howlin Jack came to be.  And frankly, Howlin Jack was just Shawn in a costume.  It was a character that was too close to real life and there was a fair amount of spill over between both "worlds."  As the years went on Shawn became more bitter, some of that no doubt from personal life issues, and some from perceived slights at the festival.  The formula became something like this when it came to dealing with issues and you.  "I just wanted you to know, because I feel you should know, and I don't like talking about things like this but you need to know that (actor b) is not doing their duties, and that I had to do it for them and that is why I wasn't where I needed to be."  And of course it varied.  But what we began to notice was Shawn could do no wrong and felt a need to police everyone else.  Granted at times you stepped up and fixed a problem when a cast member went down, and that was sincerely appreciated.  It just isn't that we felt we needed to be reminded how amazing you were for doing so.  It seems like you needed some sort of validation that you were important and appreciated. And I am sorry if it seemed that you were not. However, that "formula" we spoke of became more of an issue. We all noted it. And then we also noted the amazing amount of time we saw you on cigarette breaks in places, though behind shops, that were readily visible to a patron should they merely look up or to the right or left.  At times it became a game of where the heck is Shawn.  And it became frustrating, because we started to loose faith in the explanations you were giving for missing an assignment.

That bring us to the past few years, where your feud with Quinn and a lesser extent Eric became more than background.  It started to play out on the street and with the festival staff.  Long email / message sessions with the secretary at the festival concerning issues that were blown out of proportion by you.  There was the email we received this year, that talks about knighting on Children's weekend.  It seems that a fellow fitting Quinn's description with a guitar was dropping the "F" bomb to a man in reddish pants (you were the only one with reddish pants) while children were getting ready to be knighted.  A few issues with that, Quinn did not have his guitar with him on any of the day of children's weekend.  And Bri, and Lois were all near him when this supposedly happened.  And you were coming from Costume contest with the Princess, who also did not hear any of this.  The letter goes on to praise the actions of the fellow in the reddish pants in trying to diffuse the situation.  As the letter continues, we find that the patrons returned for final weekend and a fellow with a tartan sash hurled curses at them from the parapet.  Eric wore a tartan sash.  And Steven Loy, who was my director at VARF for a few seasons, did not hear any cursing as he was right next to Eric the entire time.   Amazingly we find that you had a discussion with Scott about where a friend of yours could write concerning a problem he had at the festival.  I call BULLSHIT on all that and claim that it is again a PASSIVE AGGRESSIVE attempt to eliminate Eric and Quinn from the cast with made up allegations.

I honestly don't know if we can fix what has transpired.  If you feel a need to discuss this, by all means write back to all of us on here and we can discuss this.  Your negativity and passive aggressive bullshit has caused enough problems for others on the cast and has dragged people into your little drama.  Frankly, I am sick of it.  In case you are wondering, I have discussed this all with the Paradises and have their blessing.  I will miss Shawn, but I will not miss the dagger being pointed at my back.  I long for the days when Dexter was fun to be around.  My suggestion is to take a year or two off.  Fix your personal life, fix your health and then re audition and do what you are good at. That being a fun loving gregarious character.

Doc

_Courtney Conover_
_____
Defendant

September 17, 2022
_____
Date