## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES MICHAEL AMOR, *et al.*,      :
        Plaintiffs,         :
                           :
        v.               :     Civil No. 5:21-cv-05574-JMG
                           :
COURTNEY CONOVER,       :
        Defendant.      :

## ORDER

**AND NOW**, this 30th day of September, 2022, **IT IS HEREBY ORDERED** as follows:

1.      Defendant's Motion to Exclude Amended Exhibits (ECF No. 81) is **DENIED**. This Court declines to exclude Plaintiffs' amended exhibits on the grounds that the amended exhibits were untimely submitted.[1] To the extent Defendant seeks to exclude Plaintiffs' amended exhibits on other grounds, such as relevance, the Court reserves judgment until trial.[2]

2.      Defendant's Motion to Compel Subpoena Evidence (ECF No. 83) is **DENIED** as

---

[1] *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) ("[t]he exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence.") (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977)); *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 184 F.R.D. 532, 536 (D. N.J. 1999) ("exclusion of evidence is a severe sanction and is therefore often inappropriate unless the failure to disclose or supplement is in bad faith or the resultant prejudice to the opposing party cannot be cured.").

[2] "A trial court considering a motion in limine may reserve judgment until trial in order to place the motion in the appropriate factual context." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). Moreover, "a trial court's ruling on a motion in limine is "subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer."" *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)).

**MOOT**. Plaintiffs' counsel's response (ECF No. 85) avers that Plaintiffs have not provided copies of subpoenas because Plaintiffs "have served none." This Court ordered the parties to "serve subpoenas to trial witnesses, insofar as any subpoenas are necessary, no later than September 9, 2022." (ECF No. 69). Parties were not required to serve subpoenas to trial witnesses, as trial witnesses may appear voluntarily.[3] The Court notes that Defendant's rebuttal avers that Defendant has provided copies of all subpoenas served to Plaintiffs' counsel. (ECF No. 101). Moreover, the Court notes that a party serving a subpoena to a trial witness is not required to give prior notice to opposing counsel.[4]

3.    Plaintiffs' Motion to Require Defendant to Testify by Question-and-Answer (ECF No. 90) is **GRANTED**. Defendant does not challenge Plaintiff's Motion in Defendant's response. (ECF No. 95). Defendant, Plaintiffs, and all trial witnesses are hereby required to testify by question-and-answer format.

4.    Defendant's Motion to Compel Witness Compliance (ECF No. 91) is **DENIED**. However, the Court **GRANTS** both parties leave to depose any persons identified as witnesses in the opposing party's pretrial memorandum no later than **October 11, 2022**. Any and all depositions must be noticed and conducted in accordance with the Federal Rules of Civil Procedure.[5] The Court notes that a party must subpoena a non-party witness for deposition unless

---

[3] *See Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 758 (D. Del. 2012) ("it is always possible, if not likely, that third-party fact witnesses with material, non-cumulative evidence will voluntarily appear at trial."); *ADE Corp. v. KLA-Tenor Corp.*, 138 F. Supp. 2d 565, 570 (D. Del. 2001) ("recogniz[ing] that witnesses have and will appear…without having to be subpoenaed.").

[4] *See Leboon v. Alan McIlvain Co.*, No. 12-2574, 2014 U.S. Dist. LEXIS 186478 at *2-3 (E.D. Pa. Mar. 13, 2014) ("there is no requirement that a party serving a subpoena for a witness's testimony at trial must give prior notice of the subpoenas to opposing counsel. Prior notice is only required under Fed. R. Civ. P. 45 for service of a subpoena duces tecum.").

[5] On September 29, 2022, Plaintiffs' counsel informed the Court that the parties never exchanged

the witness waives this requirement and appears voluntarily.[6]

BY THE COURT:

/s/ John M. Gallagher
JOHN M. GALLAGHER
United States District Court Judge

---

initial disclosures, and that "[t]he first time the parties formally disclosed their potential trial witnesses was in their respective pretrial statements." *See* ECF No. 100. Plaintiffs' counsel erroneously avers that initial disclosures were not exchanged because "The Court never held a Rule 26 (f) scheduling conference." *Id.* Courts do not hold a Rule 26(f) conference, the parties do. Federal Rule of Civil Procedure 26(f) mandates that the parties confer "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). In conferring under Rule 26(f), the parties must "make or arrange for" the initial disclosures provided by Rule 26(a)(1), among them the requirement that a party "must, without awaiting a discovery request, provide to the other parties…the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." *See* Fed. R. Civ. P. 26(f)(2); (a)(1)(A)(i). This Court held multiple status and Rule 16 conferences on March 17, 2022 (ECF No. 21), April 5, 2022 (ECF No. 31), May 31, 2022 (ECF No. 38), and August 23, 2022 (ECF No. 68). The Court issued a Rule 16 scheduling order on April 6, 2022 (ECF No. 32). As such, the parties were obligated to exchange initial disclosures and had countless opportunities to do so. The Court is not persuaded by Plaintiffs' contention that if the Court excludes Plaintiffs' witnesses, "it must *ipso facto* also exclude those of the Defendant." *See* ECF No. 100. Unlike Plaintiffs' counsel, Defendant has provided detailed notice of Defendant's trial witnesses and the subject matter of their testimony, albeit in an unconventional manner. *See* ECF No. 101. Considering the foregoing, the Court grants both Plaintiffs and Defendant leave to depose any persons identified as witnesses in the opposing party's pretrial memorandum, in compliance with the Federal Rules of Civil Procedure, no later than October 11, 2022.

[6] *See generally* Fed. R. Civ. P. 30; 45. *See also Coulter v. Dunbar*, No. 16-cv-0125, 2020 U.S. Dist. LEXIS 265785 at *2 (W.D. Pa. June 26, 2020) ("deposition notice without subpoena is not proper procedure to depose nonparty.").