IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MICHAEL AMOR, *et al.*,<br>                Plaintiffs,<br><br>        v.<br><br>COURTNEY CONOVER,<br>                Defendant. | Civil No. 5:21-cv-05574-JMG |

**ORDER**

**AND NOW**, this 7th day of October, upon consideration of Plaintiffs' Motion in Limine (ECF No. 79), Defendant's Response thereto (ECF No. 84), Defendant's Response to Plaintiff's Pretrial Memorandum[1] (ECF No. 80), and the in-court arguments averred by the parties, based on the in-court rulings made by this Court at the final pretrial conference, **IT IS HEREBY ORDERED** as follows[2]:

    1.     Plaintiffs' Motion in Limine (ECF No. 79) is **DENIED in part** as follows:

Plaintiffs' Motion in Limine to exclude Defendant's trial Exhibit A is **DENIED**. Defendant's blog post, the subject matter of this action, is admissible. Plaintiffs' Motion in Limine to exclude Defendant's trial Exhibit B, Defendant's trial Exhibit C, Defendant's trial Exhibit D, Defendant's trial Exhibit E, Defendant's trial Exhibit F, Defendant's trial Exhibit G, Defendant's trial Exhibit

---

[1] The Court construes Defendant's Motion as an omnibus motion in limine, as filings submitted by pro se litigants must be construed liberally. *See Travelodge Hotels, Inc. v. JC & APR Invs., LLC*, No. 2:13-cv-3280, 2014 WL 3620945 at *2 (D. N.J. July 22, 2014) (construing the defendant's letter as an answer and as a cross-motion to vacate entry of default because it "provided a plausible factual basis for finding that [the defendant] is not liable").

[2] The Court refers to the subject exhibits as they are identified by the parties in their respective pretrial memorandums and supplemental amendments thereto. *See* ECF Nos. 72, 75, 76, 77.

H, Defendant's trial Exhibit I, Defendant's trial Exhibit J, Defendant's trial Exhibit K, Defendant's trial Exhibit L, and Defendant's trial Exhibit N is **DENIED** without prejudice. The Court reserves final judgment on the admissibility of the foregoing exhibits until time of trial.[3] Based on the in-court representations of Defendant, Defendant's trial Exhibit M and Defendant's trial Exhibit O are **WITHDRAWN**.

2. Defendant's evidentiary objections averred in Defendant's Response to Plaintiffs' Pretrial Memorandum (ECF No. 80) are **GRANTED in part** and **DENIED in part** as follows: Defendant's motion to preclude Plaintiffs' trial Exhibit 7, Plaintiffs' trial Exhibit 9, Plaintiffs' trial Exhibit 15(a), and Plaintiffs' trial Exhibit 15(b)[4] is **DENIED**. The court reserves final judgment on the admissibility of the foregoing exhibits until time of trial.[5] Defendant's motion to preclude Plaintiffs' trial Exhibit 11 is **GRANTED**. Evidence that the witness previously accused a person of sexual assault, in an incident unrelated to the subject matter of this litigation, has little to no probative value and is substantially outweighed by the danger of confusing the issues and misleading the jury, among other factors. *See* Fed. R. Evid. 403. Defendant's motion to preclude testimony of potential trial witnesses Leonard Miller, Chelsea Charlesworth, Randal Scott

---

[3] *See United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017) ("A trial court considering a motion in limine may reserve judgment until trial in order to place the motion in the appropriate factual context."); *see also id.* ("Further, a trial court's ruling on a motion in limine is "subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.") (*quoting Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)).

[4] The Court notes that Plaintiffs filed two Exhibits titled Exhibit 15. As the Court stated at the pretrial conference, the Court refers to these Exhibits as Exhibit 15(a) and Exhibit 15(b), respectively.

[5] *See Tartaglione*, 228 F. Supp. 3d at 406.

2

Lefkowitz, Lois Beidler, Christine Manns, and Scott Walton is **DENIED**.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge