# Plaintiffs' Exhibit 18

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES MICHAEL AMOR**<br>**PATRICIA ELVIRA AMOR,**<br>213 N. Kinzer Ave.<br>New Holland, PA 17557<br><br>*Plaintiffs,*<br><br>vs.<br><br>**COURTNEY CONOVER**<br>6522 Mason Cir<br>Randleman, NC 27317<br><br>*Defendant.* | NO. 21-5574<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiffs James Amor and Patti Amor claim as follows against Defendant Courtney Conover:

### I.     Introduction

1. Plaintiffs have initiated the instant action to redress malicious and unfounded accusations made by Defendant concerning Plaintiffs' conduct and reputation. The allegations made by Courtney Conover against Plaintiffs involve, among other things, involvement in a conspiracy to protect a pedophile and sexual harasser. Defendant has warranted that these accusations are true. They are not. Plaintiffs' reputations have been besmirched and brought into disrepute. The acts of Defendant are so serious are so damaging that Plaintiffs have filed a preliminary injunction, as Count 2 of the complaint. Plaintiffs simultaneously with this filing have also filed Motion for a Preliminary Injunction.

### II.     Jurisdiction and Venue

2. United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1332 in that the Court has original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. In this case, Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendant is a citizen of the United States.

3. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(a)(2) because a substantial part of this case, giving rise to Plaintiff's claim occurred in this judicial district. In this case, Defendant's actions took place in the Eastern District of Pennsylvania and had an effect on Plaintiff's employment in this District.

### III. Parties

4. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

5. The Plaintiff, James Michael Amor, is a Doctor of Medical Dentistry with a business practice located at 566 E. Main Street, New Holland, PA 17557.

6. The co- Plaintiff, Patricia Elvira Amor, is the wife of James Michael Amor.

7. The Defendant, Courtney Conover, is an adult individual with an address located at          .

8. Dr. Amor provides professional dental services to the public.

### IV. Factual Background

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Dr. Amor was also employed as the Performance Entertainment Director of the Pittsburgh Renaissance Faire (Faire ) in the Summers of 2020 and 2021.

11. Dr. Amor expects to be employed as the Performance Director of the Pittsburgh Renaissance Faire (Faire ) in the Summer of 2022.

12. Dr. Amor expects to be employed as any Director of other Faires around the United States.

13. The Defendant was a paying guest at the Festival.

14. Starting in April 2021 and continuing periodically throughout the year, the Defendant has posted false and defamatory allegations accusing the Plaintiff and his co-Plaintiff wife of aiding and abetting pedophiles and/or rapists by refusing to take the claims of rape and sexual assault victims seriously and by retaliating against them.

15. Defendant's accusations include but are not limited to allegations that the Plaintiffs retaliated against said rape and/or sexual assault victims by, amongst other things, publicly humiliating them, calling them crazy, refusing to rehire them, and/or terminating them from employment.

16. The Defendant's allegations against the Plaintiffs are false. The false claims contained in Exhibits 1-3, attached hereto and incorporated herein.

17. The defamatory statements described above were published on the Internet, communicated to third parties, and accessible to individuals worldwide via the Internet.

18. Because of his dentistry practice and his position as Performance Director at the Pittsburgh Renaissance Faire and other such 'Faires,' Dr. Amor has a high profile on numerous Internet sites.

19. The Defendant has published these false statements on the Internet to be read by Dr. Amor's former and prospective patients and the employees and directors of Renaissance Faires around the United States.

20. Defendant's allegations, which masquerade and are warranted as accurate, are false, damaging, and highly offensive to the Plaintiffs.

21. The Plaintiffs conducted themselves ethically and in no way committed the acts alleged by Defendant.

22. Upon information and belief, as a direct and proximate result of the publications, Defendant's defamatory statements have been repeated on other websites.

23. Defendant deliberately, recklessly, and maliciously published and republished the preceding false and defamatory information.

24. The actions by Defendant entailed communications that were defamatory and continue on her blog and Facebook to this day.

25. The foregoing actions by Defendant entailed communications that resulted in special harm to the Plaintiffs.

26. The foregoing actions by Defendant were an abuse of any conditional privilege that may have applied (the existence of any such privilege being expressly denied).

27. The statements published by Defendant as aforesaid were false.

28. When the foregoing false statements were published, Defendant knew or should have known that the statements were false.

29. Defendant published the foregoing false statements of and regarding the Plaintiffs either intentionally or maliciously, with reckless disregard for their truth or falsity, or negligently and carelessly.

30. As a direct and proximate result of Defendant's false publications as aforesaid, the Plaintiffs have been and concurrently are significantly injured in their good name and reputations.

31. The Plaintiffs have been brought into scandal and reproach because of the printing, publication, and circulation (both past and ongoing) of the foregoing false statements.

32. The Plaintiffs have been held up to ridicule, scorn and, contempt among neighbors, business acquaintances, and other members of the public because of the printing, publication circulation open and with parts and ongoing) foregoing false statements.

33. As a direct and proximate result of Defendant's conduct, the Plaintiffs' reputations were damaged and their ability to engage in future business dealings, both in terms of Dr. Amor's dental practice and his position as Performance Director of numerous Faires.

34. As a result of the conduct of Defendant, the Plaintiffs have sustained significant financial harm, pain and suffering, and severe emotional distress.

35. In publishing the aforesaid defamatory statements, Defendant continues to cause Plaintiffs significant financial harm, including damage to Plaintiff Amor's reputation amongst his current and prospective patients and clients.

36. The Plaintiffs have been damaged by and continue to be irreparably damaged by the conduct of Defendant.

37. Damages alone are insufficient to remedy the conduct described above.

38. The Damages continue absent equitable relief.

39. If Defendant is permitted to continue her wrongful conduct as aforesaid, the Plaintiffs will suffer irreparable harm as follows:

    a. Plaintiff Amor will lose and continue to lose a substantial number of current and prospective patients; and

    b.    Plaintiff Amor more will suffer and continue to suffer a substantial loss of business and profits now and in the future.

    c.    Plaintiff Amor will be terminated in his positions of Director for numerous Faires, resulting in a loss of income and irreparable harm to his and his wife's reputation.

## Count I
### Defamation

69.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

70.    The Defendant's published information, as referenced above, regarding the Plaintiffs was defamatory because it harmed their reputation and lowered them in the estimation of the community, and deterred third persons from associating or dealing with them.

71.    The Defendant's defamatory statements specifically referenced the Plaintiffs by name.

72.    Therefore, readers of defamatory statements would understand that they applied to the Plaintiffs.

73.    Any reader of the defamatory statements would understand their defamatory meaning.

74.    Any reader of the defamatory statements would understand an intent by Defendant to apply the statements to the Plaintiffs.

    **WHEREFORE**, Plaintiff seeks the damages set forth in the *Ad Damnum* of the instant Complaint, *infra*.

## Count 2
### Preliminary Injunction

The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

Case 5:21-cv-05574-JMG   Document 109-18   Filed 10/11/22   Page 8 of 9

Case 2:21-cv-05574   Document 2   Filed 12/30/21   Page 7 of 8


75. Plaintiffs request a preliminary injunction and incorporate their motion as if set forth in full.

76. Plaintiffs have a reasonable probability of success on the merits.

77. Plaintiffs will be irreparably injured by denial of a number injunction.

78. Plaintiffs will suffer greater harm than the Defendant if a number injunction is not granted.

79. A preliminary injunction is in the public interest.

WHEREFORE, Plaintiffs request that this Court grant a preliminary injunction against the Defendant in accordance with Plaintiffs' Motion.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays that this Court enters an order providing that:

a. Defendant is to compensate Plaintiffs, and make Plaintiffs whole for any and all economic losses suffered by James Amor and Patricia Elvira Amor

b. Plaintiffs are to be awarded actual damages, as well as damages for the pain, suffering and humiliation caused to him by Defendant's actions;

c. Plaintiffs are to be awarded punitive damages as permitted by applicable law in an amount believed by the trier of fact to be appropriate to punish the Defendant or her willful, deliberate, malicious and outrageous conduct, and to deter Defendant and other individuals similarly situated from engaging in such misconduct in the future;

d. Defendant is to ensure that all negative references to Plaintiffs, in any statement and/or in any document are immediately removed;

e. Plaintiffs are to be accorded any and all other equitable and legal relief the Court deems just, proper and appropriate;

f. Plaintiffs are to be awarded the costs and expenses of this action and reasonable

attorney's fees and costs as provided by applicable Federal and State law;

    g. The Court will maintain jurisdiction over the instant action to ensure Defendant's compliance with its orders therein;

    h. Plaintiffs' claims are to receive a trial by jury to the extent allowed by applicable law;

    i. Plaintiffs have also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KOLMAN LAW, P.C.

BY: *Timothy M. Kolman*
Timothy M. Kolman, Esquire
Attorney for Plaintiffs
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134

December 30, 2021