# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MICHAEL AMOR, *et al.*,     Plaintiffs, <br><br> v. <br><br> COURTNEY CONOVER,     Defendant. | : <br> : <br> : <br> :     Civil No. 5:21-cv-05574-JMG <br> : <br> : <br> : |

## ORDER

**AND NOW**, on this 12th day of October, 2022, upon consideration of Defendant's Motion in Limine raised during today's in-court proceedings to exclude Plaintiffs' Trial Exhibit No. 15 and testimony of Plaintiff witness Randall Scott Lefkowitz as to an alleged specific prior instance of dishonest conduct by Defendant for the purposes of proving Defendant's character for untruthfulness/dishonesty, **IT IS HEREBY ORDERED** that Plaintiffs must submit written argument to this Court by the end of **today, October 12, 2022**, identifying the specific Federal Rules of Evidence that support Plaintiffs' contention that such evidence is admissible. Specifically, Plaintiffs' should address why such testimony of a prior specific act is admissible for the purpose of proving Defendant's character for untruthfulness/dishonesty in light of Federal Rules of Evidence 405(b) and 608(b), as well as the court's ruling in *Ralston v. Garabedian* that evidence of a defamation defendant's "specific instances of conduct" was inadmissible as evidence of the defendant's character for lack of truthfulness under Federal Rule of Evidence 405(b).[1]

---

[1] *See specifically Ralston v. Garabedian*, No. 19-1539, 2022 U.S. Dist. LEXIS 49, 2022 WL 19273 at *42 fn.141 (E.D. Pa. Jan. 3, 2022) ("We recognize Rule 405(b) permits introduction of specific acts bearing on reputation when "a person's character or character trait is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b). Mr. Poulos's affirmative defense of truth does not make his character for truthfulness an essential element of his defense; his defense simply turns on whether the allegation was true. Conversely, Mr. Ralston subjected his good

BY THE COURT:


__/s/ John M. Gallagher__
JOHN M. GALLAGHER
United States District Court Judge

---

reputation to attack through specific acts because his "character is substantively at issue" in a defamation case. *Schafer v. Time, Inc.*, 142 F.3d 1361, 1372 (11th Cir. 1998). But Dr. Ziv's testimony does not relate to Mr. Ralston's good character, it relates to Mr. Poulos's bad character.")